Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (*pro hac vice* application pending)
THinnen@perkinscoie.com
Ryan Spear (*pro hac vice* application pending)
RSpear@perkinscoie.com
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation, | Case No. 19-cv-3425 |
| Plaintiff, | **DECLARATION OF PHIL KESLIN IN SUPPORT OF NIANTIC, INC.'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF** |
| v. | |
| GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; and DOES 1-20, | |
| Defendants. | |

I, Phil Keslin, declare and state as follows:

1. I am the Chief Technology Officer of Niantic, Inc., a position I have held since the company launched its business on October 6, 2015. My responsibilities in this role include providing technical leadership, developing Niantic's strategy for using technological resources, and managing all engineering teams and resources. In this role I am required to be familiar with all aspects of Niantic's client code development for each of its game titles.

2. This declaration is based on my personal knowledge, investigation, and review of Niantic's business records and is made to the best of my knowledge, information, and belief. If called to testify regarding the facts set forth in this declaration, I could and would testify competently.

3. This declaration uses the terms "client code," "game-specific client code," and "platform client code." For purposes of this declaration, I adopt the definitions of those terms in the Declaration of Eric Lanz, which I have read, and which I understand is being filed at the same time as this declaration.

**A.    Niantic's Games and Efforts to Protect the Integrity of Niantic's Games**

4. Niantic currently publishes three popular location-based augmented reality games: *Harry Potter: Wizards Unite* ("*Harry Potter*"), *Pokémon GO*, and *Ingress*.

5. Niantic invests substantial resources in protecting the integrity of its games, including their reputation for fair play and adherence to Niantic's core principles. For example, Niantic invests substantial resources, well in excess of $2 million annually, to monitor for, design to defend against, and eliminate cheating and other unauthorized activity. That amount includes, for example, costs for an outside software security vendor, and the salary of several employees who work to prevent cheating and other abuse on Niantic's platform, including one full-time employee who leads the company's mobile application ("app") security efforts, an anticheat product manager, as well as multiple engineers dedicated to improving the security of Niantic's source code.

6. I understand that defendants Global++, Ryan Hunt, and Alen Hundur create and distribute modified versions of Niantic's mobile apps (the "Cheating Programs").

7. I have read and I understand the Declaration of Eric Lanz, including the portion of Mr. Lanz's declaration which estimates that, since August 2018, Mr. Lanz and other Niantic engineers and employees have spent well in excess of 2,000 hours (total) analyzing, investigating, and responding to the impact the Cheating Programs have on Niantic, as well as implementing technical measures designed to prevent defendants and the Cheating Programs from continuing to access Niantic's computers without authorization.

8. Based on the average annual salaries paid to the Niantic engineers and other employees who have contributed to those efforts, I estimate that, since August 2018, Niantic has incurred at least $1 million in costs investigating, responding to, and defending against the Cheating Programs, including at least $10,000 in costs since June 7, 2019.

9. The efforts described above were undertaken solely to respond to defendants' conduct. But for defendants' conduct, Niantic would have spent its time and resources on other matters important to Niantic and its customers, including maintaining and improving Niantic's platform and services and responding to other security threats to Niantic's platform and services.

**B.     Niantic's Copyrighted Code**

10. I understand that Niantic has obtained from the U.S. Copyright Office a Certificate of Registration for a computer program titled "*Pokémon GO*, Version 0.133.0."

11. *Pokémon GO*, Version 0.133.0 is the client code comprising Version 0.133.0 of Niantic's app for the *Pokémon GO* game, which was released worldwide on January 28, 2019.

12. Because Niantic releases new, updated versions of its apps every few weeks, each successive version of each mobile app contains a significant portion of client code that is the same as the previous version, and they almost always contain some new code. This is true for both the game-specific client code, and for the platform client code.

13. In the course of preparing this declaration, I analyzed and compared the platform client code that appears in *Pokémon GO*, Version 0.133.0, with the platform client code that appears in Version 0.6.0 of Niantic's app for the *Harry Potter* game, released April 16, 2019 in New Zealand. Those two sets of code are more than 97% identical. In other words, out of the

approximately 1.3 million lines of platform client code in *Pokémon GO*, Version 0.133.0, only about 29,000 lines of platform client code in *Harry Potter*, Version 0.6.0 are different.

14.   As a practical matter, this means that if a person copies all of the platform client code that appears in *Harry Potter*, Version 0.6.0 (for example, by copying the entire set of client code comprising *Harry Potter*, Version 0.6.0), then that person will also copy virtually all of the platform client code that is present in *Pokémon GO*, Version 0.133.0.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on June 14, 2019 in ___San Jose___, California.

_Phil Keslin_