1  FABIO E. MARINO (SBN 183825)
   fmarino@polsinelli.com
2  POLSINELLI LLP
   1661 Page Mill Road, Suite A
3  Palo Alto, CA 94304
   T:  650-461-7700
4  F:  650-461-7701

5  Phillip Zeeck (*Admitted PHV*)
   pzeeck@polsinelli.com
6  POLSINELLI PC
   900 West 48th Place, Ste. 900
7  Kansas City, MO 64112
   T:  816-753-1000
8  F:  816-753-1536

9  Attorneys for Defendants
   Ryan Hunt and Alen Hundur
10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NIANTIC, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>GLOBAL++, et al.,<br><br>        Defendants. | Case No. 3:19-cv-03425 JST<br><br>**DEFENDANTS RYAN HUNT AND ALEN HUNDUR'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RYAN HUNT**<br><br>Date:    August 22, 2019<br>Time:   2:00 p.m.<br>Ctrm:   9, 19TH Floor<br>Judge:  Honorable Jon S. Tigar<br><br>Date Action Filed:  June 14, 2019 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 22, 2019 at 2:00 p.m. or as soon as the matter may be heard by the Honorable Jon S. Tigar in Courtroom 9, 19th Floor, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Ryan Hunt and Alen Hundur, by their attorneys, shall and hereby do move the Court for an Order, dismissing, without leave to amend, Plaintiff Niantic, Inc.'s ("Plaintiff") Complaint for Damages and Injunctive Relief as to Defendant Global++.

## STATEMENT OF RELIEF SOUGHT

Pursuant to Civil Local Rules 12(b)(6), Defendants respectfully ask this Court to dismiss, without leave to amend, "Plaintiff's Complaint for Damages and Injunctive Relief as to Defendant Global++. Global++ is a nonentity that lacks the capacity to sue or be sued and Defendants lack fair notice of the allegations against them. As such, Defendants respectfully request that this Court dismiss, without leave to amend, Plaintiff's Complaint for Damages and Injunctive Relief as to Defendant Global++.

Polsinelli LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
(650) 461-7700

DEFENDANTS' NOTICE OF MTN AND
MTN TO DISMISS COMPLAINT
CASE NO. 3:19-cv-03425-JST

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Niantic, Inc. filed six claims against Defendants related to mobile software applications that allegedly mimic and manipulate video games Niantic created and designed. *See generally* ECF No. 1.

While most of the allegations in the Complaint are made against Global++'s alleged activities, Niantic did not allege that Global++ is a corporation, a limited liability company, a partnership, or any other kind of legally-cognizable entity. As Mr. Hunt's declaration attests, Global++ is not an individual or a business entity organized under any law. As a result, no judgment entered against it could be enforced because it does not exist. Given Global++'s nonexistence, Mr. Hunt and Mr. Hundur lack necessary notice as to Niantic's specific allegations against them. Niantic's claims therefore fail and should be dismissed.

### II. FACTUAL BACKGROUND

Niantic filed six claims against Global++ related to mobile software applications that allegedly mimic video games Niantic created and designed. *See generally* ECF No. 1. Niantic alleges that Global++ "is an association of hackers that creates and distributes unauthorized derivative versions of Niantic's mobile apps . . . ." *Id.* at ¶ 3. It also alleges that Defendant Ryan Hunt is Global++'s "principal and leader" and Defendant Alen Hundur is a Global++ member. *Id.* at ¶¶ 19-20.

But Niantic does not allege that Global++ is a corporation, a limited liability company, a partnership, or any other kind of legally-cognizable entity. It fails to allege that Mr. Hunt, Mr. Hundur, or any other "members" shared a common purpose. And Niantic fails to assert any reasons why fairness requires this Court to treat Global++ as an unincorporated association capable of defending a lawsuit.

