FABIO E. MARINO (SBN 183825)
fmarino@polsinelli.com
POLSINELLI LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
T:  650-461-7700
F:  650-461-7701

Phillip Zeeck (*Admitted PHV*)
pzeeck@polsinelli.com
POLSINELLI PC
900 West 48th Place, Ste. 900
Kansas City, MO 64112
T:  816-753-1000
F:  816-753-1536

Attorneys for Defendants
Ryan Hunt and Alen Hundur

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NIANTIC, INC.,<br><br>            Plaintiff,<br><br>   v.<br><br>GLOBAL++, et al.,<br><br>            Defendants. | Case No. 3:19-cv-03425 JST<br><br>**DEFENDANT RYAN HUNT AND ALEN HUNDUR REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:    September 11, 2019<br>Time:    2:00 P.M.<br>Ctrm:    6, 2nd Floor<br>Judge:   Honorable Jon S. Tigar<br><br>Date Action Filed:  June 14, 2019 |

## I. INTRODUCTION

Plaintiff Niantic, Inc. filed this action before it understood the facts. Niantic's Complaint asserts six claims against Global++, which does not exist. After defendants Ryan Hunt and Alen Hundur explained in their initial Memorandum that Global++ does not exist, Niantic responded by regurgitating the Complaint's conclusory allegation that Global++ is an unincorporated association under California or federal law. That allegation is not entitled to any assumption of truth, and Niantic's claims against Global++ must be dismissed.

Niantic's claims against Mr. Hunt and Mr. Hundur fail for a similar reason. Niantic only alleges a total of five facts as to them individually, which, even if proven at trial would not establish a basis for liability. All the other allegations in Niantic's Complaint are attributable only to the undifferentiated term "defendants." And, to be sure, it is not clear from the Complaint whether Niantic is alleging that *all* "defendants" performed these acts or just *some* of them. Failing to assert what role Mr. Hunt or Mr. Hundur are accused of playing in the harm Niantic alleges makes it impossible for Mr. Hunt or Mr. Hundur to respond to Niantic's claims. For that reason, and, to comply with federal pleading standards, Niantic must make specific allegations against each defendant and not lump them all together under the vague label "unincorporated association," particularly when that label is being asserted without any facts in support. Without any such allegations, Niantic's claims must be dismissed

## II. ARGUMENT

Niantic's Complaint contains no facts supporting Niantic's assertion that Global++ is an unincorporated association. There is a good reason for that: Global++ does not exist as a separate legal entity. Niantic therefore cannot obtain any judgment against it. Niantic's claims against Mr. Hunt and Mr. Hundur likewise fail because Niantic does not identify any conduct for which they are individually responsible. Niantic's Complaint does not meet Rule 8's pleading standard, and this Court should dismiss it.

/ /

/ /

/ /

### A. Niantic failed to plead facts necessary to show that Global++ is an unincorporated association under California law.

In order to satisfy Rule 8(a)'s requirements, a complaint must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions . . . will not do." *Id.* (internal quotation marks omitted). Nor will a complaint with "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In analyzing a motion to dismiss, courts generally assume a complaint's well-pleaded allegations are true, but a court "*may not* assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc., Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (emphasis added). When a defendant submits a declaration in support of a motion to dismiss that refutes a complaint's allegations and the plaintiff "offer[s] no evidence contradicting any of the [defendant's] representations," the complaint must be dismissed. *Carter v. Reese*, No. C 12-5537 MMC, 2013 WL 1149812, at *3 (N.D. Cal. Mar. 19, 2013); *see also MGA Entertainment, Inc. v. Innovation First, Inc.*, 525 Fed. App'x 576, 577-78 (9th Cir. 2013) (a defendant's declaration "sufficiently rebuts" conclusory allegations to require dismissal).

