<u>**VIA ECF**</u>

September 4, 2019

Honorable Jon S. Tigar
United States District Court for the Northern District of California
Ronald V. Dellums Federal Building and United States Courthouse, Courtroom 6, 2nd Floor
1301 Clay Street
Oakland, CA 94612

      Re:      Joint Letter Brief Regarding Discovery Dispute
                *Niantic, Inc. v. Global++ et al.*, No. 4:19-cv-03425-JST

Dear Judge Tigar:

The parties jointly submit this letter brief under Section J of this Court's Standing Order for All Civil Cases. The parties met and conferred in good faith on August 20, 2019 to try to resolve the discovery dispute described below but were unable to do so.

## Plaintiff's Position

Defendants seek to depose two Niantic employees—even though defendants have declined to participate in the mandatory Rule 26 conference and discovery therefore has not yet begun. Defendants also ask the Court to continue the September 11, 2019 hearing on Niantic's Motion for Preliminary Injunctive Relief ("PI Motion") to accommodate those depositions. Defendants' demands are procedurally improper, substantively meritless, and appear designed solely to delay the hearing on Niantic's PI Motion. The Court should prohibit defendants from seeking depositions (or any discovery) until they comply with the rules governing discovery. Alternatively, the Court should allow Niantic to file a motion for a protective order and allow the parties to brief that motion in an orderly fashion, without continuing the September 11 hearing.

**Background.** On June 14, 2019, Niantic filed its PI Motion to protect against the ongoing, irreparable harm caused by defendants' misconduct, including defendants' copying and misuse of Niantic's code. Niantic supported its motion with extensive and detailed evidence, including declarations from Niantic employees Scot Frank and Eric Lanz. Niantic also submitted additional declarations from Mr. Frank and Mr. Lanz with the reply brief in support of its PI Motion.

On August 14, Niantic asked defendants to participate in the discovery conference required by Federal Rule of Civil Procedure 26. Defendants did not respond to that request. Instead, two days later—and without consulting Niantic—defendants noticed the depositions of Mr. Frank and Mr. Lanz for August 26 and 29, respectively. *See* Ex. A (deposition notices). That same day, defendants refused to participate in the Rule 26 conference, arguing that the case was not "ripe" for the conference. *See* Ex. B (parties' correspondence). Niantic explained to defendants that their notices were premature and improper and asked defendants to withdraw the notices, or at least provide some authority in support of them. Defendants did neither.

Honorable Jon S. Tigar
September 4, 2019
Page 2

**Defendants' deposition notices are procedurally improper.** Defendants acknowledge that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Defendants also admit that "the parties have not yet held their initial Rule 26 conference." Thus, because the Court has not authorized expedited discovery, and because Niantic has not stipulated to it, defendants' deposition notices are premature and improper under the Federal Rules. That should be the end of the matter. *See* 10 Fed. Proc. § 26:21 (explaining that "a party may not seek discovery . . . before the parties have conferred" and "only the most obviously compelling reasons are sufficient to justify a departure from the rule").

Defendants argue that a court may order discovery before the Rule 26 conference if "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the opposing party." *WeRide Corp. v. Huang*, 379 F. Supp. 3d 834, 854 (N.D. Cal. 2019). But defendants have not filed or sought to file a motion for expedited discovery, even though they had ample time to do so. (Defendants were served with Mr. Frank's and Mr. Lanz's first declarations on June 18—more than two months ago. Defendants were served with the second declarations on August 14—about three weeks ago.) And as explained below, defendants could not establish the "good cause" needed to justify expedited discovery in any case.

Defendants' notices also violate this Court's Local Rules, which state that a party "*must* confer about the scheduling of the deposition with opposing counsel," and must do so "*before* noticing a deposition of a party or witness affiliated with a party." Civ. L.R. 30-1 (emphasis added). Compliance with that rule is especially important here because Mr. Frank and Mr. Lanz are business-critical employees who have limited availability. Nevertheless, defendants issued their notices with no consultation whatsoever. That, too, makes the notices improper.

**Defendants cannot establish "good cause" for expedited discovery.** Even if defendants had filed a motion for expedited discovery, it would have failed because there is no "good cause" for the early depositions they suddenly profess to need. *WeRide Corp.*, 379 F. Supp. 3d at 854.

