Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; and DOES 1-20,<br><br>Defendants. | Case No. 19-cv-03425-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:          Jon S. Tigar<br>Courtroom:   6, 2nd Floor<br>Hearing Date:  September 30, 2019<br>Hearing Time:  2:00 p.m. |

1    The parties to the above-entitled action submit this Joint Case Management Statement

2    pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for

3    All Judges of the Northern District of California, and this Court's Standing Order for All Civil

4    Cases.

5    **1.      Jurisdiction & Service**

6        This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and

7    28 U.S.C. § 1338 because plaintiff Niantic, Inc. ("Niantic") alleges violations of the federal

8    Copyright Act, 17 U.S.C. § 101, *et seq.*, and the federal Computer Fraud and Abuse Act,

9    18 U.S.C. § 1030. This Court has supplemental jurisdiction over Niantic's state law claims under

10   28 U.S.C. § 1367 because Niantic's state law claims form part of the same case or controversy as

11   Niantic's federal law claims under Article III of the United States Constitution. No issues exist

12   regarding personal jurisdiction or venue. All named defendants have been served.

13   **2.      Facts**

14       The issues set forth in this Section 2 and Section 3, below, are not intended to be final or

15   exhaustive, and the parties reserve the right to reformulate these issues, dispute that they are

16   issues, or include any other appropriate issues as they develop or become known to the parties

17   through the course of discovery and investigation. Characterization of an issue as "factual" or

18   "legal" is not a concession that it is not the other or both. Nor is the identification of an issue as a

19   "factual dispute" a concession that there is, in fact, a dispute.

20       As explained in greater detail in the parties' pending motions, including Niantic's motion

21   for preliminary injunctive relief (Dkt. 7), this case involves mobile applications ("apps") for

22   location-based augmented reality mobile games. Niantic's principal factual allegations are that

23   the defendants obtained unauthorized access to the binary computer code in Niantic's mobile

24   apps, copied the code, modified it, and distributed it as part of a scheme to profit from

25   unauthorized derivative versions of Niantic's mobile apps (the "Cheating Programs"), which

26   enable users to cheat in Niantic's games. Niantic also alleges, among other things, that defendants

27   use the Cheating Programs to obtain unauthorized access to Niantic's protected computer servers

28   and obtain valuable and proprietary data from Niantic.

1    Defendants continue to believe that Niantic's Complaint is fatally deficient in several

2    respects for the following reasons. The Complaint names Global++, a nonentity incapable of

3    being sued or paying a judgment, as a defendant, and it does not identify which Defendants

4    allegedly performed any allegedly infringing act. Most important, Niantic wholly misconstrues

5    how software distributed under the label "Global++" operates. It is an entirely separate code base

6    from Niantic's code, it does not modify Niantic's code in any way, and it does not access

7    Niantic's computers or servers in any way.

8    **3.     Legal Issues**

9    Niantic's complaint alleges six claims: (a) violation of the Copyright Act (17 U.S.C. §

10   101, *et seq*.); (b) violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); (c) violation

11   of California's Comprehensive Computer Data Access and Fraud Act (Cal. Penal Code § 502);

12   (d) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.);

13   (e) breach of contract; and (f) intentional interference with contractual relations. *See* Dkt. 1.

14   Although Defendants have not yet filed an answer, Defendants contend that Niantic's

15   claims are subject to several affirmative defenses, including implied waiver and failure to state a

16   claim on which relief can be granted because the software at issue does not obtain or distribute

17   any proprietary Niantic code and supplements—rather than detracts from—Niantic's revenues.

18   Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

19   arguing that Niantic's claims should be dismissed for failure to state a claim because Niantic "did

20   not allege that [defendant] Global++ is a corporation, a limited liability company, a partnership,

21   or any other kind of legally-cognizable entity," or put defendants Hunt and Hundur on "necessary

22   notice as to Niantic's specific allegations against them." Dkt. 26 at 1.

23   Niantic also seeks a preliminary injunction based on its claims under the Copyright Act,

24   the Computer Fraud and Abuse Act, and Niantic's Terms of Service, as explained more fully in

25   Niantic's motion for preliminary injunctive relief. *See* Dkt. 7. Defendants oppose that request,

26   arguing that Niantic has not shown that Niantic is likely to prevail on the merits of those claims,

27   that Niantic will not suffer irreparable harm in the absence of a preliminary injunction, that the

28

- 2 -

balance of hardships does not tip in Niantic's favor, and that the public interest does not favor preliminary injunctive relief. *See* Dkt. 32.

