Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; and DOES 1-20,<br><br>Defendants. | Case No. 19-cv-03425-JST<br><br>**DECLARATION OF RYAN SPEAR IN SUPPORT OF STIPULATION TO EXTEND BRIEFING DEADLINES**<br><br>[Civil Rules 6-2 & 7-12] |

**DECLARATION OF RYAN SPEAR**

I, Ryan Spear, declare as follows:

1. I am an attorney licensed to practice in the State of Washington and have been admitted to practice *pro hac vice* before this Court. *See* Dkt. 14. I am a partner at the law firm Perkins Coie LLP and am counsel of record for Plaintiff Niantic, Inc. ("Niantic") in this matter.

2. I make this declaration in support of the Stipulation to Extend Briefing Deadlines. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to those facts.

3. On September 26, 2019, this Court entered the Order Denying Defendants' Motion to Dismiss and Granting Plaintiff's Motion for Preliminary Injunction (the "Preliminary Injunction Order"). The Preliminary Injunction Order preliminarily enjoins "[d]efendants Global++, Ryan Hunt, and Alen Hundur, and all of their officers, agents, servants, and employees, and persons in active concert or participation with them who receive actual notice of th[e] order." Dkt. 55 at 16.

4. On October 24, 2019, defendants Ryan Hunt and Alen Hundur (collectively, "Defendants") filed a Motion to Lift the Preliminary Injunction (the "Motion"). *See* Dkt. 63 (the "Motion").

5. The current deadline for Niantic to file an opposition to the Motion is November 7, 2019. *See* L.R. 7-3(b). The current deadline for Defendants to file a reply in support of the Motion is November 14, 2019. *See* L.R. 7-3(c). A hearing on the Motion is currently scheduled for December 18, 2019. *See* Dkt. 65.

6. Defendants' Motion raises several new factual and legal issues that have not been litigated before now. Defendants' Motion also relies on the Declaration of Robert Zeidman, which contains a lengthy technical analysis that was not previously presented to Niantic or this Court. Accordingly, to properly prepare an opposition to Defendants' Motion, Niantic requires additional time to evaluate these new issues and analyses and to undertake additional factual investigations to respond to them.

7. On October 30, 2019, the parties agreed to stipulate to an extension of the deadline for Niantic to file an opposition to the Motion from November 7, 2019 to and including November 19, 2019. The parties also agreed to stipulate to an extension of the deadline for Defendants to file a reply in support of the Motion from November 14, 2019 to and including December 4, 2019, which includes the Thanksgiving holiday.

8. The parties do not believe that the requested extensions will have any impact on the schedule for the case, including the December 18, 2019 Motion hearing. *See* Dkt. 65.

9. Pursuant to Local Rule 6-2(a)(2), the following is a list of "all previous time modifications in the case, whether by stipulation or court order."

   a. On July 11, 2019, the August 1, 2019 hearing on Niantic's motion for preliminary injunctive relief was vacated. *See* Dkt. 15, 20; *see also* Dkts. 17, 19.

   b. On July 11, 2019, the Initial Case Management conference was rescheduled from September 12, 2019 to September 30, 2019. *See* Dkts. 9, 23.

   c. On July 12, 2019, the parties stipulated to an extension of time, to and including July 17, 2019, for Defendants to respond to Niantic's Complaint. *See* Dkt. 24.

   d. On July 18, 2019, the hearing on Niantic's motion for preliminary injunctive relief was continued until August 8, 2019. *See* Dkt. 28.

   e. On July 19, 2019, the hearing on Niantic's motion for preliminary injunctive relief and Defendants' motion to dismiss was rescheduled from August 22, 2019 to September 4, 2019. *See* Dkts. 26, 30. At that time, the Court also ordered Defendants to file an opposition to Niantic's motion for preliminary injunctive relief by July 31, 2019 and ordered Niantic to file a reply in support of its motion for preliminary injunctive relief by August 7, 2019. *See* Dkts. 30, 7.

   f. On August 2, 2019, the parties stipulated to an extension of time, to and including August 14, 2019, for Niantic to file its reply in support of its motion for preliminary injunctive relief. *See* Dkts. 34, 36.

g. On August 7, 2019, the hearing on Niantic's motion for preliminary injunctive relief and Defendants' motion to dismiss was rescheduled from August 22, 2019 to September 11, 2019. *See* Dkt. 37.

h. On October 10, 2019, the parties stipulated to an extension of time, to and including October 24, 2019, for Defendants to respond to Niantic's Complaint. *See* Dkt. 61.

i. On October 25, 2019, the hearing on Defendants' Motion was rescheduled from December 4, 2019 to December 18, 2019. *See* Dkts. 63, 65.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 1, 2019 at Seattle, WA.

*/s/ Ryan Spear*
Ryan Spear

- 3 -