Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; and DOES 1-20,<br><br>          Defendants. | Case No. 19-cv-03425-JST<br><br>**DECLARATION OF RYAN SPEAR IN SUPPORT OF NIANTIC, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)** |

I, Ryan Spear, declare as follows:

1.      I am an attorney licensed to practice in the State of Washington and have been admitted to practice *pro hac vice* before this Court. *See* Dkt. 14. I am a partner at the law firm Perkins Coie LLP and am counsel of record for Plaintiff Niantic, Inc. ("Niantic") in this matter.

2.      I make this declaration in support of Niantic, Inc.'s opposition to defendants' Motion to Lift the Preliminary Injunction (Dkt. 63), which seeks reconsideration of the Court's order preliminarily enjoining defendants (Dkt. 55) under Federal Rule of Civil Procedure 59(e).

3.      I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to those facts.

4.      Attached as Exhibit A is a true and correct copy of an excerpt of the Reporter's Transcript of Proceedings from the motions hearing held before this Court on September 11, 2019.

5.      Attached as Exhibit B is a true and correct copy of defendants' initial disclosures, which were sent to Niantic's counsel on September 23, 2019.

6.      Attached as Exhibit C is a true and correct copy of an excerpt of a PowerPoint presentation that defendants submitted to the Court and relied upon during oral argument at the September 11, 2019 motions hearing held before this Court.

7.      Attached as Exhibit D is a true and correct copy of a redacted email message from Ryan Spear to defendants' counsel, dated August 20, 2019 and marked as "**NOT SUBJECT TO FRE 408**."

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on November 19, 2019 at Seattle, WA.

*/s/ Ryan Spear*
Ryan Spear

- 1 -

# EXHIBIT A

PAGES 1 - 58

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BEFORE THE HONORABLE JON S. TIGAR, JUDGE**

```
NIANTIC, INC.,              )
                            )
            PLAINTIFF,      )    NO. C-19-3425 JST
                            )
  VS.                       )    WEDNESDAY, SEPTEMBER 11, 2019
                            )
GLOBAL ++, ET AL.,          )    OAKLAND, CALIFORNIA
                            )
                            )    MOTION TO DISMISS
                            )
            DEFENDANTS.      )
_____)
```

<u>**REPORTER'S TRANSCRIPT OF PROCEEDINGS**</u>

<u>**APPEARANCES:**</u>

**FOR PLAINTIFF:**                PERKINS COIE LLP
                                  700 THIRTEENTH ST. N.W., SUITE 600
                                  WASHINGTON, DC 20005
                          BY:  TODD M. HINNEN, ESQUIRE

                                  PERKINS COIE
                                  1201 THIRD AVENUE, SUITE 4900
                                  SEATTLE, WASHINGTON 98101
                          BY:  RYAN SPEAR, ESQUIRE

**ALSO PRESENT:**                 DEVON HANLEY COOK,
                                  DIRECTOR OF LITIGATION, NIANTIC

**FOR DEFENDANT:**                POLSINELLI
                                  1661 PAGE MILL ROAD, SUITE A
                                  PALO ALTO, CALIFORNIA 94304
                          BY:  FABIO E. MARINO, ESQUIRE

**ALSO PRESENT:**                 RYAN HUNT

**REPORTED BY:**              DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                                  OFFICIAL COURT REPORTER

TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

```
1    WEDNESDAY, SEPTEMBER 11, 2019                2:02 P.M.

2                    P R O C E E D I N G S

3         THE CLERK:  YOUR HONOR, NOW CALLING CIVIL MATTER

4    19-3425, NIANTIC, INCORPORATED, V GLOBAL++, ET AL.  IF COUNSEL

5    COULD PLEASE COME FORWARD AND STATE THEIR APPEARANCES FOR THE

6    RECORD.

7         MR. HINNEN:  GOOD AFTERNOON, YOUR HONOR.  MY NAME IS

8    TODD HINNEN FROM THE LAW FIRM PERKINS COIE.

9      WITH ME AT COUNSELS' TABLE ARE MY COLLEAGUE, RYAN SPEAR,

10   AND MY CLIENT, DEVON HANLEY COOK, WHO IS THE DEPUTY GENERAL

11   COUNSEL FOR LITIGATION AND EMPLOYMENT AT NIANTIC.

12        THE COURT:  WELCOME.

13        MR. MARINO:  GOOD AFTERNOON, YOUR HONOR.

14   FABIO MARINO WITH POLSINELLI FOR MR. RYAN HUNT AND MR. ALEN

15   HUNDUR.  AND MR. HUNT IS PRESENT IN THE COURTROOM WITH ME.

16        THE COURT:  WELCOME.

17        MR. MARINO:  THANK YOU, YOUR HONOR.

18        THE COURT:  I GATHERED THAT ALTHOUGH YOU CONTEST THAT

19   EXISTENCE OF GLOBAL++ AS AN UNINCORPORATED ASSOCIATION, THAT

20   YOU NONETHELESS ARE APPEARING ON ITS BEHALF ALSO.

21        MR. MARINO:  I DON'T THINK I CAN BECAUSE, IF THEY

22   DON'T EXIST, SO I'M NOT SURE I CAN MAKE A REPRESENTATION ONE

23   WAY OR THE OTHER.  I THINK THAT IS ONE OF THE ISSUES,

24   OBVIOUSLY, THAT WE NEED TO DEAL WITH.

25      SO MR. HUNT IS EMPLOYED BY A COMPANY CALLED --
```

1        **THE COURT:**  NO, NO.  THAT'S OKAY.  I WAS JUST TRYING

2   TO GET ALL THE APPEARANCES DOWN.

3        **MR. MARINO:**  YES.  UNFORTUNATELY --

4        **THE COURT:**  I PROMISE YOU -- I PROMISE YOU, YOU WILL

5   HAVE AN OPPORTUNITY TO ADDRESS THAT TOPIC FURTHER.

6      WE HAVE CROSS-MOTIONS THIS AFTERNOON, WHICH MEANS THAT

7   EACH SIDE IS -- COULD FAIRLY BE DENOMINATED AS A MOVING PARTY.

8   I DON'T THINK THAT THE ISSUES ARE SO NUMEROUS OR COMPLICATED,

9   THOUGH, THAT WE NEED TO HAVE TOTALLY SEPARATE ARGUMENTS ON ONE

10  MOTION AND THEN TOTALLY SEPARATE ARGUMENTS ON THE OTHER.  I

11  JUST DON'T THINK THAT WE NEED TO DO THAT.

12     SO WHAT I WILL DO IS, I WILL HEAR FIRST FROM MR. MARINO,

13  THEN I'LL HEAR FROM MR. HINNEN, AND THEN I'LL HEAR FROM

14  MR. MARINO, AND THEN I'LL HEAR FROM MR. HINNEN.  IN YOUR

15  REMARKS TO THE COURT, YOU SHOULD FOCUS ON WHATEVER ASPECTS OF

16  EITHER MOTION YOU THINK ARE IMPORTANT.  EACH OF YOU WILL HAVE

17  AN OPPORTUNITY TO RESPOND TO THE OTHER.

18     MR. MARINO, GO AHEAD.

19        **MR. MARINO:**  THANK YOU, YOUR HONOR.  AND I HAVE

20  PREPARED A POWERPOINT PRESENTATION, WHICH IS BASICALLY

21  DEMONSTRATIVE.  I WILL GIVE....

22           (DOCUMENT HANDED TO COURT AND COUNSEL.)

23        **MR. MARINO:**  I HAVE A COUPLE EXTRA FOR THE CLERK, IF

24  YOU WOULD LIKE.

25        **THE COURT:**  THERE IS SORT OF AN INVISIBLE WALL

1   BETWEEN YOU AND THE CLERKS.  YOU CAN'T SEE IT BECAUSE IT'S

2   INVISIBLE.  THAT'S WHAT INVISIBLE MEANS.

3        YOU CAN HAND IT TO COURT STAFF AND WE WILL SEE WHAT

4   HAPPENS.

5               **MR. MARINO:**  WHATEVER USE THE COURT MIGHT HAVE FOR

6   THEM.

7               **THE COURT:**  OKAY.  GO AHEAD.

