Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff
NIANTIC, INC., a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL ++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; and DOES 1-20,<br><br>Defendants. | Case No. 19-cv-03425-JST<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties

-1-

1   hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

2   acknowledge that this Order does not confer blanket protections on all disclosures or responses to

3   discovery and that the protection it affords from public disclosure and use extends only to the limited

4   information or items that are entitled to confidential treatment under the applicable legal principles.

5   The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective

6   Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth

7   the procedures that must be followed and the standards that will be applied when a party seeks

8   permission from the court to file material under seal.

9   2.      DEFINITIONS

10          2.1     Challenging Party: a Party or Non-Party that challenges the designation of information

11   or items under this Order.

12          2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is

13   generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

14   Civil Procedure 26(c).

15          2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as

16   their support staff).

17          2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY

18   CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – CODE," or

19   "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT" information in this matter.

20          2.5     Designating Party: a Party or Non-Party that designates information or items that it

21   produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

22   CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – CODE," or

23   "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT."

24          2.6     Disclosure or Discovery Material: all items or information, regardless of the medium

25   or manner in which it is generated, stored, or maintained (including, among other things, testimony,

26   transcripts, and tangible things), that are produced or generated in disclosures or responses to

27   discovery in this matter.

28

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code (including both human-readable source code and machine-readable binary code) and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT" Information or Items: extremely sensitive "Confidential Information or Items" that describe or relate to the security measures used by a Party to protect its users, services, games, mobile apps, servers, or computer code, or that describe or relate to the measures used by a Party to identify, detect, respond to, and minimize or eliminate cheating or hacking. This definition further includes, but is not limited to, materials comprising engineering, product, or operational specifications or policies related to cheating or hacking and a Party's cheating or hacking defense and minimization efforts. Disclosure of such sensitive "Confidential Information or Items" to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11    Highly Confidential Information or Items: Any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items, "HIGHLY CONFIDENTIAL – CODE"

Information or Items, or "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT" Information or Items.

2.12    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.13    Non-Party: any natural person, partnership, corporation, association, or other legal or non-legal entity not named as a Party to this action.

2.14    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.15    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.16    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.17    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.18    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – CODE," or "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT."

2.19    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving

-4-

Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure if the Receiving Party obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. For a period of six months after final disposition of this litigation, this Court will retain jurisdiction to enforce the terms of this Order.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber

1   or retard the case development process or to impose unnecessary expenses and burdens on other

2   parties) may expose the Designating Party to sanctions.

3       If it comes to a Designating Party's attention that information or items that it designated for

4   protection do not qualify for protection at all or do not qualify for the level of protection initially

5   asserted, that Designating Party must promptly notify all other parties and redesignate the information

6   or items as appropriate.

7       5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see,

8   e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

9   Discovery Material that qualifies for protection under this Order must be clearly so designated before

10  the material is disclosed or produced.

11      Designation in conformity with this Order requires:

12      (a) for information in documentary form (e.g., paper or electronic documents, but excluding

13  transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

14  legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

15  "HIGHLY CONFIDENTIAL – CODE," or "HIGHLY CONFIDENTIAL – SECURITY OR

16  ANTICHEAT" to each page that contains protected material. If only a portion or portions of the

17  material on a page qualifies for protection, the Producing Party also must clearly identify the protected

18  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion,

19  the level of protection being asserted.

20      A Party or Non-Party that makes original documents or materials available for inspection need

21  not designate them for protection until after the inspecting Party has indicated which material it would

22  like copied and produced. During the inspection and before the designation, all of the material made

23  available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24  ONLY." After the inspecting Party has identified the documents it wants copied and produced, the

25  Producing Party must determine which documents, or portions thereof, qualify for protection under

26  this Order. Then, before producing the specified documents, the Producing Party must affix the

27  appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28  ONLY," "HIGHLY CONFIDENTIAL – CODE," or "HIGHLY CONFIDENTIAL – SECURITY OR

-6-

1   ANTICHEAT") to each page that contains Protected Material. If only a portion or portions of the

2   material on a page qualifies for protection, the Producing Party also must clearly identify the protected

3   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion,

4   the level of protection being asserted.

