Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff
NIANTIC, INC., a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>GLOBAL ++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; and DOES 1-20,<br><br>                    Defendants. | Case No. 19-cv-03425-JST<br><br>**DECLARATION OF RYAN SPEAR IN SUPPORT OF [PROPOSED] STIPULATED PROTECTIVE ORDER** |

I, Ryan Spear, declare and state as follows:

1. I am a partner at the law firm of Perkins Coie LLP, and one of the attorneys representing plaintiff Niantic, Inc. in the above-entitled action. I have personal knowledge of the facts set forth in this declaration and am competent to testify to its contents. I submit this declaration pursuant to Paragraph G of Judge Tigar's Standing Order for All Civil Cases, in support of the [Proposed] Stipulated Protective Order ("Stipulated PO").

2. The parties' agreement as to the terms of the Stipulated PO is the product of weeks-long negotiations in good faith and reflects the unique and complex nature of this action.

3. The Stipulated PO is based on and modified from the Northern District of California's Model Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets ("Model Sensitive Information PO"). This declaration describes how the Stipulated PO has been modified from the Model Sensitive Information PO. A redline comparing the Stipulated PO and the Model Sensitive Information PO is attached hereto as **Exhibit A**.

4. The parties agree that several modifications are necessary, for example, in sections 2.4, 2.5, 2.9, 2.10, 2.11, 2.18, 5.2(a), (b) and (c), 7.3, 7.4(a)(2), 9-B, 10, and 11, to reflect the parties' agreement that the Stipulated PO should include the "HIGHLY CONFIDENTIAL – CODE" and "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT" confidentiality designations.

5. The parties agree that Section 2.9 should be modified so that "both human-readable source code and machine-readable binary code" be included in the definition of "HIGHLY CONFIDENTIAL – CODE" Information or Items.

6. The parties agree that it is necessary and appropriate to include the confidentiality designation "HIGHLY CONFIDENTIAL  – SECURITY OR ANTICHEAT," as set forth in the Stipulated PO.

7. The parties agree that it is necessary and appropriate to define "Highly Confidential Information and Items," as set forth in the Stipulated PO.

8. The parties agree that it is necessary and appropriate to modify Section 3 to make clear that the Stipulated PO does not apply to "any information known to the Receiving Party prior to the disclosure" on the condition that "the Receiving Party obtained the information lawfully and under no obligation of confidentiality to the Designating Party."

9. The parties agree that it is necessary and appropriate to modify Section 4 to state that the Court will retain jurisdiction to enforce the terms of the Stipulated PO "for a period of six months after final disposition of this litigation."

10. The parties agree that it is necessary and appropriate to modify Section 5.1 to clarify that designations that are shown to be clearly unjustified or that have been made for an improper purpose may expose the Designating Party to sanctions.

11. The parties agree that it is necessary and appropriate to modify Section 5.1 so that if it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, then the Designating Party must promptly notify all other parties "and redesignate the information or items as appropriate."

12. The parties agree that it is necessary and appropriate to modify Section 5.3 to state that "[p]romptly after discovering an inadvertent failure to properly designate qualified information or items, the Designating Party shall provide written notice to the Receiving Party, and shall furnish the Receiving Party with replacement pages with the appropriate alternative designation(s)."

13. The parties agree that it is necessary and appropriate to modify Section 5.3 to state that upon timely correction of a designation, the Receiving Party must not only make reasonable efforts to assure that the material is treated in accordance with the Stipulated PO, but also "return or destroy the improperly designated material and certify in writing to the Designating Party that it has done so."

14. The parties agree that it is necessary and appropriate to modify Section 6.2 to reflect the parties' agreement that confidentiality disputes may be resolved via email communication in the first instance, while still requiring a voice-to-voice dialogue prior to seeking judicial intervention.

15. The parties agree that it is necessary and appropriate to modify Section 6.3 to incorporate the terms related to discovery disputes in Paragraph J of Judge Tigar's Standing Order for All Civil Cases.

16. The parties agree that it is necessary and appropriate to modify Section 6.3 to include the provision that "the Designating Party waives confidentiality if a confidentiality designation remains disputed for 4 weeks without either party attempting to seek judicial intervention (subject to any extensions agreed to by the disputing parties)."

17. The parties agree that it is necessary and appropriate to modify a footnote in Section 7.1 stating that it may be appropriate under certain circumstances to require the Receiving Party of electronic Protected Material to store it in password protected form "that, to the extent feasible, requires two-factor authentication."

