Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; and DOES 1-20,<br><br>Defendants. | Case No. 19-cv-03425-JST<br><br>**DECLARATION OF RYAN SPEAR IN SUPPORT OF STIPULATION TO EXTEND EARLY NEUTRAL EVALUATION DEADLINE**<br><br>**[Civil Rules 6-2 & 7-12]** |

## DECLARATION OF RYAN SPEAR

I, Ryan Spear, declare as follows:

1.      I am an attorney licensed to practice in the State of Washington and have been admitted to practice *pro hac vice* before this Court. *See* Dkt. 14. I am a partner at the law firm Perkins Coie LLP and am counsel of record for Plaintiff Niantic, Inc. ("Niantic") in this matter.

2.      I make this declaration in support of the Parties' Stipulation to Extend the Early Neutral Evaluation ("ENE") Deadline. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to those facts.

3.      On August 22, 2019, the Parties agreed to participate in the ENE alternative dispute resolution ("ADR") process. *See* Dkts. 43, 45.

4.      On October 1, 2019, the Court issued a Scheduling Order requiring the parties to attend an ENE hearing by January 3, 2020. *See* Dkt. 57.

5.      On October 4, 2019, the Clerk issued a Notice of Appointment of Evaluator, appointing Daralyn Durie as ENE Evaluator. *See* Dkt. 60.

6.      The Parties met and conferred with Evaluator Durie about the ENE process on October 22, 2019 and November 1, 2019. In light of matters discussed at those conferences, the Parties have determined that the ENE process is more likely to be productive if the parties conduct initial discovery into certain foundational facts before attending the ENE hearing.

7.      Evaluator Durie concurs in the Parties' assessment. Accordingly, on November 21, 2019, the Clerk reset the ENE hearing in this case for February 6, 2020, "pending Court approval of an anticipated stipulation to extend the ENE deadline."

8.      In light of the above, the Parties jointly request that the Court extend the deadline for the ENE hearing from January 3, 2020 to and including February 6, 2020.

9.      The Parties do not believe that the requested extension will have any impact on other deadlines set forth in the Scheduling Order. *See* Dkt. 57.

10.     Pursuant to Local Rule 6-2(a)(2), the following is a list of "all previous time modifications in the case, whether by stipulation or court order."

- 1 -

a.      On July 11, 2019, the August 1, 2019 hearing on Niantic's motion for preliminary injunctive relief was vacated. *See* Dkt. 15, 20; *see also* Dkts. 17, 19.

b.      On July 11, 2019, the Initial Case Management conference was rescheduled from September 12, 2019 to September 30, 2019. *See* Dkts. 9, 23.

c.      On July 12, 2019, the parties stipulated to an extension of time, to and including July 17, 2019, for Defendants to respond to Niantic's Complaint. *See* Dkt. 24.

d.      On July 18, 2019, the hearing on Niantic's motion for preliminary injunctive relief was continued until August 8, 2019. *See* Dkt. 28.

e.      On July 19, 2019, the hearing on Niantic's motion for preliminary injunctive relief and Defendants' motion to dismiss was rescheduled from August 22, 2019 to September 4, 2019. *See* Dkts. 26, 30. At that time, the Court also ordered Defendants to file an opposition to Niantic's motion for preliminary injunctive relief by July 31, 2019 and ordered Niantic to file a reply in support of its motion for preliminary injunctive relief by August 7, 2019. *See* Dkts. 30, 7.

f.      On August 2, 2019, the parties stipulated to an extension of time, to and including August 14, 2019, for Niantic to file its reply in support of its motion for preliminary injunctive relief. *See* Dkts. 34, 36.

g.      On August 7, 2019, the hearing on Niantic's motion for preliminary injunctive relief and Defendants' motion to dismiss was rescheduled from August 22, 2019 to September 11, 2019. *See* Dkt. 37.

h.      On October 10, 2019, the parties stipulated to an extension of time, to and including October 24, 2019, for Defendants to respond to Niantic's Complaint. *See* Dkt. 61.

i.      On October 25, 2019, the hearing on Defendants' Motion was rescheduled from December 4, 2019 to December 18, 2019. *See* Dkts. 63, 65.

j.      On November 5, 2019, pursuant to the Parties' stipulation, the Court extended the deadline for Niantic to file an opposition to Defendants' Motion to Lift the Preliminary Injunction from November 7, 2019 to and including November 19, 2019 and

- 2 -

extended the deadline for Defendants to file a reply from November 14, 2019 to and including December 4, 2019. *See* Dkt. 68. At that time, the Court also rescheduled the hearing date on the motion from December 4, 2019 to January 29, 2020. *See id*.

        k.      On November 18, 2019, the Court rescheduled the hearing on Niantic's combined motion to dismiss and motion to strike from January 22, 2020 to January 29, 2020. *See* Dkts. 69, 70.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 26, 2019 at Portland, Oregon.

                           *s/ Ryan Spear*
                           Ryan Spear

- 3 -