Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
Perkins Coie LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; and DOES 1-20,<br><br>Defendants. | Case No. 19-cv-03425-JST<br><br>**NIANTIC, INC.'S OBJECTIONS TO REPLY EVIDENCE UNDER LOCAL RULE 7-3(d)(1)**<br><br>**Date:** January 29, 2020<br>**Hearing Time:** 2:00 p.m.<br>**Courtroom:** 6, 2nd Floor (Oakland)<br>**Judge:** Hon. Jon S. Tigar |

## I.   INTRODUCTION

Plaintiff Niantic, Inc. respectfully objects to new evidence filed with defendants' reply in support of their motion for reconsideration. *See* Dkt. 78. Specifically, Niantic objects to the *second* improper report of defendants' putative expert, Robert Zeidman, and the exhibits attached to that report. *See* Dkt. 78-1 (the "Second Zeidman Declaration"); Dkts. 78-2 to 78-12 (exhibits).

## II.   BACKGROUND

On September 26, 2019, the Court granted Niantic's motion for preliminary injunctive relief and enjoined defendants from engaging in a variety of illegal acts, including copying Niantic's code without permission. *See* Dkt. 55 (the "PI Order"). Several weeks later, defendants asked the Court to reconsider and vacate the PI Order under Federal Rule of Civil Procedure 59(e). *See* Dkt. 63 (the "Motion"). Defendants' Motion relied heavily on new evidence that had not been raised before, including a lengthy report by defendants' previously undisclosed putative expert, Robert Zeidman (the "First Zeidman Declaration"), and several new exhibits.

In its opposition to defendants' Motion, Niantic explained that the First Zeidman Declaration and its exhibits should be disregarded because they could have been (and should have been) submitted long before the Court issued the PI Order. *See* Dkt. 71 at 10-11. Niantic also explained that it would be unfair and prejudicial to allow defendants to sandbag Niantic with undisclosed and untested expert testimony, especially considering that defendants failed to produce all the factual material on which Mr. Zeidman relied. *See id*. at 11.

Undeterred, defendants filed a *second* report from Mr. Zeidman with the reply in support of their Motion, along with 11 more new exhibits. *See* Dkts. 78-1 to 78-12. As explained below, those (additional) new materials are improper and should be ignored or stricken.

## III.   ARGUMENT

The Local Rules authorize Objections to Reply Evidence because "[i]t is well accepted that [the] raising of new issues and submission of new facts in [a] reply brief is improper." *Roe v. Doe*, No. C 09-0682 PJH, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) (internal quotation marks and citation omitted); *see also Mercado v. Sandoval, Inc.*, No. 2:08-cv-02648-GEB-EF, 2009 WL 2031715, at *1-2 (E.D. Cal. July 9, 2009) (same).

The Second Zeidman Declaration and its exhibits violate that well-accepted rule. Those new materials introduce new purported facts, new evidence, and new opinions that do not appear in defendants' Motion or in the First Zeidman Declaration. And the specific claims and opinions in the Second Zeidman Declaration (discussed below) sweep well beyond rebuttal of Niantic's opposition.[1] The Court should disregard or strike the Second Zeidman Declaration and its exhibits for those reasons alone. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new reply evidence should not be considered without opportunity to respond); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 6502170, at *1 n.1 (N.D. Cal. Dec. 11, 2013) (sustaining objection to new reply evidence under Local Rule 7-3(d)(1)).

The rule against new reply evidence applies with even greater force where, as here, the evidence at issue is proposed *expert* evidence. It is especially unfair and prejudicial to allow one party to benefit from expert testimony without giving the other party an opportunity to test and respond to that testimony. *See In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 559 n.87 (C.D. Cal. 2014) (declining to consider new expert evidence in reply "given the technical nature of the new evidence" and opposing party's lack of opportunity to evaluate it). Defendants' gamesmanship threatens precisely that sort of prejudice. Niantic has not had an opportunity to depose Mr. Zeidman; to review all the factual material on which Mr. Zeidman relied; to investigate and evaluate Mr. Zeidman's technical opinions with the aid of Niantic's experts (who are not due to be disclosed for several months); or, if necessary, to move the Court to exclude Mr. Zeidman's testimony in whole or in part under the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). To credit Mr. Zeidman's testimony at this stage—before he has been qualified as an expert and before his opinions have been subject to any meaningful scrutiny—would therefore be deeply unfair to Niantic.

---

[1] For example, the Second Zeidman Declaration opines at length on the (alleged) online availability of Niantic's protocol buffer code; the (alleged) legal standard that applies to Niantic's copyright infringement claim; and the code analysis tool sold by Mr. Zeidman's company. *See infra* at 4. None of those claims or opinions is necessary to rebut the evidence in Niantic's opposition.

Lastly, the Second Zeidman Declaration is riddled with holes and flaws that render its specific claims irrelevant, untrustworthy, or both. For example:

- Mr. Zeidman offers new claims and opinions about digital signing certificates. *See* Second Zeidman Decl. ¶¶ 42-49. But those claims and opinions are irrelevant because Mr. Zeidman does not offer an innocent explanation for why Mr. Hunt digitally signed unlawful IPA files that were then distributed via the Global++ website.

- Mr. Zeidman offers new claims and opinions about the "specific protobuffer code for [Niantic's] Pokémon GO [game]," which Mr. Zeidman claims "can be found on [a] publicly accessible" online location. *See id.* ¶¶ 14-16. But Mr. Zeidman does not establish that the code he found online is, in fact, Niantic's code. Nor does he offer any evidence that defendants copied the specific code that he analyzes.

- Mr. Zeidman purports to describe the legal analysis for evaluating Niantic's copyright infringement claim. *See id.* ¶¶ 17-19. But Mr. Zeidman is not a legal expert, so his legal opinions are irrelevant and invade the province of the Court.

- Mr. Zeidman fulsomely describes and praises his company's CodeSuite software analysis tool. He also describes how he uses CodeSuite and other tools to analyze code. *See id.* ¶¶ 20-38. But he does not apply any of those tools or methods to this case, rendering those claims and opinions irrelevant.

- Mr. Zeidman claims that Niantic's analysis of the Cheating Programs "was seriously flawed." *Id.* ¶ 13. But he admits that he does not yet have enough information to evaluate Niantic's analysis, *see id.* ¶¶ 13, 17, 40, making that claim speculative at best.

### IV.    CONCLUSION

In sum, the Court should strike or disregard the Second Zeidman Declaration and its exhibits because those materials were offered for the first time in reply and go beyond rebuttal; because it would be unfair and prejudicial to credit defendants' putative expert testimony before Niantic has had an opportunity to contest it; and because the specific claims in the Second Zeidman Declaration fail on their own terms. Alternatively, the Court should defer consideration of defendants' Motion until after the parties have completed expert discovery so that Niantic has an adequate opportunity to investigate and respond to the Second Zeidman Declaration.

DATED:  December 11, 2019         **PERKINS COIE LLP**

                                  By:  *s/ Ryan Spear*
                                       Ryan Spear
                                       RSpear@perkinscoie.com

                                  Attorneys for Plaintiff Niantic, Inc.