FABIO E. MARINO (SBN 183825)
fmarino@polsinelli.com
REBECCA B. HORTON (SBN 308052)
rhorton@polsinelli.com
JOSHUA L. RAYES (SBN 316208)
jrayes@polsinelli.com
POLSINELLI LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
T:  650-461-7700
F:  650-461-7701

Phillip J.R. Zeeck (*Admitted PHV*)
pzeeck@polsinelli.com
POLSINELLI PC
900 West 48th Place, Ste. 900
Kansas City, MO 64112
T:  816-753-1000
F:  816-753-1536

Attorneys for Defendants
Ryan Hunt and Alen Hundur

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., <br><br>            Plaintiff, <br><br> v. <br><br> GLOBAL++, et al., <br><br>            Defendants. | Case No. 4:19-cv-03425 JST <br><br> **DEFENDANTS RYAN HUNT'S AND ALEN HUNDUR'S ADMINISTRATIVE MOTION TO DEEM MOOT PLAINTIFF NIANTIC, INC.'S COMBINED MOTION TO DISMISS COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM, MOTION TO STRIKE COUNTERCLAIMS, AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** <br><br> Judge:  Honorable Jon S. Tigar <br><br> Date Action Filed:  June 14, 2019 |

Pursuant to Civil Local Rule 7-11, Defendants Ryan Hunt and Alen Hundur (collectively, "Defendants") hereby move this Court for an Order deeming moot Plaintiff Niantic, Inc.'s ("Niantic") motion to dismiss counterclaims for failure to state a claim, motion to strike counterclaims under California Code of Civil Procedure § 425.16, and motion to strike Defendants' affirmative defenses ("Motion to Dismiss").

On June 14, 2019, Niantic filed an original complaint against Defendants. Dkt. 1. On October 1, 2019, the Court issued a scheduling order with a deadline to add parties or to amend the pleadings by January 24, 2020. Dkt. 57. On October 24, 2019, Defendants filed an answer alleging affirmative defenses and counterclaims. Dkt. 64. On November 14, 2019, Niantic filed its Motion to Dismiss, Dkt. 69, and, on December 30, 2019, a reply in support of its Motion to Dismiss ("Reply"). Dkt. 81. In its Reply, Niantic raised new arguments and put forth new evidence not raised in its Motion. *See, e.g.*, Dkt. 81 at 4-7 (raising arguments for the first time, based on new evidence, regarding Niantic's communications with Domains by Proxy). On January 24, 2020, after briefing the Motion to Dismiss, Niantic filed a First Amended Complaint ("FAC"). Dkt. 84. The FAC added eight new parties and numerous factual allegations not previously alleged in the original complaint. *See id*. Defendants plan to respond to the new arguments and evidence from the Reply and the new allegations in the FAC through a motion or responsive pleading, and the newly named Defendants anticipate asserting counterclaims of their own. Once Defendants file an Answer to the FAC, Niantic may file a renewed motion to dismiss. Addressing the motion at that time would save the Parties and the Court from having to address it on multiple occasions, and will likely result in narrowed issues.

Regardless of how Defendants respond, the filing of the FAC renders moot Niantic's pending Motion to Dismiss. "Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." 6 Charles Alan Wright et al., Federal Practice & Procedure § 1476 (3d ed. 2010). Thus, for example, a properly-filed amended complaint renders moot a motion directed at the original complaint. *See Sanchez v. Oceanside Investments, Inc.*, No. 15-cv-03453-MEJ, 2015 WL 6177460, at *1 (N.D. Cal. Oct. 21, 2015);

-1-

*Gidding v. Anderson*, No. C 07-04755 JSW, 2008 WL 2168398, at *5 (N.D. Cal. May 22, 2008); *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *Foreman v. Camfil Farr, Inc.*, No. 3:10 CV 664-RJC-DSC, 2011 WL 4747926, at *2 (W.D.N.C. Jun. 9, 2011) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot."). A counterclaim is part of a responsive pleading. *See* Fed. R. Civ. P. 13(a) ("A pleading must state as a counterclaim any claim that . . . [is compulsory.]"); Fed. R. Civ. P. 13(b) ("A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."). Therefore, when an amended complaint is filed, which the defendant is required to answer, a motion to dismiss counterclaims asserted in the earlier answer should be denied as moot. *See BP West Coast Products, LLC v. Crossroad Petroleum, Inc.*, No. 12 CV-665 JLS (KSC), 2014 WL 4197554, at *1 (S.D. Cal. Aug. 22, 2014) ("In light of [d]efendants' filing of an amended answer, [plaintiff's] motion to strike portions of [d]efendants' prior pleading is MOOT."); *Foreman*, 2011 WL 4747926, at *2 ("[B]ecause Defendant has been granted leave to file its Amended Answer and Counterclaim which will supersede the present Answer and Counterclaim, . . . Plaintiffs' Motion to Dismiss and Motion for Judgment on the Pleadings [should] be denied as moot.").

Here, Niantic has filed an amended complaint and Defendants plan to file a motion or an answer to the FAC as a matter or right. In view of the new arguments, evidence, and allegations in Niantic's Reply and the FAC, the factual basis supporting an answer Defendants will ultimately file will differ substantially from the factual basis supporting the answer to the original complaint. Thus, for the above reasons, the Court should deem moot Niantic's Motion to Dismiss and vacate the hearing on the Motion, currently set for January 29, 2020. Niantic may file a renewed Motion to Dismiss after Defendants file an answer to the FAC, but until then, it would be a waste of judicial and party resources to have a hearing on the now moot Motion to Dismiss.

Dated: January 27, 2020

Respectfully Submitted,

POLSINELLI LLP

By:  */s/ FABIO E. MARINO*
     Fabio E. Marino

Attorneys for Defendants
RYAN HUNT AND ALEN HUNDUR

-3-

ADMIN. MTN TO DEEM MOOT NIANTIC'S
COMBINED MTD COUNTERCLAIMS, MTS
CASE NO. 4:19-cv-03425-JST