Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
Perkins Coie LLP
1201 Third Ave., Suite 4900
Seattle, WA  98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>　　Plaintiff,<br><br>　　v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>　　Defendants. | Case No. 19-cv-03425-JST<br><br>**NIANTIC, INC.'S OPPOSITION TO DEFENDANTS RYAN HUNT'S AND ALEN HUNDUR'S ADMINISTRATIVE MOTION TO DEEM MOOT NIANTIC, INC.'S COMBINED MOTION TO DISMISS COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM, MOTION TO STRIKE COUNTERCLAIMS, AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>**Judge:**　　Hon. Jon S. Tigar |

## I. INTRODUCTION

Pursuant to Civil Local Rule 7-11(b), Plaintiff Niantic, Inc. ("Niantic") respectfully opposes defendants Ryan Hunt's and Alen Hundur's administrative motion to deem moot Niantic's combined motion to dismiss counterclaims for failure to state a claim, motion to strike counterclaims, and motion to strike defendants' affirmative defenses. *See* Dkt. 85. Specifically, because the filing of an amended complaint does not render moot counterclaims filed in response to an initial complaint, defendants' counterclaims remain pending, and therefore Niantic's motions to dismiss and to strike those counterclaims contain live disputes. Moreover, even if the Court were to conclude that the counterclaims are somehow moot, Niantic's anti-SLAPP motion to strike requires resolution because the remedy sought—an award of attorneys' fees incurred opposing the improper SLAPP claims—is available and appropriate regardless of whether the SLAPP claims are subsequently rendered moot.

## II. BACKGROUND

Niantic filed its initial complaint on June 14, 2019. *See* Dkt. 1. Defendants Hunt and Hundur filed their answer and counterclaims on October 24, 2019. *See* Dkt. 64. In response, Niantic filed a combined motion to dismiss defendants' counterclaims for failure to state a claim, to strike defendants' counterclaims pursuant to California's anti-SLAPP law (Cal. Civ. Proc. Code § 425.16(b)(1)), and to strike defendants' affirmative defenses. *See* Dkt. 69. On January 24, 2020, Niantic filed an amended complaint. *See* Dkt. 84.

## III. ARGUMENT

Courts have regularly held that "[a] plaintiff's filing of an amended complaint does not moot a counterclaim alleged within an answer to the original complaint." *Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Reservation*, No. 3:17-cv-01436-GPC-MDD, 2018 WL 3970094, at *7 (S.D. Cal. Aug. 20, 2018) (citing *Hayden v. Ariz. Pool & Fountain Guys, LLC*, No. CV-16-00840-PHX-SRB, 2016 WL 9456363, at *1 (D. Ariz. Aug. 2, 2016)); *see also, e.g.*, *Bullets2Bandages, LLC v. Caliber Corp.*, No. 3:18-cv-00669-GPC-KSC, 2020 WL 364207, at *3 (S.D. Cal. Jan. 22, 2020) (same); *United States ex rel. GLF Constr. Corp. v. FEDCON Joint Venture*, No. 8:17-cv-01932-T-36AAS, 2019 WL 5295329, at *3 n.3 (M.D. Fla. Oct. 18, 2019)

-2-

1   (similar); *Dunkin' Donuts, Inc. v. Romanias*, No. Civ.A.00-1886, 2002 WL 32955492, at *2

2   (W.D. Pa. May 29, 2002) ("[A]n answer responds to the allegations in a complaint, a

3   counterclaim is something independent. Revisions to a complaint do not require revisions to a

4   counterclaim."). Although defendants argue that "when an amended complaint is filed . . . a

5   motion to dismiss counterclaims asserted in the earlier answer should be denied as moot," Dkt. 85

6   at 2, the two cases on which defendants rely do not support this inaccurate proposition.[1]

7         Accordingly, the counterclaims defendants asserted in their initial response to Niantic's

8   complaint were not rendered moot by the amended complaint. In their administrative motion,

9   defendants neither withdraw their counterclaims nor announce an intention to amend them.

10  Therefore, defendants' counterclaims are still pending, and the Court may still rule on Niantic's

11  motion to dismiss and anti-SLAPP motion to strike the counterclaims.

