Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>    Defendants. | Case No. 19-cv-03425-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:        Jon S. Tigar<br>Courtroom:  6, 2nd Floor<br>Date:         February 4, 2020<br>Time:        2:00 p.m. |

The parties to the above-entitled action submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, this Court's Standing Order for All Civil Cases, and this Court's September 30, 2019 Minute Entry.

**1.      Jurisdiction & Service**

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338 because Niantic alleges violations of the federal Copyright Act, 17 U.S.C. § 101, *et seq.*, and the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030. This Court has supplemental jurisdiction over Niantic's state law claims under 28 U.S.C. § 1367 because Niantic's state law claims form part of the same case or controversy as Niantic's federal law claims under Article III of the United States Constitution. No issues exist regarding personal jurisdiction or venue. Defendants Global++, Ryan Hunt, and Alen Hundur (the "Original Defendants") have been served.

On January 24, 2020, Niantic filed its Amended Complaint, which names additional defendants. *See* Dkt. 84. Niantic proposes May 25, 2020 as the deadline for serving the additional defendants named for the first time in the Amended Complaint.[1]

**2.      Facts**

The issues set forth in this Section 2 and Section 3, below, are not intended to be final or exhaustive, and the parties reserve the right to reformulate these issues, dispute that they are issues, or include any other appropriate issues as they develop or become known to the parties through the course of discovery and investigation. Characterization of an issue as "factual" or "legal" is not a concession that it is not the other or both. Nor is the identification of an issue as a "factual dispute" a concession that there is, in fact, a dispute.

**A.      Niantic's position**

This case involves mobile applications ("apps") for location-based augmented reality mobile games. Niantic's principal factual allegations are that the defendants obtained

---

[1] Because Niantic is currently attempting to serve the defendants named for the first time in the Amended Complaint, those defendants' views are not represented in this Joint Case Management Statement.

unauthorized access to the binary computer code in Niantic's mobile apps, copied the code, modified it, and distributed it as part of a scheme to profit from unauthorized derivative versions of Niantic's mobile apps (the "Cheating Programs"), which enable users to cheat in Niantic's games. Niantic also alleges, among other things, that defendants use the Cheating Programs to obtain unauthorized access to Niantic's protected computer servers and obtain valuable and proprietary data from Niantic.

Niantic objects to defendants' position, below, because defendants' argument regarding Niantic's reply brief (Dkt. 81) is an unauthorized surreply. It is also inaccurate; Niantic did not "fail[] to disclose" to the Court any facts identified below. *See, e.g.*, Dkt. 71-2 at 8-9. Niantic also objects to defendants' inflammatory and unsupported claim that Niantic has "fabricated" facts.

**B.     Defendants' position**

Defendants believe that Niantic's Amended Complaint is fatally deficient in several respects for the following reasons. First, Niantic's Amended Complaint, in spite of several attempts by Defendants to clarify the nature of the entities, continues to levy allegations against a hodge-podge of entities that either do not exist or are simply pseudonyms for other named entities.  For example, Global++ is simply a label used by HLP and IT Haven to identify the software, a dynamic library, developed by IT Haven.  Mr. Johnson is an employee of HLP. Mr. Hunt is an employee of IT Haven. None of the other people or entities that Niantic alleges are "members" of Global++ have any relationship with Global++.  Second, and most importantly, Niantic's Amended Complaint continues to misconstrue how the software distributed under the label "Global++" operates. As explained in detail in the Zeidman declarations, the software developed by IT Haven is an entirely separate code base from Niantic's code, it does not modify Niantic's code in any way, and it does not access Niantic's computers or servers in any way. Finally, Niantic's Amended Complaint continues to misrepresent how the software developed by IT Haven is distributed.  As explained in detail in the Zeidman declarations, it is signing services like AppHaven – not IT Haven or HLP – that distribute the applications that Niantic misleadingly refers to as "Cheating Programs."  Indeed, the Amended Complaint alleges that AppHaven indeed distributes the so-called Cheating Programs, yet maintains the wholly untenable position that

Global++ also distributes the Cheating Programs, in spite of the detailed technical evidence (including inspection of the source code) that IT Haven has made available to Niantic to disprove such false allegations.

