FABIO E. MARINO (SBN 183825)
fmarino@polsinelli.com
REBECCA B. HORTON (SBN 308052)
rhorton@polsinelli.com
JOSHUA L. RAYES (SBN 316208)
jrayes@polsinelli.com
POLSINELLI LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
T:  650-461-7700
F:  650-461-7701

Phillip J.R. Zeeck (*Admitted PHV*)
pzeeck@polsinelli.com
POLSINELLI PC
900 West 48th Place, Ste. 900
Kansas City, MO 64112
T:  816-753-1000
F:  816-753-1536

Attorneys for Defendants
RYAN HUNT, ALEN HUNDUR,
MATTHEW JOHNSON, HLP TECH, LLC
and IT HAVEN INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>            Defendants. | Case No. 4:19-cv-03425 JST<br><br>**DEFENDANTS' PARTIAL MOTION TO DISMISS NIANTIC, INC.'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   April 8, 2020<br>Time:  2:00 p.m.<br>Ctrm:  6, 2nd Floor<br>Judge: Honorable Jon S. Tigar |

# NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 8, 2020 at 2:00 p.m., or as soon as the matter may be heard, in the United States District Court for the Northern District of California, Oakland Division, Defendants Ryan Hunt, Matthew Johnson, Alen Hundur, IT Haven Inc. ("IT Haven"), and HLP Tech LLC ("HLP Tech") (collectively, "Defendants"), by their attorneys, will and hereby do move the Court for an Order, partially dismissing, without leave to amend, Plaintiff Niantic, Inc.'s ("Niantic") Amended Complaint for statutory damages and attorneys' fees.

# STATEMENT OF RELIEF SOUGHT

Pursuant to Civil Local Rules 12(b)(6), Defendants respectfully ask this Court to partially dismiss, without leave to amend, Plaintiff's Amended Complaint for statutory damages and attorneys' fees. Niantic seeks statutory damages and attorneys' fees in connection with copyrighted works that were registered neither before the alleged infringement commenced, nor within three months after the works were first published, as required by 17 U.S.C. § 412(2). Thus, Niantic may not recover statutory damages or attorneys' fees in connection with these copyrighted works.

Defendants' motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; all pleadings and papers on file in this action; and such other and further matters as the Court may consider.

Dated: February 28, 2020

Respectfully Submitted,

POLSINELLI LLP

By: */s/ Fabio E. Marino*
Fabio E. Marino

Attorneys for Defendants
RYAN HUNT, ALEN HUNDUR,
MATTHEW JOHNSON, HLP TECH, LLC
and IT HAVEN INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Niantic may not recover statutory damages or attorneys' fees for *Pokemon Go* or for *Ingress* because those works were registered neither before the alleged infringement commenced, nor within three months after the works were first published. Niantic alleges Defendants copied *Pokemon GO*, Version 0.133.0, and *Ingress*, Version 2.11.2. *See* Dkt. 101 (Amended Complaint) at ¶¶ 95-110. Niantic also alleges it "is entitled to recover statutory damages" and attorney's fees for defendants' infringement of its copyrights to *Pokemon GO* and *Ingress*. *See id.* at ¶¶ 112-13. Section 412(2) of the Copyright Act, however, prevents such recovery.

While "a copyright owner may elect to recover statutory damages instead of actual damages," 17 U.S.C. § 412(2) "mandates that, in order to recover statutory damages [or attorneys' fees], the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008).

In the Amended Complaint, Niantic alleges that infringement commenced at least by May 2019. *See* Dkt. 101-1 (Niantic's Exhibits A-F ISO Amended Complaint) at PDF page 34 of 47 (showing the alleged infringement began at least by "May 14, 2019").



The Pokemon *Go* and *Ingress* works, however, were not registered until June 2019, well after infringement is alleged to have commenced. *See* Dkt. 101-1 at PDF pages 43 and 46. Nor were the works registered within three months after they were first published. Niantic alleges that *Ingress*, Version 2.11.2, was first published on November 5, 2018, Dkt. 101, ¶ 91, and

-1-

registered on June 11, 2019. Dkt. 101-1 at PDF page 46 ("Effective Date of Registration: June 11, 2019").

> 91. *Ingress*, Version 2.11.2 is the client code for Version 2.11.2 of Niantic's app for the *Ingress* game, which was released worldwide on November 5, 2018.

> Registration Number
> PA 2-180-185
> Effective Date of Registration:
> June 11, 2019

Similarly, Niantic alleges that *Pokemon GO*, Version 0.133.0, was first published on January 28, 2019, Dkt. 101, ¶ 85, and registered on June 3, 2019. Dkt. 101-1 at PDF page 43 ("Effective Date of Registration: June 03, 2019").

