Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 19-cv-03425-JST<br><br>**JOINT STIPULATION REGARDING NIANTIC, INC.'S ATTORNEYS' FEES AND COSTS UNDER CALIFORNIA'S ANTI-SLAPP STATUTE** |

Pursuant to California Code of Civil Procedure § 425.16(c)(1), Civil Local Rule 7-12, and the Court's Order Granting Niantic's Combined Motion to Dismiss Counterclaims for Failure to State a Claim, Motion to Strike Counterclaims under California Code of Civil Procedure § 425.16 (the "Anti-SLAPP Motion"), and Motion to Strike Defendants' Affirmative Defenses (the "Order") (Dkt. 91), it is hereby stipulated between and among plaintiff Niantic, Inc. ("Niantic") and defendants Ryan Hunt and Alen Hundur ("Defendants") (collectively, the "Parties"), by their respective counsel, as follows:

1. WHEREAS, on January 30, 2020, this Court issued the Order granting Niantic's Anti-SLAPP Motion;

2. WHEREAS, the Order instructed the Parties to "meet and confer regarding Niantic's request for attorney's fees and costs" for prevailing on the Anti-SLAPP Motion, and further ordered that "[a] stipulated proposed order or a motion for that relief is due by February 28, 2020," *id.* at 13;

3. WHEREAS, as required by the Order and by Local Rule 54-5(b)(1), the Parties have met and conferred in order to resolve, without further motion practice, Niantic's entitlement to mandatory attorneys' fees and costs for prevailing on the Anti-SLAPP Motion;

4. WHEREAS, the Parties stipulate that Defendants will pay Niantic a total of $35,000 in order to resolve, without further motion practice, Niantic's entitlement to mandatory attorneys' fees and costs for prevailing on the Anti-SLAPP Motion (the "Joint Stipulation");

5. WHEREAS, Niantic will provide Defendants with the information necessary to effectuate payment, and Defendants agree to submit all necessary paperwork to effectuate payment within twenty (20) days after either (a) approval of this Joint Stipulation by the Court, or (b) Niantic provides Defendants with the information necessary to effectuate the transfer of funds, whichever is later;

6. WHEREAS, the Parties stipulate that the Joint Stipulation is reasonable pursuant to California Code of Civil Procedure § 425.16(c)(1);

- 2 -

7. WHEREAS, the Parties stipulate that the Joint Stipulation does not affect any future claims for costs, expenses, or attorneys' fees that are not associated with Niantic's Anti-SLAPP Motion;

8. WHEREAS, this Joint Stipulation contains the entire agreement between the Parties, and all previous understandings, agreements, and communications prior to the date hereof, whether express, implied, oral or written, relating to the subject matter of this Joint Stipulation, are fully and completely extinguished and superseded by this Joint Stipulation.

9. NOW, THEREFORE, the Parties stipulate as follows:

Defendants shall submit all necessary paperwork to effectuate a transfer of funds in the amount of $35,000 to Niantic within twenty (20) days after (a) approval of this Joint Stipulation by the Court, or (b) Niantic provides Defendants with the information necessary to effectuate the transfer of funds, whichever is later.

IT IS SO STIPULATED.

DATED: February 28, 2020     **PERKINS COIE LLP**

By: */s/ Ryan Spear*
    Ryan Spear

Attorneys for Plaintiff Niantic, Inc.

DATED:  February 28, 2020    **POLSINELLI LLP**

By: */s/ Fabio E. Marino*
    Fabio E. Marino

Attorneys for Defendants Ryan Hunt and Alen Hundur

1   I, Ryan Spear, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: February 28, 2020

By: */s/ Ryan Spear*
Ryan Spear

Attorney for Plaintiff Niantic, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: March 2, 2020

_____
The Honorable Jon S. Tigar
United States District Judge

- 3 -