Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, WA  98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN, INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 19-cv-03425-JST<br><br>**NIANTIC, INC.'S OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS NIANTIC, INC.'S FIRST AMENDED COMPLAINT**<br><br>**Date:** April 29, 2020<br>**Hearing Time:** 2:00 p.m.<br>**Courtroom:** 6, 2nd Floor (Oakland)<br>**Judge:** Hon. Jon S. Tigar |

1

## I.   INTRODUCTION AND BACKGROUND

Defendants Ryan Hunt, Matthew Johnson, Alen Hundur, IT Haven Inc., and HLP Tech, LLC (collectively, "Defendants") have moved to dismiss Niantic's prayer for statutory damages and attorneys' fees under the Copyright Act. *See* Dkt. 106 ("Motion" or "Mot."). Specifically, Defendants argue that they cannot be held liable for statutory damages and fees because Niantic did not register its copyrights in the allegedly infringed works (*Pokémon GO*, Version 0.133.0 and *Ingress*, Version 2.11.2) before Defendants began infringing those works or within three months of the works' first publications. *See id.* at 1-2; *see also* 17 U.S.C. § 412 ("[N]o award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."). The Motion should be denied for three primary reasons.[1]

**First,** Niantic's amended complaint (Dkt. 101) sufficiently alleges that Defendants engaged in *post*-registration infringement that was materially different and legally distinct from Defendants' *pre*-registration infringement. Thus, Niantic may seek statutory damages and fees for Defendants' *post*-registration infringement, notwithstanding § 412 of the Copyright Act. Defendants' Motion therefore fails.

**Second,** at the very least, Defendants' Motion is premature. Defendants argue that "any alleged ongoing infringements were of the same kind as the first alleged acts of infringement." Mot. at 3. As noted above, that is untrue. But in any case, whether there are legally significant differences between Defendants' pre- and post-registration infringement is largely a factual issue, and one that many courts—including this Court—have been reluctant to resolve before substantial discovery has occurred. This case illustrates the wisdom of that approach. Discovery is still in the early stages, and Niantic expects that it will uncover additional facts about

---

[1] The Motion is not brought on behalf of defendant Global++—an unincorporated association of which Defendants are members. *See* Dkt. 55 at 4-6 (holding that "Global++ is an unincorporated association subject to suit"); Dkt. 110 (order granting joint stipulation in which Defendants provisionally stipulate that Hunt's company, IT Haven, and Johnson's company, HLP Tech, are "responsible and controlling members of Global++"). Thus, even if the Court grants the Motion, Niantic's prayer for statutory damages and fees against Global++ would remain.

the differences between Defendants' pre- and post-registration infringement, including the various ways Defendants copied, modified, and distributed multiple versions of Niantic's copyrighted code over time. As a result, even if the Court decides that Niantic has not already alleged legally significant differences between Defendants' pre- and post-registration infringement, it would still be premature and inefficient to address Defendants' argument now, before all the facts about Defendants' misconduct are known.

**Third,** and finally, the Motion should be denied because Defendants could have and should have raised their argument under § 412 of the Copyright Act in their first motion to dismiss, which they filed eight months ago. The Motion is therefore procedurally improper and barred by Federal Rule of Civil Procedure ("Rule") 12(g)(2).

For all these reasons, the Motion should be denied. Alternatively, if the Court grants the Motion, then Niantic respectfully requests leave to amend its complaint to further clarify the facts of which it is presently aware that demonstrate its entitlement to statutory damages and fees.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). A court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-movant. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III.   ARGUMENT

### A.   Niantic Has Alleged Legally Significant Differences Between Defendants' Pre- and Post-Registration Infringement

Section 412 of the Copyright Act provides that "no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. Here, Niantic acknowledges that (1) the copyrights for *Pokémon GO*, Version 0.133.0 and *Ingress*, Version 2.11.2 were registered on June 3, 2019 and June 11, 2019, respectively, *see* Dkt. 101-1, Exs. E-F;

1   (2) the works were registered more than three months after they were first published; and

2   (3) Niantic therefore is not entitled to statutory damages and fees for Defendants' pre-registration

3   infringement. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700 (9th Cir. 2008).

