FABIO E. MARINO (SBN 183825)
fmarino@polsinelli.com
REBECCA B. HORTON (SBN 308052)
rhorton@polsinelli.com
JOSHUA L. RAYES (SBN 316208)
jrayes@polsinelli.com
POLSINELLI LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
T:  650-461-7700
F:  650-461-7701

Phillip J.R. Zeeck (*Admitted PHV*)
pzeeck@polsinelli.com
POLSINELLI PC
900 West 48th Place, Ste. 900
Kansas City, MO 64112
T:  816-753-1000
F:  816-753-1536

Attorneys for Defendants
RYAN HUNT, ALEN HUNDUR,
MATTHEW JOHNSON, HLP TECH, LLC,
IT HAVEN INC., and GLOBAL++

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation, | Case No. 4:19-cv-03425 JST |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS NIANTIC, INC.'S FIRST AMENDED COMPLAINT** |
| v. | |
| GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20, | Date:   April 29, 2020<br>Time:   2:00 p.m.<br>Ctrm:   6, 2ND Floor (Oakland)<br>Judge:  Honorable Jon S. Tigar |
| Defendants. | |

## I. THE COURT SHOULD GRANT DEFENDANTS' MOTION

Niantic's Opposition to Defendants' Partial Motion to Dismiss Niantic's First Amended Complaint ("Opposition") concedes, as it must, that Niantic is not entitled to statutory damages or fees for pre-registration infringement.[1]  *See* Dkt. 117 at 4 ("Niantic therefore is not entitled to statutory damages and fees for Defendants' pre-registration infringement.").  The Court should thus grant Defendants' Motion at least with respect to allegations for statutory damages and fees related to pre-registration infringement.

Moreover, in light of the foregoing, the only issue in dispute is whether Niantic's amended complaint sufficiently alleges that Defendants engaged in *post*-registration infringement that was materially different and legally distinct from Defendants' *pre*-registration infringement.  *Id.* at 2.  As Niantic acknowledges, it registered its copyrights for *Pokemon GO*, Version 0.133.0 and *Ingress*, Version 2.11.2 on June 3, 2019 and June 11, 2019, respectively.  *Id.* at 3.  Therefore, putting aside Niantic's insufficient allegations, the only issue in dispute is whether Niantic is entitled to statutory damages and fees for any alleged infringement that occurred between June 3, 2019, and June 14, 2019, of *Pokemon GO*, and for any alleged infringement that occurred between June 11, 2019, and June 14, 2019, of *Ingress*.  It is not.

Niantic's amended complaint fails to sufficiently allege legally significant differences between Defendants' pre- and post-registration infringement, and thus it is not entitled to statutory damages or fees for these few days of alleged post-registration infringement.  The amended complaint lumps all the alleged infringing activities together.  It does not state a single difference between infringement occurring pre- or post-registration.  Indeed, the prefixes "differ," "pre-" and "post-" appear once each in the amended complaint.  *See* Dkt. 84 at 38 ("For pre- and post-judgment interest on the foregoing, as allowed by law"); ("For such other, further and different relief as the Court deems just and proper.").  The allegations are far from sufficient.

---

[1] Niantic argues that even if the Court grants Defendants' Motion, Niantic's prayer for statutory damages and fees against Global++ would remain because the Motion was not brought on behalf of defendant Global++. *See* Dkt. 117 at 2 n.1.  This argument fails and is moot in any event in light of Global++'s Notice of Joinder in Co-Defendants' Partial Motion to Dismiss, filed concurrently herewith.

-1-

DEFTS' REPLY ISO OF PARTIAL
MTD NIANTIC'S FAC
CASE NO. 4:19-cv-03425-JST

Finally, Niantic's argument that Defendants' Motion is barred by Rule 12(g) fails. The amended complaint added new Defendants, including IT Haven, Inc., Matthew Johnson, and HLP Tech, LLC. These Defendants could not have moved to dismiss the original complaint because they were not yet part of the case, and the previously served Defendants are permitted to join the Motion.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Partial Motion to Dismiss Niantic's First Amended Complaint.

Dated:  April 9, 2020

Respectfully Submitted,

POLSINELLI LLP

By: */s/ Fabio E. Marino*
Fabio E. Marino

Attorneys for Defendants
RYAN HUNT, ALEN HUNDUR, MATTHEW JOHNSON, HLP TECH, LLC, IT HAVEN INC., and GLOBAL++