FABIO E. MARINO (SBN 183825)
fmarino@polsinelli.com
REBECCA B. HORTON (SBN 308052)
rhorton@polsinelli.com
JOSHUA L. RAYES (SBN 316208)
jrayes@polsinelli.com
POLSINELLI LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
T:  650-461-7700
F:  650-461-7701

Phillip J.R. Zeeck (*Admitted PHV*)
pzeeck@polsinelli.com
POLSINELLI PC
900 West 48th Place, Ste. 900
Kansas City, MO 64112
T:  816-753-1000
F:  816-753-1536

Attorneys for Defendants
RYAN HUNT, ALEN HUNDUR,
MATTHEW JOHNSON, HLP TECH, LLC,
IT HAVEN INC., and GLOBAL++

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>                              Plaintiff,<br><br>     v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>                              Defendants. | Case No. 4:19-cv-03425 JST<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY**<br><br>Date:   May 13, 2020<br>Time:   2:00 p.m.<br>Ctrm:   6, 2nd Floor<br>Judge:  Honorable Jon S. Tigar |

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on May 13, 2020 at 2:00 p.m. before the Honorable Jon S. Tigar of the United States District Court for the Northern District of California, Oakland Division, located at the Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Oakland, CA 94612, Defendants Ryan Hunt, Alen Hundur, Matthew Johnson, HLP Tech, LLC IT Haven, Inc. and Global++ (collectively the "Moving Defendants"), by and through their attorneys, will and hereby do respectfully move this Court for a thirty-day stay of all proceedings in this case.

This Motion is based upon this notice of motion and motion; the incorporated memorandum of points and authorities, the pleadings and papers on file in this action, and on such other written and oral argument as may be presented to the Court.

## STATEMENT OF RELIEF SOUGHT

The Moving Defendants respectfully request that this Court stay the proceedings in this case for thirty-days.

Dated: April 10, 2020

Respectfully Submitted,

POLSINELLI LLP

By: */s/ Fabio E. Marino*
Fabio E. Marino

Attorneys for Defendants
RYAN HUNT, ALEN HUNDUR, MATTHEW JOHNSON, HLP TECH, LLC, IT HAVEN INC., and GLOBAL++

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Ryan Hunt, Matthew Johnson, Alen Hundur, IT Haven Inc., HLP Tech LLC, and Global++ (collectively, the "Moving Defendants"), move the Court for an Order staying the case for thirty-days because of (1) the hardships caused by the Coronavirus Disease 2019 ("COVID-19"); (2) the ongoing settlement discussions between the parties that have a reasonable likelihood of resolving the case; and (3) the limited financial resources of the Moving Defendants, particularly compared with the resources of Plaintiff Niantic, Inc. ("Niantic").

## I.   INTRODUCTION

The parties are currently engaged in a promising Early Neutral Evaluation ("ENE") and the Moving Defendants' remain confident that the ongoing ENE process will likely result in settlement in the next thirty-days. The parties met in person with the Evaluator shortly before Shelter-In-Place Orders were issued for six Bay Area Counties and the State of California. At the end of the meeting, the parties agreed to continue the process with the assistance of the Evaluator and are currently engaged in active negotiations. As a result, in an effort to minimize expenditure of Court and party resources and to allow the parties to focus on resolving the case, the Moving Defendants suggested that the parties stipulate to a stay of the proceedings for thirty-days, without prejudice to the possibility of a further stay in the event the parties believe they are nearing a settlement. On April 8, 2020, Niantic informed Moving Defendants that it would not stipulate to a thirty-day stay.

In addition to allowing the parties to focus on settling the case, the Moving Defendants believe a limited stay is appropriate in light of the substantial hardships caused by the Coronavirus Disease 2019 ("COVID-19") on both the Moving Defendants and their counsel, as well as the limited financial resources of the Moving Defendants, particularly, compared to Niantic's resources. A thirty-day stay will not prejudice Niantic given that a preliminary injunction is already in place, Niantic has yet to serve several of the newly added Defendants, and, the Moving Defendants are not operating and have not been operating since inception of this lawsuit.

