Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>    v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>                    Defendants. | Case No. 19-cv-03425-JST<br><br>**JOINT STIPULATION TO STAY THE CASE**<br><br>**[Civil Rules 6-2 & 7-12]** |

- 1 -

1    Pursuant to Civil Local Rules 6-2(b) and 7-12, it is hereby stipulated between and among
2    plaintiff Niantic, Inc. ("Niantic") and defendants Ryan Hunt, Matthew Johnson, Alen Hundur,
3    IT Haven Inc., HLP Tech LLC, and Global++ ("Defendants") (collectively, the "Parties"), by
4    their respective counsel, as follows:

5    WHEREAS, on April 10, 2020, Defendants filed a motion asking the Court to stay this
6    case for 30 days, *see* Dkt. 120 (the "Stay Motion");

7    WHEREAS, Niantic's response to the Stay Motion is due on Friday, April 24;

8    WHEREAS, in light of the COVID-19 pandemic and the Parties' ongoing efforts to settle
9    this case, the Parties agree that it is appropriate to stay this case for 30 days, subject to the
10   conditions set forth below;

11   WHEREAS, for the sake of efficiency, and to facilitate settlement discussions, the Parties
12   agree that they should be permitted to meet and confer regarding discovery disputes during the
13   pendency of the stay;

14   WHEREAS, the Parties agree that if this case does not settle during the pendency of the
15   stay, then the fact discovery period (which is now scheduled to close on June 30) should be
16   extended by an additional 60 days to avoid prejudice to any Party and to account for scheduling
17   and travel difficulties caused by the COVID-19 pandemic;

18   WHEREAS, in light of the joint stipulations above, the Parties agree that Defendants'
19   Stay Motion is moot; and

20   WHEREAS, pursuant to Local Rule 6-2(a)(2), the following is a list of "all previous time
21   modifications in the case, whether by stipulation or Court order":

22   a.    On July 11, 2019, the August 1, 2019 hearing on Niantic's motion for
23   preliminary injunctive relief was vacated. *See* Dkts. 15, 20.

24   b.    On July 11, 2019, the Initial Case Management conference was rescheduled
25   from September 12, 2019 to September 30, 2019. *See* Dkts. 9, 23.

26   c.    On July 12, 2019, the Parties stipulated to an extension of time, to and including
27   July 17, 2019, for Defendants to respond to Niantic's complaint. *See* Dkt. 24.

28

      d.      On July 18, 2019, the hearing on Niantic's motion for preliminary injunctive relief was continued until August 8, 2019. *See* Dkt. 28.

      e.      On July 19, 2019, the hearing on Niantic's motion for preliminary injunctive relief and Defendants' motion to dismiss was rescheduled from August 22, 2019 to September 4, 2019. *See* Dkts. 26, 30. At that time, the Court also ordered Defendants to file an opposition to Niantic's motion for preliminary injunctive relief by July 31, 2019 and ordered Niantic to file a reply in support of its motion for preliminary injunctive relief by August 7, 2019. *See* Dkts. 7, 30.

      f.      On August 2, 2019, the Parties stipulated to an extension of time, to and including August 14, 2019, for Niantic to file its reply in support of its motion for preliminary injunctive relief. *See* Dkts. 34, 36.

      g.      On August 7, 2019, the hearing on Niantic's motion for preliminary injunctive relief and Defendants' motion to dismiss was rescheduled from August 22, 2019 to September 11, 2019. *See* Dkt. 37.

      h.      On October 10, 2019, the Parties stipulated to an extension of time, to and including October 24, 2019, for Defendants to respond to Niantic's complaint. *See* Dkt. 61.

      i.      On October 25, 2019, the hearing on Defendants' motion to lift the preliminary injunction was rescheduled from December 4, 2019 to December 18, 2019. *See* Dkts. 63, 65.

      j.      On November 5, 2019, pursuant to the Parties' stipulation, the Court extended the deadline for Niantic to file an opposition to Defendants' motion to lift the preliminary injunction from November 7, 2019 to and including November 19, 2019 and extended the deadline for Defendants to file a reply in support of their motion to lift the preliminary injunction from November 14, 2019 to and including December 4, 2019. *See* Dkt. 68. At that time, the Court also rescheduled the hearing date on Defendants' motion to lift the preliminary injunction from December 4, 2019 to January 29, 2020. *See id.*

      k.      On November 18, 2019, the Court rescheduled the hearing on Niantic's combined motion to dismiss and motion to strike from January 22, 2020 to January 29, 2020. *See* Dkts. 69, 70.

