Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>                    Defendants. | Case No. 19-cv-03425-JST<br><br>**JOINT STIPULATION TO EXTEND EXPERT DISCLOSURE DEADLINE**<br><br>**[Civil Rules 6-2 & 7-12]** |

- 1 -

Pursuant to Civil Local Rules 6-2(a) and 7-12, it is hereby stipulated between and among plaintiff Niantic, Inc. ("Niantic") and defendants Ryan Hunt, Matthew Johnson, Alen Hundur, IT Haven Inc., HLP Tech LLC, and Global++ ("Defendants") (collectively, the "Parties"), by their respective counsel, as follows:

WHEREAS, on October 1, 2019, the Court issued an order setting certain case deadlines including an expert disclosure deadline of June 15, 2020, *see* Dkt. 57 (the "Prior Scheduling Order");

WHEREAS, on April 22, 2020, the Parties filed a joint stipulation to stay the case in light of the COVID-19 pandemic and the Parties' ongoing efforts to settle the case, *see* Dkt. 121;

WHEREAS, on April 28, 2020, the Court granted the Parties' stipulation to stay the case and extended various case deadlines, including all deadlines previously set in the Prior Scheduling Order, except for the expert disclosure deadline, *see* Dkt. 122;

WHEREAS, to maintain consistency with other case deadlines, the Parties agree that it is appropriate to set the expert disclosure deadline for August 14, 2020, which would result in approximately the same number of days between the expert disclosure deadline and the fact discovery deadline as in the Prior Scheduling Order;

WHEREAS, extending the expert disclosure deadline as described above would have no effect on the case schedule or other case deadlines;

WHEREAS, pursuant to Local Rule 6-2(a)(2), the following is a list of "all previous time modifications in the case, whether by stipulation or Court order":

a. On July 11, 2019, the August 1, 2019 hearing on Niantic's motion for preliminary injunctive relief was vacated. *See* Dkts. 15, 20.

b. On July 11, 2019, the Initial Case Management conference was rescheduled from September 12, 2019 to September 30, 2019. *See* Dkts. 9, 23.

c. On July 12, 2019, the Parties stipulated to an extension of time, to and including July 17, 2019, for Defendants to respond to Niantic's complaint. *See* Dkt. 24.

d. On July 18, 2019, the hearing on Niantic's motion for preliminary injunctive relief was continued until August 8, 2019. *See* Dkt. 28.


e. On July 19, 2019, the hearing on Niantic's motion for preliminary injunctive relief and Defendants' motion to dismiss was rescheduled from August 22, 2019 to September 4, 2019. *See* Dkts. 26, 30. At that time, the Court also ordered Defendants to file an opposition to Niantic's motion for preliminary injunctive relief by July 31, 2019 and ordered Niantic to file a reply in support of its motion for preliminary injunctive relief by August 7, 2019. *See* Dkts. 7, 30.

f. On August 2, 2019, the Parties stipulated to an extension of time, to and including August 14, 2019, for Niantic to file its reply in support of its motion for preliminary injunctive relief. *See* Dkts. 34, 36.

g. On August 7, 2019, the hearing on Niantic's motion for preliminary injunctive relief and Defendants' motion to dismiss was rescheduled from August 22, 2019 to September 11, 2019. *See* Dkt. 37.

h. On October 10, 2019, the Parties stipulated to an extension of time, to and including October 24, 2019, for Defendants to respond to Niantic's complaint. *See* Dkt. 61.

i. On October 25, 2019, the hearing on Defendants' motion to lift the preliminary injunction was rescheduled from December 4, 2019 to December 18, 2019. *See* Dkts. 63, 65.

j. On November 5, 2019, pursuant to the Parties' stipulation, the Court extended the deadline for Niantic to file an opposition to Defendants' motion to lift the preliminary injunction from November 7, 2019 to and including November 19, 2019 and extended the deadline for Defendants to file a reply in support of their motion to lift the preliminary injunction from November 14, 2019 to and including December 4, 2019. *See* Dkt. 68. At that time, the Court also rescheduled the hearing date on Defendants' motion to lift the preliminary injunction from December 4, 2019 to January 29, 2020. *See id.*

k. On November 18, 2019, the Court rescheduled the hearing on Niantic's combined motion to dismiss and motion to strike from January 22, 2020 to January 29, 2020. *See* Dkts. 69, 70.

l. On November 27, 2019, pursuant to the Parties' stipulation, the Court extended the Early Neutral Evaluation ("ENE") deadline to February 6, 2020. *See* Dkt. 76.

    m.      On December 4, 2019, pursuant to the Parties' stipulation, the Court extended the deadline for Defendants to respond to Niantic's combined motion to dismiss and motion to strike to December 30, 2019. *See* Dkt. 77.

    n.      On January 21, 2020, the Court vacated the hearing on Defendants' motion to lift the preliminary injunction. *See* Dkt. 82.

    o.      On January 29, 2020, the Court extended the ENE deadline to February 14, 2020 and vacated the case management conference that was previously scheduled for February 4, 2020. *See* Dkt. 90.

    p.      On February 6, 2020, pursuant to the Parties' stipulation, the Court extended the ENE deadline to March 12, 2020. *See* Dkt. 97.

    q.      On February 7, 2020, the Court granted the Parties' joint proposed scheduling order setting deadlines for Niantic to file a stipulation to file the amended complaint by February 7, 2020, for Defendants to respond to the amended complaint by February 28, 2020, and for Defendants to file a motion to compel arbitration by March 13, 2020. *See* Dkts. 99, 100.

    r.      On March 10, 2020, the Court granted the Parties' stipulation extending the deadline for Niantic to file an opposition to Defendants' partial motion to dismiss Niantic's amended complaint. *See* Dkt. 114.

    s.      On March 17, 2020, the Court vacated the hearing on Defendants' partial motion to dismiss Niantic's amended complaint. *See* Dkt. 116.

    t.      On April 28, 2020, the Court granted the Parties' stipulation to stay the case and extended certain case deadlines. *See* Dkt. 122.

NOW, THEREFORE, the Parties respectfully request that the Court grant this joint stipulation and order that the deadline for expert disclosures shall be set for August 14, 2020.

IT IS SO STIPULATED.

- 4 -

STIPULATION
Case No. 19-cv-03425-JST

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: May 14, 2020 | **PERKINS COIE LLP** |
| 3 | | |
| 4 | | By: */s/ Ryan Spear* <br>     Ryan Spear |
| 5 | | Attorneys for Plaintiff Niantic, Inc. |
| 6 | | |
| 7 | DATED:  May 14, 2020 | **POLSINELLI LLP** |
| 8 | | By: */s/ Fabio E. Marino* <br>     Fabio E. Marino |
| 9 | | |
| 10 | | Attorneys for Defendants Ryan Hunt, Matthew Johnson, Alen Hundur, IT Haven Inc., HLP Tech, LLC, and Global++ |

I, Ryan Spear, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED:  May 14, 2020

By: */s/ Ryan Spear*
　　　Ryan Spear

Attorney for Plaintiff Niantic, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____    _____
　　　　　　　　　　　　　　　　　　　　The Honorable Jon S. Tigar
　　　　　　　　　　　　　　　　　　　　United States District Judge