Niantic also fails to allege any particular facts attaching liability to Mr. Hunt or Mr. Hundur individually. It alleges only two material facts as to Defendant Ryan Hunt: first, that he "is the leader of Global++ and the primary developer" of Global++'s applications, ECF No. 1 ¶

Polsinelli LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
(650) 461-7700

1  7, and, second, that he "is the principal and leader of Global++, in which capacity he is
2  responsible for and authorizes all relevant actions of Global++." *Id.* at ¶ 19.  It alleges only three
3  material facts as to Mr. Hundur, namely that he:

4  - Assists and supports Mr. Hunt by helping "develop, market, and distribute
5    Global++'s products and maintain[ing] a popular YouTube channel devoted to
6    advertising and providing customer support for Global++'s products." *Id.* at ¶ 7.
7  - Is a Global++ "member," employs an online screen name different from his own
8    name, and "helps market and distribute Global++'s products and, on information
9    and belief, also contributes to the creation and development of Global++'s
10   products." *Id.* at ¶ 20.
11 - Maintains a YouTube channel through which Global++ "advertise[s] their
12   Cheating Programs." *Id.* at ¶ 52.

13 Niantic's Complaint contains no additional allegations as to Mr. Hunt's or Mr. Hundur's
14 individual conduct.  *See generally id*.

15 **III.   LEGAL STANDARD**

16 A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims
17 asserted in the complaint.  Dismissal for failure to state a claim under FRCP 12(b)(6) is proper
18 "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a
19 cognizable legal theory." *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th
20 Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729,732 (9th Cir. 2001) (emphasis added).  "In
21 addition, to survive a motion to dismiss, a complaint must contain sufficient factual matter to
22 state a facially plausible claim to relief." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678
23 (2009).

24 "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim
25 may not simply recite the elements of a claim for relief, but must contain sufficient allegations of
26 underlying facts to give fair notice and to enable the opposing party to defend itself effectively."
27 *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  A complaint does not "suffice if it tenders

28

-2-

DEFENDANTS' NOTICE OF MTN AND
MTN TO DISMISS COMPLAINT
CASE NO. 3:19-cv-03425-JST

Polsinelli LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
(650) 461-7700

'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 25 83 F.3d 1136, 1140 (9th Cir. 1996).

A court must dismiss a complaint "if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (internal quotations omitted)). A mere allegation of harm to the plaintiff is not enough to draw a reasonable inference that there is a plausible theory of liability against a defendant. *See Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011).

But a court may also dismiss a complaint for failing to state a claim if the complaint "is vague, conclusory, and fails to set forth any material facts in support of the allegation." *Steifel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1145 (S.D. Cal. 2007). Federal pleading requirements exist "to put a defendant on fair notice of the nature of the claims that are asserted against it and the grounds upon which those claims rest." *Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 408 (N.D. Cal. 2009). For that reason, Fed. R. Civ. P. 8(a) requires a plaintiff to state in its complaint "the conduct of each individual defendant that he asserts is responsible . . . . Plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim." *Taitano v. Antioch Police Dep't*, Nos. C 09-1804 RMW (PR), C 09-1805 RMW (PR), 2009 WL 1949122, at \*2 (N.D. Cal. July 6, 2009); *see also Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 997 (N.D. Cal. 1996) ("if the Plaintiff wishes to keep [individual] Defendants in the lawsuit," it "must identify how each of the individual defendants" is liable for the conduct charged).

-3-

## IV. LEGAL ARGUMENT

Under the Federal Rules of Civil Procedure, state law determines whether a defendant has the capacity to sue or be sued. *See* Fed. R. Civ. P. 17(b). Under California law, "[a] civil action can be maintained only against a legal person, i.e., a natural person or an artificial or quasi-artificial person; a nonentity is incapable of suing or being sued." *Oliver v. Swiss Club Tell*, 222 Cal.App.2d 528, 538 (1963). That is, "[i]n order for a civil action to be prosecuted, there must be some existing entity aimed at by the processes of the law, and against whom the court's judgment will operate." *Meleski v. Estate of Albert Hotlen*, 29 Cal.App.5th 616, 625 (2018).

Capacity for suit is a jurisdictional issue: "[w]here a suit is brought against an entity which is legally nonexistent, the proceeding is void *ab initio* and its invalidity can be called to the attention of the court at any stage of the proceeding." *Oliver*, 222 Cal.App.2d at 538 (collecting cases). "The common sense rationale of this rule is that courts sit to settle disputes between existing parties and when the defendant is not a legal person no lawful judgment can be rendered against such a nonentity." *Id*.