In this case, Niantic asserts in its Complaint that Global++ is an "unincorporated association" that is capable of being sued. ECF No. 1 ¶ 18. But as defendants pointed out in their opening Memorandum, Niantic failed to support this bare assertion with any supporting facts. *See* ECF No. 26 pp. 2-5. Niantic alleged only that Global++ is an association of hackers that creates and distributes unauthorized derivative versions of Niantic's mobile apps . . . ." ECF No. 1 at ¶ 3. It also alleged that Defendant Ryan Hunt is Global++'s "principal and leader" and Defendant Alen Hundur is a Global++ member. *Id.* at ¶¶ 19-20. Niantic pleads no additional allegations to support its assertion that Global++ is a legally cognizable entity.

Defendants have specifically refuted that assertion. Ryan Hunt, who Niantic alleges is Global++'s "principal and leader," stated that "Global++ is not, and never has been, a corporation, a limited liability company, a partnership, or any other kind of legal entity." ECF

Polsinelli LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
(650) 461-7700

No. 26-1 ¶ 3.[1] Mr. Hunt has "never incorporated Global++ or attempted to organize or create a legal entity of that name by any sort . . . ." *Id.* at ¶ 4. On Mr. Hunt's information and belief, "no such entity exists or has ever existed." *Id.* at ¶ 5. In response, Niantic "offered no evidence contradicting any of [these] representations." *Carter*, 2013 WL 1149812, at *4. Instead, it merely repeated the few conclusory allegations that the Complaint already contained. This Court therefore "may not assume the truth" of those allegations. *See Data Disc.*, 557 F.2d at 1284.

Niantic's failure to provide any basis for assuming that Global++ exists is particularly egregious because, as defendants explained in their opening Memorandum, Global++'s nonexistence "is a jurisdictional issue." ECF No. 26 at 4. "Where a suit is brought against an entity which is legally nonexistent, the proceeding is void *ab initio* and its invalidity can be called to the attention of the court at any stage of the proceeding." *Oliver v. Swiss Club Tell*, 222 Cal.App.2d 528, 538 (1963) (collecting cases). "The common sense rationale of this rule is that courts sit to settle disputes between existing parties and when the defendant is not a legal person no lawful judgment can be rendered against such a nonentity." *Id.*

Where, as here, a defendant moves to dismiss a complaint on a jurisdictional issue, a plaintiff cannot "simply rest on the bare allegations of its complaint"; instead, it is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Sys., Inc. v. Jobar Intern., Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). In responding to defendant's motion, however, Niantic failed to submit any additional facts or documentation that Global++ is a legally-cognizable entity. Its claims thus fail.

---

[1] As defendants explain below and in their initial Memorandum, whether or not Global++ can be sued is a jurisdictional question. *See Oliver v. Swiss Club Tell*, 222 Cal.App.2d 528, 538 (1963). Motions challenging a court's personal jurisdiction are properly considered Rule 12(b)(2), even if they are styled under Rule 12(b)(6). 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1351 (2000)). In arguing such motions, it is well established that "[t]he parties may submit, and the court may consider, declarations and other evidence outside the pleadings in determining whether it has personal jurisdiction." *Kellman v. Whole Foods Market, Inc.*, 313 F. Supp. 3d 1031, 1042 (N.D. Cal. 2018) (*citing Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)).

Niantic correctly identifies the "criteria applied to determine whether an entity is an unincorporated association" under California law.[2] *Barr v. United Methodist Church*, 90 Cal.App.3d 259, 265-66 (1979) (quoted in ECF No. 33 p. 5).  But Niantic fails to show that it pled facts sufficient for this Court to apply those criteria in this case.

In *Barr*, the plaintiffs were nearly 2000 "present and former residents" of retirement homes operated by the United Methodist Church.  *Id.* at 262.  They served Church representatives with process, and those representatives moved to quash service.  *Id.* at 263.  The trial court granted the motion to quash, and the plaintiffs appealed.  *Id*.