Defendants argue that they need to depose Mr. Frank and Mr. Lanz immediately to "clarify and correct the record" before the hearing on Niantic's PI Motion. But defendants' conduct thoroughly undermines that purported rationale. Defendants had many opportunities to object and respond to Niantic's declarations before now. For example, defendants could have asked for an early Rule 26 conference so that they could have sought discovery before the hearing. They did not. Rather, defendants *refused* to participate in the Rule 26 conference—likely to shield themselves from discovery. Or, defendants could have sought to file a timely motion for expedited discovery. Again, they did not. Finally, defendants could have objected and responded to Niantic's declarations in their opposition brief and/or in a post-reply objection, as required by the Local Rules. *See* Civ. L.R. 7-3(a) ("Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum."); Civ. L.R. 7-3(d)(1) (objections to reply evidence must be raised via an objection filed "not more than 7 days after the reply was filed").

Honorable Jon S. Tigar
September 4, 2019
Page 3

Again, they did not. The single declaration that defendants submitted in opposition to Niantic's PI Motion does not dispute any facts in Niantic's declarations. For example, it does not dispute that defendants copied Niantic's code and profited from it. Nor do defendants' briefs argue that Niantic's declarations are improper or inadequate. And for good reason: Niantic's declarations are thorough and amply supported.

Hoping to distract the Court, defendants accuse Niantic of trying to "hide the ball." But Niantic is more than willing to make Mr. Frank and Mr. Lanz available for deposition after defendants have complied with the rules governing discovery. Defendants also argue that Niantic's concerns about confidentiality can be addressed by unilateral imposition of a form protective order. Niantic respectfully submits that it should be allowed to meet and confer with defendants about a tailored protective order to ensure that its sensitive information is adequately protected from public disclosure and from misuse by defendants—especially given that defendants are accused of circumventing Niantic's security measures to hack Niantic's code.

In short, rather than following the rules, defendants chose to sandbag Niantic with a manufactured dispute on the eve of the September 11 hearing. But defendants' newly discovered need for emergency relief simply cannot be squared with their dilatory conduct, and defendants' eleventh-hour attacks on Niantic's declarations—none of which appear in their papers—are meritless. Moreover, granting defendants' request would severely prejudice Niantic. Preparing two key employees to be deposed on highly technical matters in a matter of days, and without the protection of a protective order, would disrupt Niantic's business and impose undue burdens.

Nor is it an answer to say that the Court could delay the September 11 hearing to accommodate defendants' whims. Niantic continues to suffer irreparable harm from defendants' misconduct and delaying the hearing would increase that harm. Thus, the Court should reject defendants' thinly disguised attempt to prolong these proceedings and continue violating Niantic's rights. *See Int'l Precision Prods., B.V. v. Staco Sys., Inc.*, No. SACV13-01831 SJO (EX), 2013 WL 12121547, *1-2 (C.D. Cal. Dec. 18, 2013) (denying defendant's motion for expedited discovery to test plaintiff's allegedly unsupported allegations of irreparable harm where, as here, defendant delayed in seeking relief and "provided no evidence or specific reasons to support such a need").

### **Defendants' Position**

The Court should require Niantic to produce Eric Lanz and Scot Frank for deposition before any hearing on Niantic's preliminary injunction motion. Their declarations contain several assertions without any evident basis in fact, and their depositions are needed before the preliminary injunction hearing to ensure that the Court has a complete and accurate record before it rules on Niantic's motion. Finally, because Niantic refused to voluntarily produce its declarants for deposition and forced Defendants to seek the Court's intervention, the date of the hearing on the preliminary injunction motion may need to be adjusted to allow the depositions to be taken and the proper record developed before the Court considers Niantic's motion.

**Background.** Niantic's complaint accuses Defendants of allegedly spoofing video games that Niantic distributes. The complaint named Global++—a nonentity incapable of being sued—as a defendant, and it failed to specify which defendant committed which of the acts alleged in the complaint. Defendants moved to dismiss the complaint on these grounds. In its response, Niantic made factual assertions that either misunderstand or mischaracterize basic facts about how Global++ software works. Defendants explained these critical disputes in detail in their reply brief. Defendants' motion to dismiss is still pending, and because the Court's ruling on the motion will determine whether certain parties and issues remain in the case, the parties have not yet held their initial Rule 26 conference.

Together with its complaint, Niantic also filed its preliminary injunction motion, supported by declarations from Mr. Lanz and Mr. Frank. Niantic attached second declarations from both Mr. Lanz and Mr. Frank to its reply brief. Several statements in these declarations lack any obvious basis in fact and substantially mischaracterize critical facts such as how Global++ software works and the relationship between the Defendants and several third parties. Other statements in the declarations are conclusory and argumentative, violating Civil L.R. 7-5(b).