**4.      Motions**

Niantic filed a motion for preliminary injunctive relief on June 14, 2019. *See* Dkt. 7. Defendants filed a motion to dismiss Niantic's claims on July 17, 2019. *See* Dkt. 26. This Court heard oral argument on both motions on September 11, 2019 and indicated that it plans to issue a written order resolving both motions. *See* Dkt. 52.

On September 4, 2019, the parties filed a joint letter brief regarding a discovery dispute. *See* Dkt. 47. This Court resolved that dispute on September 6, 2019. *See* Dkt. 48. No other motions are pending.

Niantic expects to file a motion for summary judgment at the appropriate time.

On September 23, 2019, Defendants Hunt and Hundur requested that the disputes raised in the Complaint against them be submitted to binding arbitration.  If Niantic refuses to go to arbitration, Defendants expect to file a motion to compel arbitration, which Niantic expects to oppose. Defendants also expect to file a motion for summary judgment at the appropriate time.

**5.      Amendment of Pleadings**

Niantic may amend its complaint to include additional claims and legal theories and to identify the defendants sued as "DOES 1-20" once the identity of those defendants becomes known through discovery.

Defendants have not yet filed an Answer. Defendants expect to file an Answer once the pending Motion to Dismiss is resolved and anticipate raising multiple counterclaims together with the answer Defendants also expect to amend their answer in the event Niantic files an amended complaint.

**6.      Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred under Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this case.

- 3 -

**7.    Disclosures**

The parties have met and conferred and have agreed to exchange initial disclosures under Federal Rule of Civil Procedure 26(a) on or before September 23, 2019.

**8.    Discovery**

No discovery has been taken to date. The scope of discovery will include discovery relevant to the parties' claims and defenses, consistent with the Federal Rules of Civil Procedure. The parties do not propose any limitations or modifications of the discovery rules at this time. The parties are currently considering whether to enter into a stipulated protective order and ESI stipulation. There are no discovery disputes at this time.

Pursuant to Federal Rule of Civil Procedure 26(f)(3), the parties' proposed discovery plan is as follows:

a.    No changes should be made in the timing, form, or requirement for initial disclosures under Rule 26(a).

b.    At this time, the parties do not believe that discovery should be conducted in phases. The parties anticipate that they will seek discovery relevant to their claims and defenses. In particular, Niantic anticipates that it will seek discovery regarding, among other things, its allegations that defendants (i) copied, modified, and distributed Niantic's copyrighted computer code to create the Cheating Programs, (ii) used the Cheating Programs to access Niantic's protected computers without authorization and thereby obtained and distributed Niantic's valuable and proprietary game-related information, and (iii) profited from their alleged misconduct. Defendants anticipate that they will seek discovery regarding, among other issues, (i) Global++ code as entirely separate from Niantic's code; (ii) Global++ software operating entirely separately from Niantic's software; (iii) Global++ software as not accessing any of Niantic's computers or servers; (iv) AppHaven as completely independent from any Defendant; (v) Niantic's ability to stop spoofing software at any time; (vi) how spoofing supplements Niantic's user engagement and profits; (vii) the relationship between Niantic and Global++ competitors including, but not limited to, iSpoofer; and (viii) the factual basis for Niantic's allegations in the Complaint.

- 4 -

c.      The parties are not aware of any issues regarding disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced, and the parties will cooperate to attempt to resolve any such issues that may arise.

d.      The parties are not aware of any issues regarding claims of privilege or of protection as trial-preparation materials, and the parties will cooperate to attempt to resolve any such issues that may arise.

e.      No changes should be made in the limitations on discovery imposed under these rules or by local rule, and no other limitations should be imposed.

The parties anticipate moving this Court to enter a protective order and an ESI stipulation, based on this Court's model orders and stipulations, at an appropriate time. The parties do not currently believe that this Court should issue any other orders under Rule 26(c) or under Rule 16(b).

**9.**    **Class Actions**

This matter is not a class action.

**10.**    **Related Cases**

The Parties are unaware of any related cases.

**11.**    **Relief**

Niantic seeks (a) a preliminary and permanent injunction enjoining and restraining defendants from violating Niantic's rights, as set out more thoroughly in Niantic's complaint (Dkt. 1); (b) an order requiring the seizure and impoundment of all copies of the Cheating Programs and the related articles and devices involved in their creation; (c) an order requiring defendants to provide a complete copy of any Niantic game-related data in defendants' possession and thereafter permanently destroy such data; (d) an award of damages to Niantic and a disgorgement of defendants' wrongful profits; (e) an award of statutory damages based upon defendants' willful acts of infringement pursuant to the Copyright Act; (f) an award of punitive or exemplary damages based upon defendants' willful and malicious violations of the California Comprehensive Computer Data Access and Fraud Act; (g) reasonable costs and attorneys' fees;

(h) pre- and post-judgment interest, and (i) other relief as the Court deems just and proper. The full amount of Niantic's damages have yet to be computed.