8               **MR. MARINO:**  I WILL START WITH THE MOTION TO DISMISS.

9   AND ON SLIDE 3, THE PROBLEM WE HAVE -- THERE'S A COUPLE OF

10  PROBLEMS.

11       ONE THE COURT ALREADY TOUCHED UPON, WHICH IS THE PLAINTIFF

12  HAS DECIDED TO SUE GLOBAL++.  GLOBAL++, AS FAR AS I CAN TELL,

13  IS A LABEL.  IT'S LIKE SUING A COMPUTER PROGRAM OR WEBSITE.

14  THERE ARE, OBVIOUSLY, PEOPLE THAT ARE CREATING THE SOFTWARE.

15  FOR EXAMPLE, MR. HUNT IS THE SOFTWARE DEVELOPER.  CERTAINLY,

16  THEY ARE FREE TO ALLEGE ALLEGATIONS AGAINST MR. HUNT.

17       THE PROBLEM WITH NAMING GLOBAL++ IS THAT THERE ARE NO

18  FACTS PLED IN THE COMPLAINT THAT WOULD SAY, OKAY, THIS IS WHAT

19  CONSTITUTES AN UNINCORPORATED ASSOCIATION.  WHAT DOES IT MEAN?

20  FOR EXAMPLE --

21               **THE COURT:**  YOU WANT THE OTHER SIDE TO POST A BOND IN

22  CONNECTION WITH THEIR MOTION FOR PRELIMINARY INJUNCTION,

23  CORRECT?

24               **MR. MARINO:**  THAT IS CORRECT.

25               **THE COURT:**  THE REASON FOR POSTING A BOND IN A

```
1    PRELIMINARY INJUNCTION PROCEEDING IS THAT IT'S NECESSARY TO
2    ENSURE THAT THE ENJOINED PARTY BE ABLE TO BE MADE WHOLE IF A
3    MISTAKE WAS MADE, CORRECT?
4            MR. MARINO:  THAT'S CORRECT.
5            THE COURT:  THAT'S WHY WE HAVE BONDS.
6            MR. MARINO:  ABSOLUTELY.
7            THE COURT:  AND THE ONLY CONCEIVABLE CIRCUMSTANCE IN
8    THIS CASE, WHY THERE MIGHT BE AN INJURY FOR WHICH A BOND WOULD
9    BE REQUIRED IS THAT, ALTHOUGH YOUR CLIENT -- CLIENTS HAVE
10   DISCLAIMED ANY DESIRE TO PUT THIS SOFTWARE BACK INTO THE
11   MARKET IF THEY DECIDED THEY WANTED TO DO THAT AND THEY
12   COULDN'T, THEY WOULD BE DEPRIVED OF SALES, RIGHT?
13           MR. MARINO:  THAT IS CORRECT.
14           THE COURT:  AND IN THE PAST THERE WERE SUCH SALES,
15   CORRECT?
16           MR. MARINO:  THAT IS CORRECT.
17           THE COURT:  THAT'S NOT DISPUTED.
18           MR. MARINO:  THAT IS NOT DISPUTED.
19           THE COURT:  WHO DID THE SELLING?
20           MR. MARINO:  SO I THINK UNDER THE NAMED PARTIES RIGHT
21   NOW IS AN UNNAMED ENTITY.
22           THE COURT:  RIGHT.  MY QUESTION IS, DID THE UNNAMED
23   ENTITY THAT DOESN'T EXIST GET PAID FOR ITS SOFTWARE IN THE
24   PAST?
25           MR. MARINO:  THAT ENTITY DID GET PAID BUT IT IS NOT
```

```
 1   NAME.

 2       AND ON PAGE 14, OR THE PAGE FOLLOWING THE TITLE PAGE FOR

 3   EXHIBIT E, YOU WILL SEE THAT THAT'S THE WHO IS RESULT FOR

 4   GLOBAL++.COM, GLOBAL++'S WEB PAGE.  AND ABOUT FIVE LINES UP

 5   FROM THE BOTTOM, YOU WILL SEE REGISTRANT NAME, MATTHEW

 6   JOHNSON; ORGANIZATION, MASONIC; THE STREET ADDRESS, POSTAL

 7   CODE, A PHONE NUMBER, AND THEN SEVERAL LINES DOWN FROM THAT ON

 8   ANOTHER PAGE, MATTJ8290@GMAIL.COM.

 9           THE COURT:  YES, I SEE THAT.

10           MR. HINNEN:  OKAY.  THANK YOU, YOUR HONOR.

11       NOW I WOULD LIKE TO DIRECT THE COURT TO EXHIBIT F, WHICH

12   IS PAGE 20 OF THE SAME DOCUMENT.

13           THE COURT:  YES, I AM THERE.

14           MR. HINNEN:  OKAY.  AND IF YOUR HONOR TURNS TO

15   PAGE 21, WHICH IS THE FIRST ACTUAL SUBSTANTIVE PAGE OF THE

16   DOCUMENT, YOU'LL SEE THAT THAT'S A RESPONSE TO AN EMAIL FROM

17   DOMAINS BY PROXY.  AND MR. LANZ EXPLAINS THAT THAT IS THE

18   DOMAIN NAME -- I ALWAYS GET THIS CONFUSED -- REGISTRAR FOR

19   APP HAVEN.  AS YOU'LL SEE THERE, APPHAVEN.ORG IN THE TOP.  AND

20   YOU'LL SEE IT'S THE EXACT SAME INDIVIDUAL.  MATTHEW JOHNSON,

21   MASONIC, SAME ADDRESS, SAME PHONE NUMBER, SAME EMAIL ADDRESS.

22       OKAY.

23           THE COURT:  WE DON'T KNOW ANYTHING MORE FROM THESE

24   PAPERS ABOUT THE ROLE THAT MR. JOHNSON -- IF THAT'S EVEN A

25   REAL PERSON, THAT MR. JOHNSON PLAYS IN THESE UNDERLYING
```