5        (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

6   Designating Party identify on the record, before the close of the deposition, hearing, or other

7   proceeding, all protected testimony and specify the level of protection being asserted. When it is

8   impractical to identify separately each portion of testimony that is entitled to protection and it appears

9   that substantial portions of the testimony may qualify for protection, the Designating Party may invoke

10  on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21

11  days to identify the specific portions of the testimony as to which protection is sought and to specify

12  the level of protection being asserted. Only those portions of the testimony that are appropriately

13  designated for protection within the 21 days shall be covered by the provisions of this Stipulated

14  Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days

15  afterwards if that period is properly invoked, that the entire transcript shall be treated as

16  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY

17  CONFIDENTIAL – CODE," or "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT."

18       Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

19  other proceeding to include Protected Material so that the other parties can ensure that only authorized

20  individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are

21  present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way

22  affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY," "HIGHLY CONFIDENTIAL – CODE," or "HIGHLY CONFIDENTIAL – SECURITY OR

24  ANTICHEAT."

25       Transcripts containing Protected Material shall have an obvious legend on the title page that

26  the transcript contains Protected Material, and the title page shall be followed by a list of all pages

27  (including line numbers as appropriate) that have been designated as Protected Material and the level

28  of protection being asserted by the Designating Party. The Designating Party shall inform the court

1  reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period

2  for designation shall be treated during that period as if it had been designated "HIGHLY

3  CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the

4  expiration of that period, the transcript shall be treated only as actually designated.

5        (c) for information produced in some form other than documentary and for any other tangible

6  items, that the Producing Party affix in a prominent place on the exterior of the container or containers

7  in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY

8  CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – CODE," or

9  "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT." If only a portion or portions of the

10  information or item warrant protection, the Producing Party, to the extent practicable, shall identify the

11  protected portion(s) and specify the level of protection being asserted.

12        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

13  designate qualified information or items does not, standing alone, waive the Designating Party's right

14  to secure protection under this Order for such material. Promptly after discovering an inadvertent

15  failure to properly designate qualified information or items, the Designating Party shall provide written

16  notice to the Receiving Party, and shall furnish the Receiving Party with replacement pages with the

17  appropriate alternative designation(s). Upon timely correction of a designation, the Receiving Party

18  must make reasonable efforts to assure that the material is treated in accordance with the provisions of

19  this Order, and shall return or destroy the improperly designated material and certify in writing to the

20  Designating Party that it has done so.

21  6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

22        6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

23  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

24  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

25  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

26  confidentiality designation by electing not to mount a challenge promptly after the original designation

27  is disclosed.

28

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, including engaging in voice to voice dialogue, or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the parties shall comply with the undersigned's Standing Order for All Civil Cases, Section J ("Discovery Matters"). Any joint letter brief related to this provision must be accompanied by a competent declaration affirming that the Parties have complied with the meet and confer requirements imposed by the preceding paragraph and the separate Standing Order requirements.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. The Designating Party waives confidentiality if a confidentiality designation remains disputed for 4 weeks without either party attempting to seek judicial intervention (subject to any extensions agreed to by the disputing parties); otherwise, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

        7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

        7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d) the court and its personnel;

        (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form that, to the extent technically feasible, requires two-factor authentication prior to access.

1    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary

2    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

3    otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition

4    testimony or exhibits to depositions that reveal Protected Material must be separately bound by the

5    court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective

6    Order.

7    (g) the author or recipient of a document containing the information or a custodian or other

8    person who otherwise possessed or knew the information.

9        7.3    Disclosure of "Highly Confidential" Information or Items. Unless otherwise ordered

10   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

11   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

12   "HIGHLY CONFIDENTIAL – CODE," or "HIGHLY CONFIDENTIAL – SECURITY OR

13   ANTICHEAT" only to:

14   (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

15   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

16   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached

17   hereto as Exhibit A;

18   (b) Designated House Counsel of the Receiving Party (1) who have no involvement in

19   competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3)

20   who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom

21   the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

22   (c) Up to two Experts of the Receiving Party (1) to whom disclosure is reasonably necessary

23   for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

24   A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed,

25   acknowledging that the Receiving Party may request in writing the ability to disclose "Highly

26   Confidential" Information or Items to additional Experts but that such disclosure may be made only

27   upon prior written approval by the Designating Party, which shall not be unreasonably withheld;

28   (d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional

Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other

person who otherwise possessed or knew the information.