18. The parties agree that it is necessary and appropriate to modify Section 7.3 to limit the disclosure of Highly Confidential Information and Items to "up to two" Experts of the Receiving Party; provided, however, that "the Receiving Party may request in writing the ability to disclose such information to additional Experts but that such disclosure can only be made upon prior written approval by the Designating Party, which shall not be unreasonably withheld."

19. The parties agree that it is necessary and appropriate to modify Section 7.3 to permit Niantic to disclose "any information or item designated by Defendants as 'HIGHLY CONFIDENTIAL – CODE' or 'HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT' to up to three of Niantic's employees if access by those employees to such information or item would materially assist Designated Counsel or Counsel in understanding the technical information contained therein."

1       20.     The parties agree that it is necessary and appropriate to modify Section 7.4(a)(1) so that the parties shall exchange lists of "no more than two Designated House Counsel" to receive Highly Confidential Information or Items.

2       21.     The parties agree that it is necessary and appropriate to modify Section 7.4(a)(1) by deleting the footnote suggesting that in some instances it may be appropriate to require Designated House Counsel to disclose any relevant changes in job duties to "allow the Designating Party to evaluate any later arising competitive decision-making abilities."

3       22.     The parties agree that it is necessary and appropriate to modify Section 7.4(c) to incorporate the terms related to discovery in Paragraph J of Judge Tigar's Standing Order for All Civil Cases, and to specify that "any joint letter brief shall affirm compliance with both the terms of paragraph 7.4 in [the Stipulated PO] and subsequent compliance with the meet-and-confer requirements in the Standing Order."

4       23.     The parties agree that it is necessary and appropriate to omit Section 8 ("Prosecution Bar").

5       24.     The parties agree that it is necessary and appropriate to modify Section 9-A by utilizing the term "COMPUTER CODE" instead of "SOURCE CODE," and deleting the provision excluding Designated House Counsel from the receipt of such information.

6       25.     The parties agree that it is necessary and appropriate to modify Section 9-A(d) to include the provision that "[i]n no event may the Receiving Party print more than five (5) consecutive pages, or an aggregate total of more than five hundred (500) pages, of computer code during the duration of the case without prior written approval by the Producing Party, which shall not be unreasonably withheld."

7       26.     The parties agree that it is necessary and appropriate to modify Section 9-A(e) to include the provision that "[t]he Receiving Party shall maintain all paper copies of any printed portions of the computer code and/or permit such paper copies to be viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access computer code; (iii) the site where any deposition is taken; (iv) the Court; (v) any intermediate location necessary to transport the information to a

hearing, trial, or deposition. Any such paper copies shall be maintained at all times in a secured location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials."

27. The parties agree that it is necessary and appropriate to add Section 9-B ("SECURITY OR ANTICHEAT MEASURES"), providing for the designation of materials as "HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT," and providing further that such materials "shall be subject to all of the protections afforded to 'HIGHLY CONFIDENTIAL – CODE' information . . . with the exception that the Receiving Party may not print more than one (1) page, or an aggregate total of no more than ten (10) pages, of materials designated as 'HIGHLY CONFIDENTIAL – SECURITY OR ANTICHEAT' during the duration of the case without prior written approval by the Producing Party, which shall not be unreasonably withheld."

28. The parties agree that it is necessary and appropriate to modify Section 10 to contemplate "other valid legal process" in addition to subpoenas and court orders.

29. The parties agree that it is necessary and appropriate to modify Section 12 to provide that a Receiving Party who "learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order" must, among other things, immediately request that the person to whom the Protected Material was disclosed "permanently delete, shred, or otherwise destroy all unauthorized copies of the Protected Material.".

30. The parties agree that it is necessary and appropriate to modify Section 13 to provide for a protocol in the event a party inadvertently produces privileged or otherwise protected material.

31. The parties agree that it is necessary and appropriate to modify Section 14.4 to provide that a party seeking to file under seal any Protected Material must "provide three (3) business days advance notice to the Designating Party of the Protected Material that Party will seek to file under seal."

32. The parties agree that it is necessary and appropriate to add Section 16 providing that "all discovery and disclosure disputes are subject to Section J of Judge Tigar's Standing Order for All Civil Cases."

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed on November 22, 2019 at Seattle, WA.

  */s/ Ryan Spear*_____
  Ryan Spear