12        Moreover, even if the Court were to conclude that the counterclaims are moot (they are

13  not), it should still rule on Niantic's anti-SLAPP motion to strike. Courts "have concluded that

14  attorneys' fees could be awarded pursuant to an anti-SLAPP motion notwithstanding that an anti-

15  SLAPP motion was moot." *Law Offices of Bruce Altschuld v. Wilson*, No. LA CV12-05457 JAK

16  (SSx), 2013 WL 12076698, at *3 (C.D. Cal. July 9, 2013) (collecting cases); *see also*

17  *Semiconductor Equip. & Materials Int'l, Inc. v. Peer Grp., Inc.*, No. 15-cv-00866-YGR, 2015

18  WL 5535806, at *2 (N.D. Cal. Sept. 18, 2015) ("[E]ven if the pleading is amended to remove the

19  targeted claim, the moving party may still be entitled to attorneys' fees and costs incurred in

20  bringing the anti-SLAPP motion, per [Cal. Civ. Proc. Code] section 425.16(c)."); *Tiwari v. NBC*

21  *Universal, Inc.*, No. C-08-3988 EMC, 2011 WL 5903859, at *2 (N.D. Cal. Nov. 23, 2011)

---

[1] In *BP West Coast Products, LLC v. Crossroad Petroleum, Inc.*, the court determined that the plaintiff's motion to strike portions of defendants' original answer was rendered moot by an amended *answer*, not an amended complaint. *See* No. 12CV665 JLS (KSC), 2014 WL 4197554, at *1 (S.D. Cal. Aug. 22, 2014). Moreover, as here, the plaintiff there also moved to dismiss a defendant's counterclaims, which were asserted *before* the plaintiff filed an amended complaint. *See id*. The court denied the plaintiff's motion to dismiss because it was unopposed, *not* because the counterclaims were rendered moot by the amended complaint. *See id*. *Foreman v. Camfil Farr, Inc.* No. 3:10CV664-RJC-DSC, 2011 WL 4747926 (W.D.N.C. June 9, 2011), is further inapposite. There, the court denied as moot the plaintiffs' motion to dismiss counterclaim and motion for judgment on the pleadings only *after* granting the defendant's motion to file an amended answer and counterclaim, which superseded the original counterclaim. *See id.* at *1-2. Here, by contrast, defendants have not moved to amend their counterclaims.

1  (similar). The Court therefore could and should address the merits of Niantic's anti-SLAPP

2  motion to determine if Niantic is a prevailing party. *See Semiconductor Equip.*, 2015 WL

3  5535806, at *2; *Thornbrough v. W. Placer Unified Sch. Dist.*, No. 2:09-cv-02613-GEB-GGH,

4  2010 WL 2179917, at *11-13 (E.D. Cal. May 27, 2010).

### IV. CONCLUSION

In sum, because defendants' counterclaims remain pending, Niantic's motion to dismiss and anti-SLAPP motion to strike the counterclaims remain pending as well. Even if the Court were to conclude that the counterclaims were moot, Niantic's anti-SLAPP motion to strike would not be. Niantic therefore respectfully requests that the Court deny defendants' administrative motion.[2]

DATED: January 28, 2020                    **PERKINS COIE LLP**

                                            By:   *s/ Ryan Spear*
                                                  Ryan Spear
                                                  RSpear@perkinscoie.com

                                            Attorneys for Plaintiff Niantic, Inc.

---

[2] As for Niantic's motion to strike defendants' affirmative defenses, defendants have given no indication that they intend to abandon or otherwise modify their affirmatives defenses in light of Niantic's amended complaint. Therefore, "in anticipation that the defendants will assert the affirmative defense[s] again in their answer to the amended complaint," the interest of judicial economy would be served if the Court were to address Niantic's fully briefed motion to strike defendants' affirmative defenses at this time. *Huon v. Johnson & Bell, Ltd.*, No. 09 CV 7877, 2012 WL 1932120, at *7 (N.D. Ill. May 23, 2012).

-4-

**[PROPOSED] ORDER**

Defendants Ryan Hunt and Alen Hundur have filed an administrative motion to deem moot Plaintiff Niantic, Inc.'s combined motion to dismiss counterclaims for failure to state a claim, motion to strike counterclaims, and motion to strike defendants' affirmative defenses.

The Court, having fully considered all relevant documents, authorities, evidence, and oral arguments presented by Niantic and defendants, by and through their respective attorneys, and good cause having been shown, now, therefore, it is hereby

ORDERED that defendants' administrative motion be, and the same hereby is, DENIED.

Dated: _____, 2020

JON S. TIGAR
United States District Judge