For example, in its Reply Brief submitted in support of its Motion to Dismiss Defendants' Counterclaim, Niantic points to a link on a Global++ long discontinued website labelled "Download IPA" as purported evidence that Global++ distributed the Cheating Programs. Niantic failed to disclose, however, that the "Download IPA" link pointed to a third-party website, not Global++ website. In addition, Niantic's claims of direct copyright infringement fail because providing a hyperlink to a third party website does not constitute direct infringement. *See, e.g.*, *Perfect 10 v. Amazon*, 508 F.3d 1146, 1159-62 (9th Cir. 2007); *Pearson Educ., Inc. v. Ishayev*, 963 F. Supp. 2d 239, 250-51 (S.D.N.Y. 2013) ("sending an email containing a hyperlink to a site facilitating the sale of a copyrighted work does not itself constitute copyright infringement"); *Ticketmaster Corp. v. Tickets.com, Inc.*, No. CV 99-7654 HLH(BQRX), 2000 WL 525390, at *2 (C.D. Cal., Mar. 27, 2000) ("hyperlinking does not itself involve a violation of the Copyright Act . . . since no copying is involved" and because "[t]he customer is automatically transferred to the particular genuine web page of the original author . . . [t]his is analogous to using a library's card index to get reference to particular items, albeit faster and more efficiently"). Moreover, Niantic fails to acknowledge that the primary use of the software developed by IT Haven is a generic GPS spoofing software distributed on the internet.

In reality, it appears that Niantic has fabricated a complex conspiracy theory against Mr. Hunt and Mr. Johnson and, even after being confronted with detailed technical evidence disproving this false narrative, refuses to accept the reality, which is simply that it has sued the wrong parties.

**3.     Legal Issues**

    **A.     Niantic's position**

Niantic's Amended Complaint alleges the following claims: (a) direct, vicarious, and contributory copyright infringement (17 U.S.C. § 101, *et seq.*); (b) violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); (c) violation of California's Comprehensive Computer

- 3 -

Data Access and Fraud Act (Cal. Penal Code § 502); (d) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*); (e) breach of contract; and (f) intentional interference with contractual relations. *See* Dkt. 84.

### B.      Defendants' position

Although Defendants have not yet responded to the Amended Complaint, either through a motion or a responsive pleading, Defendants contend that Niantic's claims are subject to several affirmative defenses, including implied waiver and failure to state a claim on which relief can be granted because the software at issue does not obtain or distribute any proprietary Niantic code and supplements—rather than detracts from—Niantic's revenues.

The Court has issued a preliminary injunction against the Original Defendants named in the original complaint (*i.e.*, Global++, Ryan Hunt, and Alen Hundur). *See* Dkt. 55. The Original Defendants have filed a motion to lift the preliminary injunction based on a change in the law and evidence the Original Defendants were unable to put forth during the preliminary injunction briefing. *See* Dkt. 63.

### 4.      Motions

Niantic filed a motion for preliminary injunctive relief on June 14, 2019. *See* Dkt. 7.   The Original Defendants filed a motion to dismiss Niantic's claims on July 17, 2019. *See* Dkt. 26. This Court heard oral argument on both motions on September 11, 2019 and issued a decision on September 26, 2019, denying the Original Defendants' motion to dismiss and granting Niantic's motion for preliminary injunctive relief. *See* Dkt. 55 (the "PI Order").

On September 4, 2019, the parties filed a joint letter brief regarding a discovery dispute. *See* Dkt. 47. This Court resolved that dispute on September 6, 2019. *See* Dkt. 48.

On September 23, 2019, the Original Defendants requested that the disputes raised in the original Complaint against them be submitted to binding arbitration. If Niantic refuses to go to arbitration, the Original Defendants expect to file a motion to compel arbitration, which Niantic expects to oppose.

On October 24, 2019, the Original Defendants filed a motion to lift the preliminary injunction put in place by the PI Order. *See* Dkt. 63. That same day, the Original Defendants filed

- 4 -

their Answer and Counterclaims to Niantic's original Complaint. *See* Dkt. 64. On November 14, 2019, Niantic moved to dismiss and strike the Original Defendants' counterclaims and affirmative defenses ("Motion to Dismiss and Strike"). *See* Dkt. 69. Briefing on the Original Defendants' motion to lift the preliminary injunction and Niantic's Motion to Dismiss and Strike is complete. The Court was scheduled to hear oral argument on both motions on January 29, 2020. *See* Dkt. 70. On January 22, 2020, the Court vacated oral argument on the Original Defendants' motion to lift the preliminary injunction. *See* Dkt. 82.

On January 27, 2020, the Original Defendants filed a motion to deem moot Niantic's Motion to Dismiss and Strike. *See* Dkt.85.  Niantic intends to oppose that motion.

Defendants expect to file a motion to dismiss Niantic's Amended Complaint.  Defendants also expect to file an answer to Niantic's Amended Complaint and to assert counterclaims.

Niantic expects to file a motion for summary judgment at the appropriate time. Defendants also expect to file a motion for summary judgment at the appropriate time.