> 85. *Pokémon GO*, Version 0.133.0 is the client code for Version 0.133.0 of Niantic's app for the *Pokémon GO* game, which was released worldwide on January 28, 2019.

> Registration Number
> TX 8-729-533
> Effective Date of Registration:
> June 03, 2019

Thus, each work was published more than three months before registration is alleged to have occurred. Thus, Niantic may not recover statutory damages or attorneys' fees based on the alleged copyright infringement of the *Pokemon Go* Version 0.133.0, or *Ingress*, Version 2.11.2.registered works.

Even if Niantic alleged that Defendants continued to infringe after the works were registered (*i.e.*, after June, 2019), Niantic is not entitled to statutory damages or attorneys' fees for any such acts because "infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." *Derek Andrew*, 528 F.3d at 700-01. In other words, "*the first act of infringement* in a series of ongoing infringements of the

1  same kind marks the commencement of one continuing infringement under § 412." *Id*. at 701.

2  Here, any alleged ongoing infringements were of the same kind as the first alleged acts of
3  infringement. There is no difference between Defendants' alleged pre and post-registration
4  infringements, let alone a legally significant difference. *See id*. ("The mere fact that the hang-tag
5  was attached to new garments made and distributed after [registration] does not transform those
6  distributions into many separate and distinct infringements."); *Mason v. Montgomery Data, Inc.*,
7  967 F.2d 135, 144 (5th Cir. 1992) (concluding that a plaintiff may not recover statutory damages
8  for infringements that commenced after registration if the same defendant commenced an
9  infringement of the same work prior to registration); *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp.
10 728, 736 (S.D.N.Y. 1996) (rejecting argument that each sale of an infringing ticket was a
11 separate act of infringement that commenced after the copyright's registration date); *Parfums
12 Givenchy, Inc. v. C & C Beauty Sales, Inc.*, 832 F. Supp. 1378, 1393-95 (C.D. Cal. 1993)
13 (rejecting argument that, because the defendant had imported and distributed the infringing
14 product on several distinct occasions, each act of importing the product constituted a separate
15 and distinct act of infringement); *Johnson v. Univ. of Va.*, 606 F. Supp. 321, 325 (W.D. Va.
16 1985) (rejecting argument that each time a photograph was copied, a separate copyright
17 infringement was commenced).

18 Even taking Niantic's allegations as true for purposes of this Motion, Defendants are
19 alleged to have engaged in an ongoing series of infringements that commenced with the first
20 publication, which took place, at the latest, on May 14, 2019. Thus, Niantic is not entitled to
21 statutory damages or attorneys' fees under the Copyright Act, and those claims should be
22 dismissed. *See, e.g.*, *Feldhacker v. Homes*, 173 F. Supp. 3d 828, 833-35 (S.D. Iowa 2016)
23 (dismissing claims for statutory damages and attorneys' fees for "all Defendants' alleged acts of
24 infringement . . ., both before and after the copyright was registered"); *Dutch Jackson IATG,
25 LLC v. Basketball Mktg. Co.*, 846 F. Supp. 2d 1044, 1052 (E.D. Mo. 2012) (dismissing claims
26 for statutory damages and attorneys' fees because"infringement 'commences' when the first act
27 of infringement in a series of on-going discrete infringements occurs" and even when "plaintiff
28 attempts to limit its claim of infringement to events that occurred after registration, § 412

prevents the recovery of statutory damages when the infringement commenced before registration of the copyright and continued after registration"); E*mbroidery Library, Inc. v. Sublime Stitching, LLC*, No. CIV 09–2766 JNE/AJB, 2010 WL 330321, at *2 (D. Minn. Jan. 20, 2010) ("[T]he date the alleged infringement of [the] copyrights began is no later than April 2009. The copyright registrations . . . indicate that six of the seven copyrights were registered in May 2009, after the alleged infringement began and more than three months after the dates of first publication of the works.  Accordingly, § 412(2) precludes . . . recover[y] [of] statutory damages or attorney fees for the alleged infringement of those six copyrights.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Niantic's claims for statutory damages and attorneys' fees as to the copyrights for *Pokemon GO* Version 0.133.0, and *Ingress*, Version 2.11.2.

Dated:  February 28, 2020

Respectfully Submitted,

POLSINELLI LLP

By: */s/ Fabio E. Marino*
Fabio E. Marino

Attorneys for Defendants
RYAN HUNT, ALEN HUNDUR,
MATTHEW JOHNSON, HLP TECH, LLC
and IT HAVEN INC.