4      As Defendants implicitly concede, however, Niantic may seek statutory damages and fees

5   for Defendants' post-registration infringement if there is a "legally significant difference"

6   between Defendants' pre- and post-registration infringement. *Id.* at 701 (explaining that "*the first*

7   *act of infringement* in a series of ongoing infringements *of the same kind* marks the

8   commencement of one continuing infringement under § 412") (second emphasis added); *see also*

9   Mot. at 3. Niantic's amended complaint alleges precisely that.

10     In particular, Niantic alleges that Defendants engaged in distinct and different acts of

11  infringement each time Defendants infringed new versions of Niantic's code in order to develop

12  and distribute new versions of their Cheating Programs. *See, e.g.*, Dkt. 101 ¶ 13 (alleging that

13  "[o]n many occasions when Niantic has released new versions of its mobile apps, defendants have

14  created and distributed unauthorized derivative versions of Niantic's updated mobile apps"); *id.*

15  ¶ 80 ("Defendants are serial infringers. When Niantic has released new versions of its mobile

16  apps, defendants have circumvented the security measures protecting Niantic's Client Code and

17  released new versions of their Cheating Programs."). More specifically, Niantic has alleged (and

18  established with evidence) that each time Niantic released a new version of the legitimate mobile

19  application for one of its games, Defendants (1) defeated the security measures protecting the new

20  version of Niantic's code within that legitimate app; (2) accessed and copied the new version of

21  Niantic's code; (3) modified the new version of Niantic's code; (4) incorporated the modified

22  code into Defendants' own Cheating Programs; and (5) distributed the modified code within the

23  Cheating Programs. Niantic has also alleged (and established with evidence) that Defendants

24  engaged in those distinct acts of infringement both before and after Niantic registered its works.

25  *See* Dkt. 101 ¶¶ 62-71, 80, 82, 95; *see also, e.g.*, Dkt. 7-2 ¶¶ 15-16, 18, 22-27, 60; Dkt. 39-1 ¶ 13.

26     Those facts are sufficient to show that Defendants engaged in a series of distinct and

27  different acts of infringement targeting multiple versions of Niantic's code, at least some of which

28  occurred post-registration. Indeed, Defendants effectively admitted as much by marketing the

-4-

1    many iterations of their Cheating Programs as distinct and different "versions." *See* Dkt. 101-1,

2    Ex. B at 2, 4. Niantic may therefore seek statutory damages and fees for all such acts that

3    occurred after registration. *See, e.g.*, *Cheever v. Huawei Device USA, Inc.*, No. 4:18-cv-06715-

4    JST, slip op. at 4-6 (N.D. Cal. May 21, 2019) (Tigar, J.) (refusing to dismiss prayer for statutory

5    damages and fees, even though some infringement began before registration, where complaint

6    alleged infringement was "continuing as [defendant] continues to sell and distribute smartphones

7    and tablets featuring [the copyrighted song] as a pre-downloaded sound recording" and plaintiff

8    argued that "new . . . models" of defendants' smartphones and tablets were released after

9    registration) (citation omitted); *Taylor v. Universal Music Grp.*, No. CV 13-06412-RGK (AJWx),

10   2014 WL 12607686, at *4 (C.D. Cal. May 22, 2014) (distinguishing "between ongoing

11   infringement, such as the continued marketing of an infringing work, and 'new' acts of

12   infringement, such as the creation of wholly new derivative works"); *Kwan v. Schlein*, 246 F.R.D.

13   447, 452-53 (S.D.N.Y. 2007) (publication of different editions of an infringing work may mark

14   the "'commencement of [a new] infringement' for purposes of § 412") (alteration in original).[2]

15          In addition, Niantic alleges that *multiple defendants* have infringed Niantic's copyrights at

16   various times. *See, e.g.*, Dkt. 101 ¶ 72 (alleging that both defendant Global++ and defendant

17   AppHaven advertised and distributed the Cheating Programs); *id.* ¶¶ 42-43 (alleging claims

18   against unknown Doe defendants). As discussed below, *see infra* at 6-7, discovery will further

19   reveal which defendants undertook which acts of infringement at which times, as well as the

20   relationships between the defendants—important factual inquiries that will inform whether one

21   defendant's post-registration infringement can be considered a "continuous and ongoing act" of

22   another defendant's pre-registration infringement. *Lixenberg v. BioWorld Merch., Inc.*, No. CV-

23   15-7242-MWF (MRWx), 2016 WL 7469666, at *4 (C.D. Cal. Feb. 1, 2016); *see also Livingston*

24   *v. Art.com, Inc.*, No. 13-cv-03748-JSC, 2014 WL 3404722, at *8 (N.D. Cal. July 11, 2014)

25   ("[D]etermining whether one participant's infringement is in the same line of related copyright

26

27   ---
     [2] The cases on which Defendants rely are inapt. Those cases involved the same repeated act of infringement with only superficial variation—not, as here, distinct acts of infringement that

28   implicated different versions of the copyrighted work. *See, e.g.*, *Derek Andrew*, 528 F.3d at 701; *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996).

OPPOSITION TO PARTIAL MOTION TO DISMISS
Case No. 19-cv-03425-JST

1  violations as other participants' infringements requires an examination of the participants'

2  liability amongst each other."). But even if the Court limits its analysis to the four corners of

3  Niantic's amended complaint, Niantic has already alleged that Defendants' pre- and post-

4  registration infringement was legally distinct. The Motion should be denied.