-2-

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO STAY CASE NO.
4:19-cv-03425-JST

## II. ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "Use of this power 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *ASUSTek Computer Inc. v. Ricoh Co., Ltd.*, No. C 07-01942 MHP, 2007 WL 4190689, at *1 (N.D. Cal. Nov. 1, 2007) (quoting *Landis*, 299 U.S. at 254-55). It is within a district court's discretion to grant or deny a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105 (9th Cir. 2005). In determining whether to stay proceedings, courts generally "consider[ ] the following factors: (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party." *Native Songbird Care and Conservation v. Foxx*, No. 13-cv-02265-JST, 2013 WL 5609320, at *3 (N.D. Cal. Oct. 11, 2013). Here, all three factors favor a stay.

### A. Judicial Economy Favors a Stay

Judicial economy clearly favors a stay because the ongoing settlement discussions will likely result in a settlement in the next thirty-days. Further, absent a stay, the Court will likely need to revise the current scheduling order both because of the impact of the COVID-19 pandemic, as well as the fact that Niantic has added Defendants to the case that are yet to be served. *See* Dkt. 57. Thus, in the event the parties are unable to reach a settlement in the next thirty-days, the Court may issue a new scheduling order that accommodates the newly added Defendants and prevents bifurcating the case. In addition, as the Court is undoubtedly aware the impact the COVID-19 pandemic is creating a mounting backlog that will take considerable time to recoup once the situation returns to normal. Staying a case that is likely to settle, such as this case, will help to alleviate that backlog.

### B. Defendants Will Endure Substantial Hardships Absent a Stay

The Moving Defendants shutdown their operations almost immediately after this action was filed, and they have not reopened business since then. Further, on September 26, 2019, the

Court granted Niantic's motion for a preliminary injunction.  Thus, the Moving Defendants have not received any revenue for almost a year and they urgently want to settle this case to stop spending the little money they do have.  Indeed, the limited resources of the Moving Defendants will prevent them from continuing their ongoing negotiations with Niantic following the ENE session while litigating the case in parallel.  By contrast, Niantic is a company valued at $4 billion.  Requiring the Moving Defendants to continue litigating for the next thirty-days while simultaneously continuing to pursue the ongoing settlement discussions will have the perverse effect of making settlement less likely than if the case is stayed.

In addition to the Moving Defendants' lack of revenue and limited financial resources, COVID-19 is inflicting substantial hardship on people around the world, particularly on the economically vulnerable, like the Moving Defendants.  For example, Defendant Matthew Johnson recently lost his grandmother to COVID-19.  More importantly, it will be nearly impossible for the Moving Defendants to seek new employment during the COVID-19 pandemic.  Thus, the hardships to the Moving Defendants further support a stay.

**C.     A Stay Will Not Prejudice Niantic**

As the Court well knows, the Moving Defendants ceased operations even before the Court granted Niantic's motion for a preliminary injunction.  With the preliminary injunction in place, and assuming Niantic succeeds in overcoming the substantial hurdles to proving liability, this case will come down to monetary damages, and thus a stay would not unduly prejudice or tactically disadvantage Niantic.  Even on Niantic's best day in Court, a judgment in Niantic's favor would pale in comparison to Niantic's net worth, and any collection of that judgment (in light of the Moving Defendants' very limited financial resources) would be insignificant to Niantic's bottom line.

Moreover, even if the preliminary injunction were not in place, countless other parties have and continue to engage in "spoofing" and other activities the Moving Defendants are accused of.  To the Moving Defendants' knowledge, Niantic has not taken any actions against those other actors.  Nor should they, given that current widespread shelter in place orders in most

-4-

parts of the world currently make it a crime to play Niantic's games.  Thus, the lack of prejudice to Niantic also supports the limited stay requested.

### III. CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that this Court enter a thirty-day stay of all proceedings in this action.

Dated:  April 10, 2020

Respectfully Submitted,

POLSINELLI LLP

By:  */s/ Fabio E. Marino*
Fabio E. Marino

Attorneys for Defendants
RYAN HUNT, ALEN HUNDUR, MATTHEW JOHNSON, HLP TECH, LLC, IT HAVEN INC., and GLOBAL++