l. On November 27, 2019, pursuant to the Parties' stipulation, the Court extended the Early Neutral Evaluation ("ENE") deadline to February 6, 2020. *See* Dkt. 76.

m. On December 4, 2019, pursuant to the Parties' stipulation, the Court extended the deadline for Defendants to respond to Niantic's combined motion to dismiss and motion to strike to December 30, 2019. *See* Dkt. 77.

n. On January 21, 2020, the Court vacated the hearing on Defendants' motion to lift the preliminary injunction. *See* Dkt. 82.

o. On January 29, 2020, the Court extended the ENE deadline to February 14, 2020 and vacated the case management conference that was previously scheduled for February 4, 2020. *See* Dkt. 90.

p. On February 6, 2020, pursuant to the Parties' stipulation, the Court extended the ENE deadline to March 12, 2020. *See* Dkt. 97.

q. On February 7, 2020, the Court granted the Parties' joint proposed scheduling order setting deadlines for Niantic to file a stipulation to file the amended complaint by February 7, 2020, for Defendants to respond to the amended complaint by February 28, 2020, and for Defendants to file a motion to compel arbitration by March 13, 2020. *See* Dkts. 99, 100.

r. On March 10, 2020, the Court granted the Parties' stipulation extending the deadline for Niantic to file an opposition to Defendants' partial motion to dismiss Niantic's amended complaint. *See* Dkt. 114.

s. On March 17, 2020, the Court vacated the hearing on Defendants' partial motion to dismiss Niantic's amended complaint. *See* Dkt. 116.

NOW, THEREFORE, the Parties respectfully request that the Court grant this joint stipulation and order as follows:

1. This case shall be stayed for 30 days, beginning on and including the date that the Court grants the joint stipulation.

2. During the pendency of the stay, the Parties shall be permitted to meet and confer regarding discovery disputes, and no Party shall object to a request to meet and confer regarding discovery disputes on the ground that the case is stayed.

1         3.        The stay shall be lifted automatically and without further order of this Court

2 upon expiration of the stay.

3         4.        If this case is not settled during the pendency of the stay, then the Parties shall

4 submit for the Court's approval a joint proposed modified case schedule (or competing proposed

5 modified case schedules) to govern the case after expiration of the stay. The Parties shall submit a

6 joint proposed modified case schedule (or competing proposed modified case schedules) no later

7 than 10 days before the expiration of the stay.

8         5.        To avoid prejudice to any Party, and to account for scheduling and travel

9 difficulties caused by the COVID-19 pandemic, any proposed modified case schedule submitted

10 by any Party shall provide that the fact discovery period will be extended by an additional 60

11 days. Thus, if the case is not settled during the pendency of the stay, then fact discovery shall

12 resume, and the fact discovery period will run for 60 days plus the number of days remaining in

13 the current fact discovery period at the time the Court grants this joint stipulation, with other

14 discovery and case deadlines to follow.

15         6.        Defendants' Stay Motion is denied as moot.

17         IT IS SO STIPULATED.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: April 22, 2020 | **PERKINS COIE LLP** |
| 3 | | |
| 4 | | By: */s/ Ryan Spear* <br>     Ryan Spear |
| 5 | | Attorneys for Plaintiff Niantic, Inc. |
| 6 | | |
| 7 | DATED:  April 22, 2020 | **POLSINELLI LLP** |
| 8 | | By: */s/ Fabio E. Marino* <br>     Fabio E. Marino |
| 9 | | |
| 10 | | Attorneys for Defendants Ryan Hunt, Matthew Johnson, Alen Hundur, IT Haven Inc., HLP Tech, LLC, and Global++ |

- 6 -

I, Ryan Spear, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: April 22, 2020

By: */s/ Ryan Spear*
    Ryan Spear

Attorney for Plaintiff Niantic, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____      _____
    The Honorable Jon S. Tigar
    United States District Judge