In *Banks.com, Inc. v. Keery*, Judge Alsup applied these principles to a claim against a domain name. *See* No. C 09-06039 WHA, 2010 WL 727973, at *7-8 (N.D. Cal. Mar. 1, 2010). In that case, an individual also named as a defendant moved to dismiss claims against the domain name on the domain name's behalf. *Id.* at *7. The individual stated in a supporting declaration that the domain name "is not, and never has been, a corporation, a limited liability company, a partnership, or any other kind of legal entity." *Id.* (internal quotation marks omitted). The Court held that, absent any proof to the contrary, the domain name lacked the capacity to be sued.

The Court also rejected the plaintiff's attempt to characterize the domain name as an "unincorporated association." *Id.* at *7-8. It acknowledged that unincorporated associations like "[l]abor unions, political parties, social clubs, religious organizations," and so on can be sued, but so long as they are "a group whose members share a common purpose, and . . . who function under a common name under circumstances where fairness requires the group be recognized as a legal entity." *Id.* at *7 (internal quotation marks omitted).

-4-

1    But the Court distinguished such groups from the domain name sued in *Banks.com*. The *Banks.com* plaintiff failed to "identify the members" of the domain name and failed "to pinpoint the common purpose of the members." *Id*. The plaintiff also failed "to explain why fairness requires [the domain name] to be recognized as a legal entity, especially, in light of the fact that plaintiff may sue and already has sued individuals who are allegedly responsible for [the domain name]." *Id*. For these reasons, the Court dismissed the plaintiff's claims against the domain name. *Id.* at *8. It also dismissed similar claims against another domain name for the additional reason that it "has been disabled, and is no longer active." *Id.*

In this case, Global++ is a nonentity. *See* Hunt Decl. ¶¶ 2-3. It is incapable of being sued. *See Oliver*, 222 Cal.App.2d at 538. Even if this Court were to enter judgment against Global++, there would be no persons or entities against which that judgment would operate. *See Meleski*, 29 Cal.App.5th at 625.

Judge Alsup's reasoning in *Banks.com* requires dismissing Niantic's claims against Global++. Like the domain names sued in that case, Global++ "is not, and never has been, a corporation, a limited liability company, a partnership, or any other kind of legal entity." Hunt Decl. ¶ 3. The products and services that Niantic alleges Global++ created and operated "have been disabled, and are no longer active." *Id.* at ¶ 7. Global++ is therefore incapable of being sued, and Niantic's claims against it fail. *See Banks.com*, 2010 WL 727973 at *7-8.

Niantic also cannot show that Global++ is an unincorporated association subject to this Court's jurisdiction. Although Niantic names Alen Hundur as a Global++ "member" and also names Ryan Hunt as its "principal and leader," it does not "pinpoint the common purpose of the [alleged] members." *See* ECF No. 1 at ¶¶ 18-20. Most importantly, Niantic makes no attempt "to explain why fairness requires [Global++] to be recognized as a legal entity, especially, in light of the fact that plaintiff may sue and already has sued" Mr. Hunt and Mr. Hundur. There is therefore no basis for treating nonentity Global++ as an unincorporated association, and Niantic's claims against it should be dismissed.

Polsinelli LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
(650) 461-7700

Niantic also fails to state a plausible claim against Mr. Hunt and Mr. Hundur individually because it does not assert any material facts as to their conduct. It asserts that "Defendants" are generally responsible for its alleged injury, but it does not "specifically identify what each named defendant did or did not do" to cause that injury. *Taitano*, 2009 WL 1949122, at *2. Especially given Global++'s nonexistence, Niantic's cursory and vague allegations fail to notify Mr. Hunt and Mr. Hundur of the conduct Niantic alleges caused it harm. *See Steifel*, 497 F. Supp. 2d at 1145; *Biggins*, 266 F.R.D. at 408. Its Complaint therefore fails to state a valid claim for relief. *Taitano*, 2009 WL 1949122, at *2; *Vance*, 928 F. Supp. at 997.

## V. CONCLUSION

Niantic cannot prove that Global++ caused it any injury because Global++ does not exist. Its allegations against Mr. Hunt and Mr. Hundur are impermissibly vague. For these reasons, this Court should dismiss Niantic's claims.

Dated: July 17, 2019

Respectfully Submitted,

POLSINELLI LLP

By: */s/ Fabio E. Marino*
    Fabio E. Marino

Attorneys for Defendants
RYAN HUNT AND ALEN HUNDUR

Polsinelli LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
(650) 461-7700