On appeal, the Church argued it was not a legally-cognizable entity and therefore could not be sued.  *Id.* at 267.  In analyzing the Church's argument, the court of appeals drew on many important facts that the parties had submitted to the court.  The court admitted that the Church "may be unique in that it has no single chief operating officer, but the clearly defined operating and conceptual levels of responsibility . . . cannot be ignored."  *Id.* at 268.  The Church controlled which local congregations could purchase real estate, provided auditing and financial services to "some of the general level agencies within United Methodism," established sub-organizational groups with financial and legal responsibilities to other sub-groups and the organization as a whole, contracted for insurance, and generally operated as "a highly organized religious body working through specific agencies to establish laudable goals." *Id.* at 269-70.  In this way, the Church operated much like the "labor unions . . . political parties . . . social clubs, religious organizations, environmental societies, athletic organizations, condominium owners, lodges, stock exchanges and veterans [groups]" that California law recognizes as unincorporated associations. *Id.* at 266-67.

Here, the Court can consider no such facts because Niantic pleaded no such facts.  Global++ is not a legal entity of any kind.  *See* ECF No. 26-1 at ¶ 3.  Niantic has not pleaded that Global++ has any organization, structure, or levels of responsibility. *Cf. Barr*, 90 Cal.App.3d at 268.  It has not pleaded that it has any legal authority, such as to accept liability or enter into

---

[2] Under Fed. R. Civ. P. 17(b), a forum state's law controls a party's capacity to be sued.

-4-

DEFTS' REPLY ISO OF MTD COMPLAINT
Case No. 19-cv-3425 JST

Polsinelli LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
(650) 461-7700

1 contracts.  *Cf. id.* at 269-70.  And it has not pleaded that Global++ shares any attributes of labor

2 unions, political parties, or religious organizations.  *Cf. id.* at 266-67.  In short, Niantic has not

3 pleaded any facts that would allow Global++ to be treated as an unincorporated association

4 under California law.  Its claims fail accordingly.

5     **B.     Niantic's claims also fail under federal law.**

6 As Niantic asserts, Rule 17(b) does provide an exception to the general rule applying

7 state law to determine capacity for suit.  That exception applies when an "unincorporated

8 association with no such capacity under that state's law [is sued] to enforce a substantive right

9 existing under the United States Constitution or laws."  Fed. R. Civ. P. 17(b)(3)(A).  Niantic

10 argues that, under federal law, an unincorporated association can be sued if it "is a voluntary

11 group of persons, without a charter, formed by mutual consent for the purpose of promoting a

12 common objective."  *Southern Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 927 (9th Cir. 2014)

13 (quoted in ECF No. 33 at 9).  Yet, once again, Niantic did not plead any facts to meet this

14 minimum standard.

15 In *Southern California Darts*, the Southern California Darts Association was organized as

16 a corporation under California law "[f]or forty years or more."  *Id.* at 924.  In 1977, the

17 association's corporate powers were suspended because it failed to pay state franchise taxes.  *Id.*

18 at 926.  But before and after its powers were suspended, the association "used the following

19 marks:  its full name . . . the acronym SCDA, the nickname SoCal Darts, and a logo . . . ."  *Id*.

20 Eventually, an association member "feuded" with the association and left it.  *Id.* at 924.

21 He then "registered with the State of California a corporation named Southern California Darts

22 Association, Inc." and appropriated the association's logos and nicknames.  *Id.* at 924.  The

23 association sued under the Lanham Act and sought a preliminary injunction.  The district court

24 entered the preliminary injunction, and later entered summary judgment in the association's

25 favor.  *Id*.

26 In appealing the district court's summary judgment order, the defendant argued that the

27 association could not sue him because it was a "delinquent corporation."  *Id.* at 925.  The Ninth

28 Circuit reviewed the extensive factual record developed during preliminary injunction briefing,

-5-

DEFTS' REPLY ISO OF MTD COMPLAINT
Case No. 19-cv-3425 JST

Polsinelli LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
(650) 461-7700

1  discovery, and summary judgment briefing was a sufficient basis for the district court's

2  conclusion that the association could sue in federal court. *Id.* at 927. In support, the Ninth

3  Circuit relied on *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814 (9th Cir. 1996), and

4  *Sierra Ass'n for Env't v. FERC*, 744 F.2d 661 (9th Cir. 1984), both of which involved

5  "corporations whose powers had been suspended . . . ." *Id.* By obtaining and maintaining status

6  as corporate entities, these associations had demonstrated a sufficient level of organization to be

7  treated as a party in a federal action. *Id.* at 927-28.