As a result, Defendants noticed depositions of Niantic's two declarants to clarify and correct the record before the Court holds its preliminary injunction hearing. Niantic refused to produce Mr. Lanz or Mr. Frank for deposition because the parties have not held their Rule 26 conference. During the parties' meet-and-confer, Niantic's counsel stated that Niantic objects to the depositions also because no protective order has yet been entered in this action.

**Discussion.** Parties seeking injunctive relief "may not rely on 'unsupported and conclusory statements regarding the harm the plaintiff might suffer.'" *Disney Enters., Inc. v. VidAngel, Inc.*, 224 F. Supp. 3d 857, 975 (C.D. Cal. 2016) (*quoting Herb Reed Enters., LLC v. Fla. Entm't Mgmt.*, 836 F.3d 1239, 1250 (9th Cir. 2016)). Although Rule 26 usually prohibits "discovery from any source before the parties have conferred as required by Rule 26(f)," Fed. R. Civ. P. 26(d)(1), important exceptions apply. In a preliminary injunction context, a court may order discovery before a Rule 26 conference "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the opposing party." *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 854 (N.D. Cal. 2019).

Here, Defendants seek to depose Mr. Lanz and Mr. Frank to ensure the Court has a complete and accurate factual record before it in ruling on Niantic's preliminary injunction motion. In Mr. Lanz's declarations, he asserted that Defendants "continue to distribute at least one of the Cheating Programs (and perhaps all three of the Cheating Programs) through a new online platform—the AppHaven app." Mr. Lanz also asserted that Defendants "modify Niantic's Client Code and then combine the Client Code with defendants' code to create the Cheating Programs." In Mr. Frank's declarations, he asserted that Defendants "deprive Niantic of profits it otherwise would have obtained as a result of in-game purchases." Each of these assertions is demonstrably false, and together they support Defendants' belief that Niantic conducted a slipshod pre-filing

investigation of its claims and is now trying to hide the ball. Other statements in the declarations are conclusory or argumentative, including assertions that (1) Defendants ""degrade the gaming experience for honest players, in some cases driving them off Niantic's platforms"; (2) Defendants steal "valuable and proprietary data"; (3) Defendants harm Niantic by "impos[ing] additional burdens on Niantic's servers" and "scraping valuable and proprietary game-related information from Niantic's servers"; and (4) Niantic "has never been able to halt the operation of the Cheating Programs exclusively through account suspensions or terminations," and it could not do so in the future. Niantic does not provide any factual support for these assertions. Niantic's refusal to make Mr. Lanz and Mr. Frank available for deposition effectively denies Defendants the opportunity to confront the Declarants as to the basis and accuracy of those statements and Defendants will be substantially harmed as a result.

By contrast, Niantic will not suffer any prejudice by having to produce Mr. Lanz and Mr. Frank for deposition before the PI hearing. Mr. Lanz and Mr. Frank will be subject to deposition later in this action anyway. Niantic's concerns about the lack of a protective order are misplaced; Defendants have already informed Niantic during the meet-and-confer they will stipulate that the depositions' scope will not exceed the scope of Mr. Lanz's and Mr. Frank's declarations, which Niantic filed in the public record. To the extent Niantic continues to believe that a protective order must be entered before Mr. Lanz and Mr. Frank testify, Defendants will stipulate to this Court's immediate entry of the Northern District's interim protective order for patent cases, protecting Niantic's confidential information until the parties can agree to the terms of a case-specific protective order after their Rule 26 conference.

**Conclusion.** The Court should ensure that it has a complete and accurate record for ruling on Niantic's PI motion by requiring Mr. Lanz and Mr. Frank to testify about the factual basis for the assertions in their declarations. Niantic will suffer no prejudice because the depositions will not publicly disclose Niantic's confidential information.

The parties look forward to receiving the Court's instructions on how it wishes to proceed.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| PERKINS COIE LLP | POLSINELLI LLP |
| | |
| */s/ Ryan Spear* | */s/ Fabio E. Marino* |
| Ryan Spear | Fabio E. Marino |
| | |
| Attorneys for Plaintiff | Attorneys for Defendants |
| Niantic, Inc. | Ryan Hunt and Alen Hundur |

Enclosures (Exhibits A and B)

Honorable Jon S. Tigar
September 4, 2019
Page 6

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5.1 and General Order 45, I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request.