Defendants have not yet filed an Answer. Defendants anticipate filing an Answer once the currently pending motion to dismiss is resolved. Defendants anticipate asserting multiple counterclaims as part of their answer and seeking appropriate relief for such counterclaims.

**12.    Settlement and ADR**

The parties have had informal settlement discussions and have stipulated to court-sponsored Early Neutral Evaluation ("ENE") under ADR L.R. 5. *See* Dkts. 42-45, 53.

**13.    Consent to Magistrate Judge For All Purposes**

Niantic consented to a magistrate judge for all purposes. *See* Dkt. 17. Defendants declined to consent to a magistrate judge for all purposes. *See* Dkt. 19.

**14.    Other References**

Niantic does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. Defendants believe that Niantic's claims are suitable—and indeed required under Niantic's own Terms of Service—for reference to binding arbitration.

**15.    Narrowing of Issues**

The parties agree that they will work together to narrow the issues in this case by stipulating to undisputed facts and exploring ways to expedite the presentation of evidence at trial. Claims and issues for trial may also be narrowed by pretrial motion practice, including motions for summary judgment and motions in limine.

**16.    Expedited Trial Procedure**

The parties agree that this case should not be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A. The parties will work together to determine whether elements of the case can be simplified, e.g., through factual stipulations or pretrial motions.

**17.    Scheduling**

- 6 -

The parties met and conferred regarding proposed litigation and discovery deadlines and were unable to agree on proposed deadlines. The parties' respective proposals for litigation and discovery deadlines are shown below. The parties agree that their respective proposed deadlines may need to be modified depending on when this Court resolves the parties' pending motions and how this Court rules on the legal issues raised by those pending motions:

| EVENT | NIANTIC'S PROPOSED DATES | DEFENDANTS' PROPOSED DATES |
|---|---|---|
| Deadline to add parties or amend pleadings | January 24, 2020 | December 6, 2020 |
| Primary expert disclosure(s) and report(s) | June 15, 2020 | February 28, 2020 |
| Fact discovery cut-off | June 30, 2020 | March 13, 2020 |
| Discovery motions related to fact discovery | July 15, 2020 | March 27, 2020 |
| Rebuttal expert disclosure(s) and report(s) | July 17, 2020 | March 30, 2020 |
| Expert discovery cut-off | August 31, 2020 | April 17, 2020 |
| Dispositive motions filed | October 16, 2020 | May 1, 2020 |
| Responses to dispositive motions filed | November 20, 2020 | May 22, 2020 |
| Replies to dispositive motions filed | December 18, 2020 | June 5, 2020 |
| Pretrial conference statement due | January 29, 2021 | June 26, 2020 |
| Pretrial conference | February 5, 2021 | July 8, 2020 |
| Trial | March 8, 2021 | July 13, 2020 |

The parties agree to participate in court-sponsored ENE within the timeframe required by this Court's ADR rules.

**18.    Trial**

The parties agree that trial in this matter would last approximately three to five days. Niantic has demanded a trial by jury.  Defendants have not yet filed an Answer. Defendants

expect to file an Answer once the pending Motion to Dismiss is resolved and anticipate demanding a jury trial in their Answer.

**19.    Disclosure of Non-party Interested Entities or Persons**

Niantic filed its Corporate Disclosure Statement and Certificate of Interested Entities or Persons on June 14, 2019. *See* Dkt. 4. Niantic has no parent corporation. The only person or entity that owns more than 10 percent of Niantic's stock, on a fully-diluted basis, is Google LLC. As of this date, Niantic is unaware of the identity of any other person or entity, other than the named parties, with a financial or other interest that could be substantially affected by the outcome of this proceeding. Some or all of the persons or entities named as "Does 1-20" may have a financial or other interest that could be substantially affected by the outcome of this proceeding.

**20.    Professional Conduct**

All counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other**

The parties do not presently foresee any other matters which will have any bearing on the instant litigation.

1

2

DATED: September 23, 2019

**PERKINS COIE LLP**

3

4

By: _/s/ Ryan Spear_
       Ryan Spear

Attorneys for Plaintiff Niantic, Inc.

5

6

DATED:  September 23, 2019

**POLSINELLI LLP**

7

8

By: _/s/ Fabio E. Marino_
       Fabio E. Marino

9

10

Attorneys for Defendants
Ryan Hunt and Alen Hundur

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

1

2          I, Ryan Spear, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that the

3    concurrence to the filing of this document has been obtained from each signatory hereto.

4

   DATED:  September 23, 2019                 By:  _s/ Ryan Spear_____
5                                                  Ryan Spear

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       - 1 -