1    INFRINGING ACTIVITIES, DO WE?

2         **MR. HINNEN:**  WE DON'T FROM THESE PAPERS, YOUR HONOR.

3    WHAT I WILL DEMONSTRATE FROM THESE PAPERS AS WE TURN TO THE

4    PRELIMINARY INJUNCTION -- WHAT WE HAVE JUST ESTABLISHED,

5    OBVIOUSLY, IS A CONNECTION BETWEEN GLOBAL++ AND APP HAVEN.

6    AND WHAT I WILL --

7         **THE COURT:**  YES.  BUT REGARDLESS OF WHAT ASSUMPTIONS

8    I MIGHT MAKE ABOUT THE ABILITY OF THE INDIVIDUAL DEFENDANTS IN

9    THIS CASE TO DO THEIR OWN DOMAIN NAME REGISTRATION, WHICH IS

10   NOT A COMPLICATED PROCESS, PARTICULARLY IF YOU USE AN ENTITY

11   LIKE GODADDY, WHICH SOMEBODY APPARENTLY DID, NONETHELESS, IT'S

12   ALSO TRUE THAT SOMETIMES PEOPLE ALLOW THIRD PARTIES TO TAKE

13   CARE OF THESE DETAILS FOR THEM.  AND THERE'S NOTHING TO SAY

14   THAT IT'S NOT A COINCIDENCE THAT SOMEONE NAMED MATTHEW JOHNSON

15   DID THIS FOR TWO SEPARATE ENTITIES.

16      I'M JUST SAYING IT'S SORT OF A THIN READ.  THAT'S ALL.

17        **MR. HINNEN:**  SURE, YOUR HONOR.  AND I WILL ADD MORE

18   WEIGHT AND MASS TO THE READ AS I DISCUSS THE PRELIMINARY

19   INJUNCTION MOTION.  THANK YOU, YOUR HONOR.

20      YOUR HONOR, WITH RESPECT TO THE PRELIMINARY INJUNCTION

21   MOTION --

22        **THE COURT:**  ALTHOUGH, IT WOULD BE A HECK OF A

23   COINCIDENCE IF A SUBSEQUENT WEBSITE WERE TO BE DISTRIBUTING

24   POKEGO++.

25        **MR. HINNEN:**  THAT WOULD BE A REMARKABLE --

1          **THE COURT:**  THAT MIGHT BE YOUR FIRST POINT.