Notwithstanding the foregoing, Niantic may disclose any information or item designated by

Defendants as "HIGHLY CONFIDENTIAL – CODE" or "HIGHLY CONFIDENTIAL – SECURITY

OR ANTICHEAT" to up to three of Niantic's employees if access by those employees to such

information or item would materially assist Designated House Counsel or Counsel in understanding

the technical information contained therein.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "Highly Confidential"</u>

<u>Information or Items to Designated House Counsel or Experts.</u>

(a)(1) The Parties shall exchange lists of no more than two Designated House Counsel.  The

list shall include each designated individual's (1) full name and city and state of residence, and (2)

current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to

determine if he or she is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a

Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has

been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY

CONFIDENTIAL – CODE," or "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT"

pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1)

identifies the general categories of "Highly Confidential" Information or Items that the Receiving

Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city

and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert

has received compensation or funding for work in his or her areas of expertise or to whom the expert

has provided professional services, including in connection with a litigation, at any time during the

preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  An Expert that receives "Highly Confidential" Information or Items shall not undertake certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "Highly Confidential" Information or Items.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Parties shall comply with the undersigned's Standing Order for All Civil Cases, Section J ("Discovery Matters").  Any joint letter brief shall affirm compliance with both the terms of paragraph 7.4 in this protective order and subsequent compliance with the meet-and-confer requirements in the Standing Order. Any such joint letter brief must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such joint letter brief must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

-13-

1    In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

2    Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

3    safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its

4    Designated House Counsel or Expert.

5    8.    OMITTED

6    9-A.    COMPUTER CODE

7    (a)    To the extent production of computer code becomes necessary in this case, a

8    Producing Party may designate such code as "HIGHLY CONFIDENTIAL – CODE" if it comprises or

9    includes confidential, proprietary, or trade secret source code.

10    (b)    Protected Material designated as "HIGHLY CONFIDENTIAL – CODE" shall be

11    subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12    ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY

13    CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in

14    Paragraphs 7.3 and 7.4.

15    (c)    Any computer code produced in discovery shall be made available for inspection, in a

16    format allowing it to be reasonably reviewed and searched, during normal business hours or at other

17    mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed

18    upon location. The computer code shall be made available for inspection on a secured computer in a

19    secured room without Internet access or network access to other computers, and the Receiving Party

20    shall not copy, remove, or otherwise transfer any portion of the computer code onto any recordable

21    media or recordable device. The Producing Party may visually monitor the activities of the Receiving

22    Party's representatives during any computer code review, but only to ensure that there is no

23    unauthorized recording, copying, or transmission of the computer code.

24    (d)    The Receiving Party may request paper copies of limited portions of computer code

25    that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other

26    papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the

27    source code other than electronically as set forth in paragraph (c) in the first instance. In no event may

28    the Receiving Party print more than five (5) consecutive pages, or an aggregate total of more than five

-14-

hundred (500) pages, of computer code during the duration of the case without prior written approval by the Producing Party, which shall not be unreasonably withheld. The Producing Party shall provide all such computer code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – CODE." The Producing Party may challenge the amount of computer code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the computer code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the computer code and/or permit such paper copies to be viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access computer code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in a secured location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (i) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (ii) necessary for deposition, or (iii) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

9-B.     <u>SECURITY OR ANTICHEAT MEASURES</u>

(a)     To the extent production of material described in paragraph 2.10 above becomes necessary in this case, a Producing Party may designate such material as "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT."

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

CODE" information described in paragraph 9-A above, with the exception that the Receiving Party may not print more than one (1) page, or an aggregate total of more than ten (10) pages, of materials designated as "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT" during the duration of the case without prior written approval by the Producing Party, which shall not be unreasonably withheld.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

        If a Party is served with a subpoena, court order, or other valid legal process issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – CODE," or "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT," that Party must:

        (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, court order, or other valid legal process;

        (b) promptly notify in writing the party who caused the subpoena, court order, or other valid legal process to issue in the other litigation that some or all of the material covered by the subpoena, order, or other valid legal process is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

        If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or other valid legal process shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – CODE," or "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT" before a determination by the court from which the subpoena, order, or other valid legal process

_____

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1    issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall

2    bear the burden and expense of seeking protection in that court of its confidential material – and

3    nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this

4    action to disobey a lawful directive from another court.