**5.     Amendment of Pleadings**

Consistent with this Court's Scheduling Order, *see* Dkt. 57, Niantic filed its Amended Complaint on January 24, 2020, *see* Dkt. 84. Niantic may seek to amend its Amended Complaint in the future, upon a showing of good cause, to include additional claims and legal theories and to identify the defendants sued as "Does 1-20" once the identity of those defendants becomes known through discovery.

Defendants have not yet filed an Answer to the Amended Complaint. Defendants anticipate filing a motion to dismiss the Amended Complaint and to file an Answer and Amended Counterclaim once the motion to dismiss is resolved.

**6.     Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred under Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this case.

**7.     Disclosures**

On September 23, 2019, the parties exchanged initial disclosures under Federal Rule of Civil Procedure 26(a) and provided the information required by the Federal Rules.

**8.     Discovery**

The parties jointly filed a stipulated protective order on November 22, 2019, *see* Dkt. 72, and the Court entered the stipulated protective order on November 26, 2019, *see* Dkt. 73. The parties are currently negotiating a proposed stipulation regarding production of electronically stored information ("ESI").

On October 18, 2019, Niantic served the Original Defendants with its first set of discovery requests. The Original Defendants served objections and responses to Niantic's first set of discovery requests on November 18, 2019. To date, Hunt has produced four volumes of documents totalling 103 pages. Defendants Global++ and Hundur have not produced any documents.

On November 15, 2019, the Original Defendants served Niantic with their first set of discovery requests. Pursuant to a one-week extension granted by the Original Defendants, Niantic served objections and responses to the Original Defendants' first set of discovery requests on December 23, 2019. To date, Niantic has produced three volumes of documents totalling 1,503 pages. The parties have agreed to continue producing documents on a rolling basis until their productions are complete.

The parties have met and conferred regarding their respective discovery requests, responses, and objections, and will continue to meet and confer, as appropriate. Niantic's position is that none of the parties' disagreements and potential disagreements regarding discovery have ripened into disputes requiring judicial resolution, and Niantic remains optimistic that the parties will be able to resolve any disputes cooperatively.

Pursuant to Federal Rule of Civil Procedure 26(f)(3), the parties' proposed discovery plan is as follows:

a.     At this time, the parties do not believe that discovery should be conducted in phases. The parties anticipate that they will seek discovery relevant to their claims and defenses.

In particular, Niantic anticipates that it will seek discovery regarding, among other things, its allegations that defendants (i) copied, modified, and distributed Niantic's copyrighted computer code to create the Cheating Programs; (ii) used the Cheating Programs to access Niantic's protected computers without authorization and thereby obtained and distributed Niantic's valuable and proprietary game-related information; and (iii) profited from their alleged misconduct. Defendants anticipate that they will seek discovery regarding, among other issues, (i) Global++ code as entirely separate from Niantic's code; (ii) Global++ software operating entirely separately from Niantic's software; (iii) Global++ software as not accessing any of Niantic's computers or servers; (iv) AppHaven and other Signing Services as completely independent from any Defendant; (v) Niantic's ability to stop spoofing software at any time; (vi) how spoofing supplements Niantic's user engagement and profits; (vii) the relationship between Niantic and Global++ competitors including, but not limited to, iSpoofer; (viii) Niantic's willful permission for the allowance of third party applications; and (ix) the factual basis for Niantic's allegations in the Amended Complaint.

    b.    The parties are not currently aware of any issues regarding disclosure, discovery, or preservation of ESI, including the form or forms in which it should be produced, and the parties will cooperate to attempt to resolve any such issues that may arise.

    c.    The parties are not currently aware of any issues regarding claims of privilege or of protection as trial-preparation materials, and the parties will cooperate to attempt to resolve any such issues that may arise.

    d.    No changes should be made in the limitations on discovery imposed under these rules or by local rule, and no other limitations should be imposed.

The parties anticipate moving this Court to enter an ESI stipulation, based on this Court's model orders and stipulations, at an appropriate time. The parties do not currently believe that this Court should issue any other orders under Rule 26(c) or under Rule 16(b).

**9.    Class Actions**

This matter is not a class action.

**10.  Related Cases**

The Parties are unaware of any related cases.

**11.  Relief**

**A.  Niantic's position**

Niantic seeks (a) a preliminary and permanent injunction enjoining and restraining defendants from violating Niantic's rights, as set out more thoroughly in Niantic's Amended Complaint; (b) an order requiring the seizure and impoundment of all copies of the Cheating Programs and the related articles and devices involved in their creation; (c) an order requiring defendants to provide a complete copy of any Niantic game-related data in defendants' possession and thereafter permanently destroy such data; (d) an award of damages to Niantic and a disgorgement of defendants' wrongful profits; (e) an award of statutory damages based upon defendants' willful acts of infringement pursuant to the Copyright Act; (f) an award of punitive or exemplary damages based upon defendants' willful and malicious violations of the California Comprehensive Computer Data Access and Fraud Act; (g) reasonable costs and attorneys' fees; (h) pre- and post-judgment interest, and (i) other relief as the Court deems just and proper. The full amount of Niantic's damages has yet to be computed.