5         **B.**      **The Motion Is Premature**

6        Even if Niantic has not alleged legally significant differences between Defendants' pre-

7  and post-registration infringement (it has), Defendants' Motion should still be denied.

8        "Whether Defendants' post-registration activities amount to a continuous and ongoing act

9  of the initial infringement is a factual dispute not appropriate for adjudication before the parties

10  have had an opportunity to develop the record." *Lixenberg*, 2016 WL 7469666, at *4.

11  Accordingly, courts are reluctant "to preclude recovery of statutory damages [and fees] as a

12  matter of law before the parties engage in discovery." *Cheever*, slip op. at 6; *see also, e.g.*, *Crytek*

13  *GmbH v. Cloud Imperium Games Corp.*, No. CV 17-8937-DMG (FFMx), 2018 WL 4854652, at

14  *13 (C.D. Cal. Aug. 14, 2018) (similar). Indeed, many courts—including this Court—have denied

15  motions like Defendants' Motion even where the complaints at issue "[did] not specifically assert

16  that the pre- and post-registration infringements are anything other than a series of ongoing

17  infringements." *Cheever*, slip op. at 6; *see also ATPAC, Inc. v. Aptitude Sols., Inc.*, No. CIV.

18  2:10294 WBS KJM, 2010 WL 1779901, at *7 (E.D. Cal. Apr. 29, 2010) (denying motion to

19  dismiss prayer for statutory damages and fees even though "the face of plaintiff's Complaint does

20  not allege [that] any legally different kind of copyright infringement" occurred post-registration).

21        The same reasoning applies here. Discovery is ongoing, and Niantic is confident that

22  discovery will provide further facts—beyond those already alleged—establishing legally

23  significant differences between Defendants' pre- and post-registration infringement. (To give but

24  one example: Defendants have not yet produced any communications about how they developed

25  and distributed the Cheating Programs, even though Niantic served discovery requests seeking

26  those communications many months ago. When Defendants do produce those communications,

27  they are likely to reveal additional information about how Defendants copied, modified, and

28  distributed multiple versions of Niantic's code both before and after registration.) And if

-6-

1   discovery does not reveal those additional facts, then Defendants can renew their attack on

2   Niantic's prayer for statutory damages and fees at that point, when the record is fully developed.

3   *See ATPAC*, 2010 WL 1779901, at *7 (denying motion to dismiss and explaining that "[t]he

4   discovery process will properly determine if or in what ways defendants have continued to violate

5   plaintiff's copyright, and after discovery defendants can renew their motion or raise the issue on

6   summary judgment"). The Motion is therefore premature and should be denied.

7          **C.     The Motion Is Barred by Federal Rule 12(g)**

8          Lastly, Defendants' Motion is barred by Rule 12(g). "[A] party that makes a motion under

9   [Rule 12] must not make another motion under this rule raising a defense or objection that was

10  available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). The filing of

11  an amended complaint does not change that rule when "the allegations of the [amended

12  complaint] do not differ substantially from those of the [earlier complaint]." *Peak Health Ctr. v.*

13  *Dorfman*, No. 19-cv-04145-VKD, 2020 WL 887935, at *5 (N.D. Cal. Feb. 24, 2020).

14         Here, Niantic's amended complaint and Niantic's original complaint allege virtually

15  identical facts regarding infringement of Niantic's works and registration of Niantic's

16  copyrights—the allegations on which the Motion rests. Defendants therefore could have and

17  should have raised their argument under § 412 when they filed their first motion to dismiss about

18  eight months ago. *See* Dkt. 26. Although courts may consider late-filed motions in the interest of

19  judicial economy, *see In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317-20 (9th Cir. 2017),

20  *aff'd sub nom. Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019), Defendants' Motion does not

21  advance that interest because it can only be fairly adjudicated after discovery. *See supra* at 6-7.

22  Accordingly, Rule 12(g) bars the Motion as well.

23                            **IV.     CONCLUSION**

24         Niantic respectfully requests that the Court deny the Motion. Alternatively, if the Court

25  grants the Motion in whole or in part, Niantic requests leave to further amend its complaint.

26  *See, e.g., Hunt v. Olivares*, No. 19-cv-01604-JST, 2019 WL 2106592, at *2 (N.D. Cal. May 14,

27  2019) (leave to amend should be granted even if no request is made unless pleading could not

28  possibly be cured by amendment).

-7-

1

2     DATED:  March 26, 2020                    **PERKINS COIE LLP**

3                                               By:   /s/ Ryan Spear

4                                                     Ryan Spear
                                                      RSpear@perkinscoie.com
5
                                              Attorneys for Plaintiff Niantic, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28