8        As explained above, Niantic has pleaded no such level of organization in this case as to

9  Global++. And contrary to Niantic's representations in its Opposition, conclusory allegations it

10  has offered are directly refuted in Ryan Hunt's declaration, and the allegations are thus not

11  entitled to any presumption of truth. *See Data Disc.*, 557 F.2d at 1284. Niantic was "obligated

12  to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba*,

13  551 F.2d 787. It failed to do so, instead merely repeating the Complaint's deficient allegations.

14  Without having pleaded any facts from which this Court can infer that Global++ is a legally-

15  cognizable entity, Niantic's claims against Global++ must be dismissed.

    **C.  Niantic's allegations against Mr. Hunt and Mr. Hundur are impermissibly vague.**

18        Under Rule 8, a plaintiff must allege facts sufficient "to put a defendant on fair notice of

19  the nature of the claims that are asserted against it and the grounds upon which those claims

20  rest." *Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 408 (N.D. Cal. 2009). In a case with

21  multiple defendants,

> when a pleading fails to allege what role each Defendant played in the alleged harm, this makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiff's allegations. Accordingly, a complaint which lumps together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2). . . . [Instead,] a plaintiff must identify which action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole. Put another way, a plaintiff's allegations must provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them, including what conduct is at issue.

Polsinelli LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
(650) 461-7700

1  *Adobe Sys. Inc. v. Blue Source Group, Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (internal
2  quotation marks and citations omitted).

3  In defendants' initial Memorandum, defendants pointed out that Niantic alleged only two
4  material facts as to Mr. Hunt and only three material facts as to Mr. Hundur, none of which
5  asserted that either engaged in any wrongful conduct.  *See* ECF 26 at 1-2.  In response, Niantic
6  cites its Complaint at ¶¶ 6, 10-13, 40-51, 63-65, 70-72, 81-83, 86-91, 94-95, 98, 101, and 106-
7  108.  *See* ECF No. 33 at 10.  Every single one of these paragraphs refers only to "defendants."
8  None of them refer to Mr. Hunt or Mr. Hundur by name, and none contain any information by
9  which Mr. Hunt or Hundur could discern which of the defendants allegedly took the action
10 alleged.

11 These allegations "fail[] to satisfy the notice requirement of Rule 8(a)(2)."  *Adobe Sys.*,
12 125 F. Supp. 3d at 964.  They merely "lump together" all defendants, making "it exceedingly
13 difficult, if not impossible, for individual Defendants to respond to Plaintiff's allegations."  *Id*.
14 This is particularly true where, as here, whether any of the defendants actually acted in concert is
15 vigorously disputed.  *See* ECF No. 26-1 at ¶¶ 3-4.  Niantic has failed to meet its obligation to
16 "provide sufficient notice to all of the Defendants as to the nature of the claims being asserted
17 against them, including what conduct is at issue."  *Id*.  Its claims therefore fail.

18 ## III.   CONCLUSION

19 Niantic failed to plead facts sufficient to support its conclusory allegation that Global++
20 is an unincorporated association.  When defendants submitted a declaration showing that
21 Global++ is a nonentity incapable of being sued, Niantic again failed to offer any facts
22 supporting its position.  Niantic's claims against Global++ thus fail.  Its claims against Mr. Hunt
23 and Mr. Hundur fail too, because Niantic asserts all its substantive allegations against
24 "defendants" generally, and Mr. Hunt and Mr. Hundur have no notice of the conduct they are
25 accused of committing.  For these reasons, this Court should dismiss Niantic's Complaint.

| | | |
|---|---|---|
| Dated: August 7, 2019 | | Respectfully Submitted, |
| | | POLSINELLI LLP |
| | By: | */s/ Fabio E. Marino*<br>Fabio E. Marino |
| | | Attorneys for Defendants<br>RYAN HUNT AND ALEN HUNDUR |