Dated:  September 4, 2019

*/s/ Ryan Spear*
Ryan Spear

# EXHIBIT A

1  FABIO E. MARINO (SBN 183825)
   fmarino@polsinelli.com
2  POLSINELLI LLP
   1661 Page Mill Road, Suite A
3  Palo Alto, CA 94304
   T:  650-461-7700
4  F:  650-461-7701

5  Phillip Zeeck (*Admitted PHV*)
   pzeeck@polsinelli.com
6  POLSINELLI PC
   900 West 48th Place, Ste. 900
7  Kansas City, MO 64112
   T:  816-753-1000
8  F:  816-753-1536

9  Attorneys for Defendants
   Ryan Hunt and Alen Hundur

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NIANTIC, INC., | Case No. 3:19-cv-03425 JST |
| Plaintiff, | **NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(1)** |
| v. | |
| GLOBAL++, et al., | Judge:  Honorable Jon S. Tigar |
| Defendants. | |

1 **TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:**

2     **PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil

3 Procedure, Defendants Ryan Hunt and Alen Hundur ("Defendants"), by and through their

4 attorneys, will take the deposition of Scot Frank commencing on August 26, 2019 at 9:00 a.m. at

5 the offices of Polsinelli LLP, Three Embarcadero Center, Suite 2400, San Francisco, CA 94111,

6 before a duly qualified reporter and notary public or other officer authorized by law to administer

7 oaths and conduct depositions.  The deposition will continue day-to-day, excluding Saturdays,

8 Sundays, and holidays, or on dates mutually agreed to by the parties until completed.

9     **PLEASE TAKE FURTHER NOTICE** that the deposition will be recorded by

10 videotape in addition to being record by the stenographic method, and Defendants reserve the

11 right to use the videotape at trial.

13 Dated:  August 16, 2019          Respectfully Submitted,

14          POLSINELLI LLP

16          */s/ Fabio E. Marino*
         By:    Fabio E. Marino

17          Attorneys for Defendants
18          RYAN HUNT AND ALEN HUNDUR

## PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am over the age of eighteen years and not a party to the within action. My business address is 1661 Page Mill Road, Ste. A, Palo Alto, CA 94304. I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

On August 16, 2019, I served the following document (s) in the manner described below:

- **NOTICE OF DEPOSITION OF SCOT FRANK**

☑  BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Polsinelli LLP's electronic mail system from mortiz@polsinelli.com to the email addresses set forth below.

Julie E. Schwartz
jschwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel:     650-838-4300
Fax:    650-838-4350

Todd M. Hinnen
thinnen@perkinscoie.com
Ryan Spear
rspear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Ste. 4900
Seattle, WA 98101-3099
Tel:     206-359-8000
Fax:    206-359-9000

**ATTORNEYS FOR PLAINTIFF NIANTIC, INC.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 16, 2019, at Palo Alto, California.

By:   */s/ Marilyn Ortiz*
          Marilyn Ortiz

-1-

PROOF OF SERVICE
CASE NO. 3:14-CV-03657-SI

1  FABIO E. MARINO (SBN 183825)
   fmarino@polsinelli.com
2  POLSINELLI LLP
   1661 Page Mill Road, Suite A
3  Palo Alto, CA 94304
   T:  650-461-7700
4  F:  650-461-7701

5  Phillip Zeeck (*Admitted PHV*)
   pzeeck@polsinelli.com
6  POLSINELLI PC
   900 West 48th Place, Ste. 900
7  Kansas City, MO 64112
   T:  816-753-1000
8  F:  816-753-1536

9  Attorneys for Defendants
   Ryan Hunt and Alen Hundur
10

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13                   **SAN FRANCISCO DIVISION**

14

| | |
|---|---|
| 15  NIANTIC, INC.,  | Case No. 3:19-cv-03425 JST |
| 16           Plaintiff, | **NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(1)** |
| 17       v. | |
| 18  GLOBAL++, et al., | Judge:  Honorable Jon S. Tigar |
| 19           Defendants. | |

**TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants Ryan Hunt and Alen Hundur ("Defendants"), by and through their attorneys, will take the deposition of Eric Lanz commencing on August 29, 2019 at 9:00 a.m. at the offices of Polsinelli LLP, Three Embarcadero Center, Suite 2400, San Francisco, CA 94111, before a duly qualified reporter and notary public or other officer authorized by law to administer oaths and conduct depositions.  The deposition will continue day-to-day, excluding Saturdays, Sundays, and holidays, or on dates mutually agreed to by the parties until completed.

**PLEASE TAKE FURTHER NOTICE** that the deposition will be recorded by videotape in addition to being record by the stenographic method, and Defendants reserve the right to use the videotape at trial.