2          **MR. HINNEN:**  THAT WOULD BE A REMARKABLE COINCIDENCE,

3     WOULDN'T IT, YOUR HONOR.

4          **THE COURT:**  YES.  RIGHT.

5          **MR. HINNEN:**  SO BEFORE THE COURT TODAY, YOUR HONOR,

6     IS NIANTIC'S MOTION FOR PRELIMINARY INJUNCTION.  THAT

7     PRELIMINARY INJUNCTION IS BASED ON THREE OF THE SIX CLAIMS

8     THAT THE PLAINTIFFS MAKE AGAINST DEFENDANTS IN THEIR

9     COMPLAINT.  AND IT MAKES THOSE CLAIMS AND THOSE ALLEGATIONS

10    AGAINST DEFENDANTS ALEN HUNDUR, RYAN HUNT, AND THE ASSOCIATION

11    THROUGH WHICH THEY ENGAGE IN THEIR INFRINGING AND OTHER

12    MISCONDUCT GLOBAL++.

13         NIANTIC HAS DEMONSTRATED IN ITS PAPERS THAT IT'S LIKELY TO

14    PREVAIL ON EACH CLAIM; THAT IT WILL SUFFER IRREPARABLE HARM;

15    THAT THE BALANCE OF HARDSHIP IS -- TIPS STEEPLY IN ITS FAVOR;

16    AND THAT THE ISSUANCE OF AN INJUNCTION IS IN THE PUBLIC

17    INTEREST.  AND, ACCORDINGLY, IT ASKS THIS COURT TO GRANT A

18    PRELIMINARY INJUNCTION.

19         I'LL BRIEFLY EXPLAIN HERE TODAY WHY NIANTIC IS ENTITLED TO

20    A PRELIMINARY INJUNCTION AND WHY DEFENDANTS' ARGUMENTS TO THE

21    CONTRARY ARE INCORRECT AND UNAVAILING, IDENTIFYING SOME OF THE

22    MOST SIGNIFICANT EVIDENCE IN THE RECORD AS I GO.

23         YOUR HONOR, DEFENDANTS' PAPERS DO NOT CONTEST THE FACTS

24    AND ARGUMENTS NIANTIC HAS PRESENTED IN SUPPORT OF ITS CFAA

25    CLAIM AND ITS CONTRACT CLAIMS.  DEFENDANTS HAVE WAIVED ANY

1    FIRST OF ALL, SPENDS A LOT OF TIME ATTRIBUTING CONDUCT TO

2    GLOBAL++, WHICH MR. HUNT HAS ALREADY TOLD THE COURT IS A

3    NONENTITY THAT DOESN'T EXIST, BUT IT ALSO PURPORTS TO PUT

4    TESTIMONY BEFORE THE COURT BASED ON PERSONAL KNOWLEDGE OF

5    WHAT'S HAPPENED WITH NIANTIC'S REVENUES, WHAT'S HAPPENED WITH

6    THE NUMBER OF NIANTIC'S USERS, WHEN NIANTIC'S REVENUES WENT

7    UP, WHEN THEY WENT DOWN.  THIS IS IN PARAGRAPH --

8            **THE COURT:**  I'M NOT FOCUSED ON THAT PART.

9            **MR. HINNEN:**  -- 11 AND 12.  OKAY, YOUR HONOR.  IT

10   DOES, IF YOUR HONOR IS INCLINED TO ENGAGE ON A CREDIBILITY

11   ASSESSMENT, IT GOES TO MR. HUNT'S CREDIBILITY.

12           **THE COURT:**  FAIR ENOUGH.

13           **MR. HINNEN:**  I BELIEVE THAT'S ALL I HAVE, YOUR HONOR.

14           **THE COURT:**  ALL RIGHT.  THANKS.

15           **MR. MARINO:**  I DON'T WANT TO ARGUE.  I REQUEST FOR MY

16   CLIENT.

17           **THE COURT:**  I SEE.  SURE.