5    11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS</u>

6           <u>LITIGATION</u>

7           (a)    The terms of this Order are applicable to information produced by a Non-Party in this

8    action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9    ONLY," "HIGHLY CONFIDENTIAL –CODE," or "HIGHLY CONFIDENTIAL – SECURITY OR

10   ANTICHEAT." Such information produced by Non-Parties in connection with this litigation is

11   protected by the remedies and relief provided by this Order. Nothing in these provisions should be

12   construed as prohibiting a Non-Party from seeking additional protections.

13          (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-

14   Party's confidential information in its possession, and the Party is subject to an agreement with the

15   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

16          1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of

17   the information requested is subject to a confidentiality agreement with a Non-Party;

18          2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this

19   litigation, the relevant discovery request(s), and a reasonably specific description of the information

20   requested; and

21          3.    make the information requested available for inspection by the Non-Party.

22          (c)    If the Non-Party fails to object or seek a protective order from this court within

23   fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may

24   produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party

25   timely seeks a protective order, the Receiving Party shall not produce any information in its possession

26   or control that is subject to the confidentiality agreement with the Non-Party before a determination by

27

28

-17-

the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and permanently delete, shred, or otherwise destroy all unauthorized copies of the Protected Material.

13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
           MATERIAL

Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. In the event of notice of such production, the obligations of the Producing Party and the Receiving Party(ies) are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) as modified herein. Specifically, the Producing Party may assert privilege or protection over inadvertently produced documents by notifying the Receiving Party(ies) of the assertion of privilege or protection in writing within fourteen (14) days of the Producing Party's discovery of the inadvertent production. When the Producing Party gives notice in the foregoing manner to the Receiving Party(ies) that certain inadvertently produced material is in the Producing Party's view subject to a claim of privilege or protection, a Receiving Party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim, though the Receiving Party(ies) may move the Court for an order

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

compelling the return of such document or information. Further, the Receiving Party(ies) shall promptly sequester any document or information produced by a Producing Party if the Receiving Party(ies), in good faith, recognizes on the face of the document that it contains privileged or work-product-protected information and knows or reasonably should know that the document was inadvertently sent. In such event, the Receiving Party(ies) shall promptly notify the Producing Party of the discovery of such document or information.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and must also provide three (3) business days advance notice to the Designating Party of the Protected Material that Party will seek to file under seal. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

-19-

1    Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving

2    Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2)

3    unless otherwise instructed by the court.

4    15.    FINAL DISPOSITION

5            Within 60 days after the final disposition of this action, as defined in paragraph 4, each

6    Receiving Party must return all Protected Material to the Producing Party or destroy such material. As

7    used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

8    summaries, and any other format reproducing or capturing any of the Protected Material. Whether the

9    Protected Material is returned or destroyed, the Receiving Party must submit a written certification to

10   the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day

11   deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

12   returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

13   compilations, summaries or any other format reproducing or capturing any of the Protected Material.

14   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

15   papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and

16   trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if

17   such materials contain Protected Material. Any such archival copies that contain or constitute

18   Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

19   16.    DISCOVERY AND DISCLOSURE DISPUTES

20           All discovery and disclosure disputes are subject to the undersigned's Standing Order for All

21   Civil Cases, Section J ("Discovery Matters").

22

23

24

25

26

27

28

1          **IT IS SO STIPULATED**, through Counsel of Record.

2

3     Dated: November 22, 2019              PERKINS COIE LLP

4                                          /s/ Ryan Spear
                                      By:  Ryan Spear
5

6                                          Attorneys for Plaintiff Niantic, Inc.

7     Dated: November 22, 2019              POLSINELLI LLP

8                                          /s/ Fabio E. Mario
                                      By:  Fabio E. Marino
9

10                                         Attorneys for Defendants

11

12    PURSUANT TO STIPULATION, IT IS SO ORDERED.

13

14    Dated: _____         _____

15                                          JON S. TIGAR
                                           United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

-21-

1

**SIGNATURE ATTESTATION**

2

I, Ryan Spear, hereby attest, pursuant to N.D. Local Rule 5-1(i)(3), that the concurrence to the

3

filing of this document has been obtained from each signatory hereto.

4

5

Dated:  November 22, 2019                        /s/ Ryan Spear
                                                 Ryan Spear

6
                                                 Attorney for Plaintiff Niantic, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

      [printed name]

Signature: _____

      [signature]

-23-