**B.  Defendants' position**

Defendants have not yet filed an Answer to the Amended Complaint. Defendants anticipate filing a motion to dismiss the Amended Complaint, *inter alia* because Niantic's claim for statutory damages is precluded under Sec. 412 of the Copyright Act. Defendants anticipate filing an Answer once any motion to dismiss the Amended Complaint is resolved.  Defendants anticipate asserting multiple counterclaims as part of their answer and seeking appropriate relief for such counterclaim.

**12.  Settlement and ADR**

The parties have had informal settlement discussions and have stipulated to court-sponsored Early Neutral Evaluation ("ENE") under ADR L.R. 5. *See* Dkts. 42-45, 53. The parties have had multiple telephonic conferences with the assigned ENE neutral. The ENE session is currently scheduled for February 6, 2020. *See* Dkt. 76.  The parties anticipate filing a joint motion

to extend the deadline for participating in ENE based on the ENE neutral's lack of availability for the currently scheduled ENE session.

### 13. Consent to Magistrate Judge For All Purposes

Niantic consented to a magistrate judge for all purposes. *See* Dkt. 17. Defendants declined to consent to a magistrate judge for all purposes. *See* Dkt. 19.

### 14. Other References

Niantic does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. Defendants believe that Niantic's claims are suitable—and indeed required under Niantic's own Terms of Service—for reference to binding arbitration.

### 15. Narrowing of Issues

The parties agree that they will work together to narrow the issues in this case by stipulating to undisputed facts and exploring ways to expedite the presentation of evidence at trial. Claims and issues for trial may also be narrowed by pretrial motion practice, including motions for summary judgment and motions in limine.

### 16. Expedited Trial Procedure

The parties agree that this case should not be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A. The parties will work together to determine whether elements of the case can be simplified, e.g., through factual stipulations or pretrial motions.

### 17. Scheduling

The Court has set the following case deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10. *See* Dkts. 57, 76.

| EVENT | DEADLINE | DOCKET |
| --- | --- | --- |
| Early Neutral Evaluation complete | February 6, 2020 | 76 |
| Deadline to add parties or amend pleadings | January 24, 2020 | 57 |
| Expert disclosures | June 15, 2020 | 57 |
| Fact discovery cut-off | June 30, 2020 | 57 |

| Expert rebuttal | July 10, 2020 | 57 |
|---|---|---|
| Motions to compel fact discovery | July 15, 2020 | 57 |
| Expert discovery cut-off | August 7, 2020 | 57 |
| Deadline to file dispositive motions | August 19, 2020 | 57 |
| Dispositive motion oppositions due | September 16, 2020 | 57 |
| Dispositive motion replies due | September 30, 2020 | 57 |
| Pretrial conference statement due | December 18, 2020 | 57 |
| Pretrial conference | January 8, 2021 at 2:00 p.m. | 57 |
| Trial | January 25, 2021 at 8:00 a.m. | 57 |
| Estimate of trial length (in days) | Eight | 57 |

**18.    Trial**

This case will be tried by jury and the Court has estimated the length of trial to be eight days. *See* Dkt. 57.

**19.    Disclosure of Non-party Interested Entities or Persons**

Niantic filed its Corporate Disclosure Statement and Certificate of Interested Entities or Persons on June 14, 2019. *See* Dkt. 4. Niantic has no parent corporation. The only person or entity that owns more than 10 percent of Niantic's stock, on a fully-diluted basis, is Google LLC. As of this date, Niantic is unaware of the identity of any other person or entity, other than the named parties, with a financial or other interest that could be substantially affected by the outcome of this proceeding.

**20.    Professional Conduct**

All counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other**

The parties do not presently foresee any other matters which will have any bearing on the instant litigation.

DATED: January 28, 2020

**PERKINS COIE LLP**

By: */s/ Ryan Spear*
      Ryan Spear

Attorneys for Plaintiff Niantic, Inc.

DATED: January 28, 2020

**POLSINELLI LLP**

By: */s/ Fabio E. Marino*
      Fabio E. Marino

Attorneys for Defendants
Ryan Hunt, Alen Hundur, Matthew Johnson, HLP Tech, LLC, and IT Haven Inc.

1
2  I, Ryan Spear, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that the
3  concurrence to the filing of this document has been obtained from each signatory hereto.
4
5  DATED:  January 28, 2020                    By: */s/ Ryan Spear*
                                                    Ryan Spear