Dated:  August 16, 2019                         Respectfully Submitted,

                                                POLSINELLI LLP


                                                */s/ Fabio E. Marino*
                                         By:    Fabio E. Marino

                                                Attorneys for Defendants
                                                RYAN HUNT AND ALEN HUNDUR

## PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am over the age of eighteen years and not a party to the within action. My business address is 1661 Page Mill Road, Ste. A, Palo Alto, CA 94304. I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

On August 16, 2019, I served the following document (s) in the manner described below:

- **NOTICE OF DEPOSITION OF ERIC LANZ**

☑ BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Polsinelli LLP's electronic mail system from mortiz@polsinelli.com to the email addresses set forth below.

Julie E. Schwartz
jschwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel:    650-838-4300
Fax:    650-838-4350

Todd M. Hinnen
thinnen@perkinscoie.com
Ryan Spear
rspear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Ste. 4900
Seattle, WA 98101-3099
Tel:    206-359-8000
Fax:    206-359-9000

**ATTORNEYS FOR PLAINTIFF NIANTIC, INC.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 16, 2019, at Palo Alto, California.

By:   */s/ Marilyn Ortiz*
      Marilyn Ortiz

# EXHIBIT B

| | |
|---|---|
| **From:** | Fabio Marino |
| **To:** | Hinnen, Todd M. (SEA) |
| **Cc:** | Phillip Zeeck; Spear, Ryan (SEA) |
| **Subject:** | Re: Rule 26 Conference, Deposition Notices |
| **Date:** | Friday, August 16, 2019 8:10:30 PM |

Todd,

To be clear the deposition notices were served for the limited purpose of examining Niantic's witnesses on the declarations submitted in support of Niantic's PI. We wanted to get the notices out ahead of next week's call so that we may discuss scheduling of the depositions during the call.

The depositions are necessary because the declarations submitted by Niantic's witnesses are highly conclusory and lack evidentiary support in many respects, making a deposition the only way at this stage to verify the accuracy of the statements offered by Niantic's witnesses.

In any event, we are available to discuss deposition scheduling and continue exploring settlement options at the time you proposed on Tuesday. However, given the fact that none of the defendants have yet answered the complaint and that Niantic has elected to oppose our motion to dismiss instead of amending its initial complaint, we do not believe the case is ripe for a Rule 26 conference. I will note that the initial CMC is scheduled for September 30, so there is no need to jump the gun on the conference when the initial pleadings are still incomplete.

Fabio E. Marino
Chair IP Litigation
fmarino@polsinelli.com

On Aug 16, 2019, at 7:33 PM, Hinnen, Todd M. (Perkins Coie) <THinnen@perkinscoie.com> wrote:

> **EXTERNAL EMAIL**
>
> Fabio and Phil,
>
> I hope this email finds you both well. We received the deposition notices that you sent via email today (attached). The notices appear to us to be premature and improper given that the parties have not yet held their Rule 26 conference. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). We requested that we hold that conference this week but you were unavailable. At your request, we proposed a date early next week but instead of a response confirming that date, we received these improper deposition notices. We await your confirmation that the time we proposed works for you. We look forward to hearing from you.
>
> Compliance with the civil rules is not optional for good reason. They provide a framework for the parties to conduct discovery in an orderly and efficient manner. If we had convened as required by Rule 26 prior to the issuance of your deposition notices, you might have consulted with us regarding the availability of

Mr. Frank and Mr. Lanz.  Since you did not consult with us prior to issuing the notices, we have not had an opportunity to determine Mr. Frank's and Mr. Lanz's availability on the dates in question.  Similarly, if we had convened as require by Rule 26, we would have had the opportunity to discuss with you an appropriate protective order, which will be necessary before any discovery, including the depositions in question, occurs.  We request, therefore, that you proceed in this matter as the Rules require and consult with us before proceeding with discovery.

To be clear, Niantic is eager to proceed expeditiously and cooperatively with discovery and expects that your clients will do the same.  We would appreciate you confirming whether you are available on the date early this coming week we offered up at your request.  We will be happy to discuss with you during that conference deposition scheduling among other issues. In the meantime, Niantic objects to the deposition notices for the reasons previously stated.  If you believe that there is legal authority supporting the issuance of your deposition notices prior to the required Rule 26 conference, please send it to us as soon as possible so that we can review it and respond. Otherwise, please confirm that you will withdraw the deposition notices immediately. If you do not agree to withdraw your notices, we will seek appropriate relief from the Court.

Best,

Todd

**Todd Hinnen | Perkins Coie LLP**
**PARTNER**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3384
F. +1.206.359.4384
E. THinnen@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

<2019.08.16 [Defs] Notice of Depo of Scot Frank-c.pdf>

<2019.08.16 [Defs] Notice of Depo of Eric Lanz-c.pdf>

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE

PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.