18           **MR. MARINO:**  I DO THIS JUST BECAUSE IT IS A

19   PRELIMINARY INJUNCTION MOTION.  THE COURT MENTIONED THAT THERE

20   IS A TENTATIVE AGAINST US.

21           **THE COURT:**  YES.

22           **MR. MARINO:**  SO I THINK IT'S IMPORTANT TO -- AND

23   THAT'S WHY MR. HUNT CAME TODAY.

24       TO THE EXTENT THAT HE HASN'T REBUTTED IN THE RECORD FACTS

25   THAT WERE ALLEGED BY NIANTIC, I WILL SUBMIT THAT THERE IS A

```
 1    LOT OF FACTS ALLEGED IN THE ORIGINAL MOTION, A LOT MORE FACTS

 2    ALLEGED IN THE REPLY, WHICH, OF COURSE, MY CLIENT HASN'T HAD

 3    THE OPPORTUNITY TO REBUT, HE WOULD REQUEST THE OPPORTUNITY

 4    EITHER BY TESTIFYING OR SUBMITTING A SUPPLEMENTAL DECLARATION.

 5    AND HE COULD REPLY (PHONETIC) TO ARGUMENTS THAT WERE EXPANDED

 6    IN THE FIRST INSTANCE IN THE REPLY.

 7              THE COURT:  I AM NOT GOING TO ENTERTAIN THAT REQUEST

 8    AT 3:24 ON THE DAY OF THE HEARING.  THE REQUEST IS DENIED.

 9        I'M GOING TO DO SOMETHING THAT I HAVE EITHER NEVER DONE

10    BEFORE, OR IF I HAVE DONE IT, I DON'T REMEMBER IT, WHICH MEANS

11    I CAN'T HAVE DONE IT MORE THAN ONCE BEFORE, AND THAT IS, I'M

12    GOING TO ORDER YOU TO MEDIATION WITHIN THE NEXT 90 DAYS.

13        YOU CAN DO IT FOR FREE.  YOU CAN USE THE COURT'S MEDIATION

14    PROGRAM.  YOU CAN PICK YOUR OWN PERSON AND PAY.  I DON'T CARE.

15    YOU DON'T NEED TO SETTLE EITHER.  THE POINT OF THIS IS NOT

16    THAT I NEED YOU TO SETTLE.  I DON'T NEED YOU TO SETTLE.

17        IT IS AN EXTREMELY INTERESTING CASE.  WE DON'T TRY ENOUGH

18    CASES IN THE FEDERAL COURT OR IN COURTS IN GENERAL.  YOU WANT

19    TO TAKE THIS ALL THE WAY TO THE END?  MORE POWER TO YOU.  BUT

20    I HAVE A FEELING IT'S PROBABLY NOT THAT KIND OF CASE.  I THINK

21    I'M DOING YOU A FAVOR.

22        SO YOU WILL MEET AND CONFER WITH EACH OTHER.  AND WHAT IS

23    TODAY?  WEDNESDAY.  BY FRIDAY AT 5:00 P.M., YOU WILL FILE

24    SOMETHING THAT INDICATES EITHER THAT YOU HAVE AGREED ON COURT

25    MEDIATION, YOU HAVE AGREED ON PRIVATE MEDIATION AND YOU'LL
```

```
1    IDENTIFY THE MEDIATOR, OR YOU'LL SAY YOU CAN'T AGREE.  IF YOU

2    CAN'T AGREE, I'LL GET YOU BACK IN FRONT OF ME IN SHORT ORDER.

3           MR. MARINO:  YOUR HONOR, WE HAVE ALREADY AGREED TO AN

4    ENE.

5           THE COURT:  VERY GOOD.

6           MR. MARINO:  WE SUBMITTED THAT PAPER.  WE WILL STILL

7    MEET AND CONFER AND AGREE ON A PERSON --

8           THE COURT:  NO, NO.  I'M A HUGE RESPECTER OF THE

9    LAWYERS' JUDGMENT.  I THINK IF THE LAWYERS -- I THINK THE

10   LAWYERS KNOW THEIR CASE BETTER THAN THE JUDGE DOES.  I'M NOT

11   GOING TO TELL YOU DON'T DO ENE.  IF YOU THINK THAT'S THE MOST

12   EFFECTIVE MECHANISM FOR YOU, BY ALL MEANS DO IT.  SOMETIMES

13   THOSE TURN INTO MEDIATION, SOMETIMES THEY DON'T.

14       I JUST WANTED YOU, FOR YOUR CLIENTS' MUTUAL SAKES, TO

15   START USING A THIRD-PARTY NEUTRAL SOONER RATHER THAN LATER,

16   BUT YOU'RE ALREADY A STEP AHEAD OF ME.  AND IF I HAD LOOKED AT

17   THE DOCKET IMMEDIATELY BEFORE I TOOK THE BENCH, I PROBABLY

18   WOULD HAVE KNOWN THAT YOU PUT IN THIS STIPULATION.  SO I WILL

19   TAKE A LOOK AT THAT WHEN I GET OFF THE BENCH.

20       THE COURT IS GOING TO TAKE THESE MOTIONS UNDER SUBMISSION.

21   THE COURT IS NOW IN RECESS.

22       THANK YOU.

23           THE CLERK:  COURT IS IN RECESS.

24               (PROCEEDINGS CONCLUDED AT 3:25 P.M.)

25
```

## **CERTIFICATE OF REPORTER**

       I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE

UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

*Diane E. Skillman*

    DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

     WEDNESDAY, SEPTEMBER 25, 2019

# EXHIBIT B

FABIO E. MARINO (SBN 183825)
fmarino@polsinelli.com
POLSINELLI LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
T:  650-461-7700
F:  650-461-7701

Phillip Zeeck (*Admitted PHV*)
pzeeck@polsinelli.com
POLSINELLI PC
900 West 48th Place, Ste. 900
Kansas City, MO 64112
T:  816-753-1000
F:  816-753-1536

Attorneys for Defendants
Ryan Hunt and Alen Hundur

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., | Case No. 4:19-cv-03425 JST |
| Plaintiff, | DEFENDANTS INITIAL DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV.P.26 (A)(1) |
| v. | |
| GLOBAL++, et al., | |
| Defendants. | Date Action Filed:  June 14, 2019 |

Defendants Ryan Hunt and Alen Hundur make the following initial disclosures under Fed. R. Civ. P. 26(a)(1)(A).

**A.     The name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Defendants have not yet discovered all individuals who may have discoverable, non-privileged information that may support their defenses in this case.  To date, Defendants have identified the following:

(1)   Defendant Ryan Hunt

(Mr. Hunt should not be contacted except through counsel.)

Mr. Hunt is likely to have knowledge of his personal and employment history, the events and circumstances giving rise to this lawsuit such as the development, structure, operation, and distribution of spoofing software under the label "Global++," Defendants' defenses, communications with Niantic, and communications with other persons and entities involved in spoofing video games developed and distributed by Niantic.

(2)   Alen Hundur

(Mr. Hundur should not be contacted except through counsel.)

Mr. Hundur is likely to have knowledge of his personal and employment history, Defendants' defenses, communications with Niantic, and communications with other persons and entities involved in spoofing video games developed and distributed by Niantic.

(3)   Any witness identified by any other party to this lawsuit.

(4)   Any individual needed for impeachment or rebuttal.

Defendants reserve the right to supplement its response to this disclosure.

**B.   A copy or a description by category and location - of all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Defendants identify the following documents that may be used to support its defenses in this litigation that are in the possession of its counsel:

(1)   Files showing the code used to operate software distributed under the "Global++" label;

(2)   Communications between and among Defendants and Niantic;

(3)     Communications between and among Defendants and other creators of spoofing software, such as iSpoofer;

(4)     Documents publicly available on various internet platforms substantiating Defendants' defenses and contradicting Niantic's claims, including statements by Niantic officers and employees;

(5)     Any documents identified by Niantic or any future co-defendants; and

(6)     Any and all documents needed for rebuttal or impeachment.

Defendants reserve the right to supplement its response to this disclosure.

**C.     Computation of each category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendants are not seeking damages at this time but reserves the right to do so.

**D.     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.**

Defendants are reviewing various insurance agreements to determine whether any are subject to disclosure under Rule 26. Defendants will update these disclosures as that review progresses.

Dated:  September 23, 2019                    Respectfully Submitted,

                                              POLSINELLI LLP


                                              */s/ Fabio E. Marino*
                                         By:    Fabio E. Marino

                                              Attorneys for Defendants
                                              RYAN HUNT AND ALEN HUNDUR

# EXHIBIT C

POLSINELLI

Defendants' Motions to Dismiss And Opposition to PI

September 11, 2019

# *Distribution Of Global++ Software Is A Fair Use Necessary to Achieve Interoperability*

- Niantic argues that Global++ infringes by distributing Niantic code without authorization
- But distributing the unmodified Niantic code with the Global++ code is technically necessary to achieve interoperability
- In **Galoob** and **Sega v. Accolade**, the Ninth Circuit found that copying copyrighted code to achieve interoperability was fair use
- The same is true here

25

# *Global++ Code Does Not Supplant Niantic's code*

- Global++ code does not supplant the Niantic code
- Instead *the same, exact Niantic code* that directs in-app purchases to Niantic is present in Global++
- Users of Global++ *pay Niantic for use of the Niantic code* and pay Global++ for use of the Global++ code
- Just like in Galoob, *Niantic does not offer the features in Global++ code*
- To the contrary, Niantic has *a policy prohibiting the use of these features* (e.g. spoofing)
- As a result, Global++ code offers features that Niantic has never offered and does not plan to offer

# EXHIBIT D

| | |
|---|---|
| **From:** | Spear, Ryan (SEA) |
| **To:** | Fabio Marino; Phillip Zeeck |
| **Cc:** | Hinnen, Todd M. (SEA); Earl, Erin K. (SEA) |
| **Subject:** | Niantic / Today"s meeting |
| **Date:** | Tuesday, August 20, 2019 6:31:00 PM |

**NOT SUBJECT TO FRE 408**

Hi Fabio and Phil,

Thanks again for the productive meeting this afternoon. Here are the key points that we discussed:

1. Both parties agree that they will not present live testimony at the September 11 hearing unless the Court orders such testimony.



Thanks,

Ryan

**Ryan Spear** | **Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3039
F. +1.206.359.4039
E. RSpear@perkinscoie.com

---

**From:** Fabio Marino <FMarino@Polsinelli.com>
**Sent:** Tuesday, August 20, 2019 3:31 PM
**To:** Spear, Ryan (SEA) <RSpear@perkinscoie.com>
**Cc:** Phillip Zeeck <PZeeck@Polsinelli.com>; Hinnen, Todd M. (SEA) <THinnen@perkinscoie.com>
**Subject:** Re: Rule 26 Conference, Deposition Notices

Thanks

Fabio E. Marino
Chair IP Litigation
fmarino@polsinelli.com

On Aug 20, 2019, at 3:30 PM, Spear, Ryan M. (Perkins Coie) <RSpear@perkinscoie.com> wrote:

> **EXTERNAL EMAIL**
> ---
> Hi Fabio,
>
> Sure, we can move our call to 4:30pm. I'll send a revised invitation.
>
> Thanks,
>
> Ryan
>
> **Ryan Spear** | **Perkins Coie LLP**
> PARTNER
> 1201 Third Avenue Suite 4900
> Seattle, WA 98101-3099
> D. +1.206.359.3039
> F. +1.206.359.4039
> E. RSpear@perkinscoie.com
>
> ---
>
> **From:** Fabio Marino <FMarino@Polsinelli.com>
> **Sent:** Tuesday, August 20, 2019 2:58 PM
> **To:** Spear, Ryan (SEA) <RSpear@perkinscoie.com>
> **Cc:** Phillip Zeeck <PZeeck@Polsinelli.com>; Hinnen, Todd M. (SEA) <THinnen@perkinscoie.com>
> **Subject:** Re: Rule 26 Conference, Deposition Notices
>
> Ryan,