Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
Perkins Coie LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL++, an unincorporated association; IT HAVEN INC., a foreign corporation; HLP TECH, LLC, a Missouri limited liability company; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; MATTHEW JOHNSON, an individual; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 19-cv-03425-JST<br><br>**NIANTIC, INC.'S NOTICE OF MOTION AND MOTION TO SERVE DEFENDANTS APPHAVEN AND RAJESHWAR GHODERAO VIA ALTERNATIVE MEANS, OR, ALTERNATIVELY, MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE**<br><br>**Date:** October 7, 2020<br>**Hearing Time:** 2:00 p.m.<br>**Courtroom:** 6, 2nd Floor<br>**Judge:** Hon. Jon S. Tigar |

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff Niantic, Inc. ("Niantic") will and hereby does move the Court for leave to serve defendants AppHaven and Rajeshwar Ghoderao via alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). Alternatively, Niantic will and hereby does move the Court to extend Niantic's deadline to serve defendants AppHaven and Ghoderao up to and including the time required to complete service on AppHaven and Ghoderao using the procedures required by the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters.

Niantic's motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; all pleadings and papers on file in this action; and such other and further matters as the Court may consider.

DATED: August 31, 2020

**PERKINS COIE LLP**

By:   */s/ Ryan Spear*
      Ryan Spear
      RSpear@perkinscoie.com

Attorneys for Plaintiff Niantic, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Niantic's first amended complaint names as defendants AppHaven and Rajeshwar Ghoderao (the "AppHaven Defendants"), among others. *See* Dkt. 101 ¶¶ 39-41, 170-245. AppHaven is an unincorporated association of hackers based in India. *See id*. ¶ 39. Ghoderao is an agent of AppHaven who directs and controls the activities of AppHaven. *See id*. ¶¶ 40-41. The AppHaven Defendants have ignored Niantic's repeated efforts to contact them about this case. Niantic therefore respectfully requests that this Court issue an order authorizing Niantic to serve the AppHaven Defendants by sending email messages attaching all required documents to rajeshwar.ghoderao@gmail.com, rajeshwar@alturacs.in, rajeshwar_n@hotmail.com, aspiresoftware130418@gmail.com, toonsnow.io@gmail.com, sales@alturaapps.com, and maddy.m0101@yahoo.com. That alternative form of service is permitted by Federal Rule of Civil Procedure ("Rule") 4(f)(3) and reasonably calculated to give the AppHaven Defendants fair notice of this lawsuit. Alternatively, if the Court declines to permit alternative service, Niantic respectfully requests that the Court extend Niantic's deadline to serve the AppHaven Defendants up to and including the time required to complete service on the AppHaven Defendants using the procedures prescribed by the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention").[1]

## II. BACKGROUND

Niantic seeks injunctive and monetary relief arising from the AppHaven Defendants' development, advertising, use, and distribution of the Cheating Programs—hacked versions of Niantic's games that allow users to cheat in Niantic's games. As set forth in Niantic's first amended complaint, the AppHaven Defendants distributed the Cheating Programs through a stand-alone mobile application and other online channels. *See* Dkt. 101 ¶¶ 72, 173, 176, 179.

---

[1] As the Court knows, Niantic and the named defendants Global++, IT Haven Inc., HLP Tech, LLC, Ryan Hunt, Matthew Johnson, and Alen Hundur have been diligently discussing a potential resolution of Niantic's claims against those defendants. Those efforts continue and are not affected by this motion, which seeks relief only with respect to the AppHaven Defendants. The AppHaven Defendants have not responded to any of Niantic's efforts to contact them and have not participated in any way in the parties' efforts to resolve this matter.

1   In addition or alternatively, Niantic alleges that the AppHaven Defendants conspired with others to create, distribute, advertise, and profit from the Cheating Programs; knowingly, intentionally, and materially contributed to and induced that unlawful conduct; and/or failed to exercise their right and ability to stop that unlawful conduct. *See id*. ¶¶ 39-40, 185-204.

On October 25, 2019, Niantic issued a third-party subpoena to GoDaddy, a domain name registrar, seeking documents related to the domain names AppHaven.org and AppHaven.me — both of which were used by AppHaven to distribute the Cheating Programs. *See* Declaration of Ellie Chapman ("Chapman Decl.") ¶ 5, Ex. A. Documents produced by GoDaddy in response to Niantic's subpoena show that Ghoderao is the "shopper" (or registrant) for AppHaven.org and AppHaven.me, and that Ghoderao resides at A 14 Bhelke Residency, Pune, in India. *See* Chapman Decl. ¶ 6. In addition, those documents show that Ghoderao uses the email addresses rajeshwar.ghoderao@gmail.com and rajeshwar@alturacs.in. *Id.*

Niantic also issued third-party subpoenas to Google (seeking information related to Ghoderao's use of Google's email service, Gmail) and to PayPal (seeking information related to certain PayPal accounts receiving payments for use of the Cheating Programs). *See id.* ¶¶ 7-10, Exs. B (Google subpoena), C (Google subpoena), D (PayPal subpoena). Documents produced by Google show that Ghoderao uses the following email addresses: rajeshwar_n@hotmail.com, toonsnow.io@gmail.com, sales@alturaapps.com, and maddy.m0101@yahoo.com. *See* Chapman Decl. ¶ 8. Documents produced by PayPal show that Ghoderao used a PayPal account associated with the email address aspiresoftware130418@gmail.com. *See id*. ¶ 10. For purposes of this motion, Niantic refers to the seven email addresses identified above as the "AppHaven Email Addresses."

Shortly after naming AppHaven and Ghoderao as defendants, counsel for Niantic sent an email message to three of the AppHaven Email Addresses (rajeshwar.ghoderao@gmail.com, rajeshwar@alturacs.in, and rajeshwar_n@hotmail.com). *See id*. ¶ 11. At the time, those were the only email addresses associated with the AppHaven Defendants of which Niantic was aware. Niantic's message informed the AppHaven Defendants of this lawsuit and attached a copy of the first amended complaint, the summons issued to Ghoderao and AppHaven, and other papers

- 4 -

1  relevant to this action. *See id*. Niantic's message also attached copies of the Waiver of Service of
2  Summons form and requested that the AppHaven Defendants waive formal service under Rule
3  4(d). *See id*., Exs. E, F, G. The email transmission was successful, that is, Niantic's message did
4  not "bounce back." *See* Chapman Decl. ¶ 12. The AppHaven Defendants never responded to
5  Niantic's message. *See id.*

6  On February 21, 2020, Niantic sent the same documents to the AppHaven Defendants via
7  postal mail (specifically, via Worldwide Expedited UPS). *See id.* ¶ 13. Niantic mailed the
8  documents to the AppHaven Defendants using the physical address obtained from the GoDaddy
9  production. *See id.* A cover letter included with Niantic's mailing informed the AppHaven
10 Defendants of this lawsuit and attached a copy of the first amended complaint, the summons
11 issued to Ghoderao and AppHaven, and other papers relevant to this action. *See id.* Niantic's
12 cover letter also asked the AppHaven Defendants to waive formal service under Rule 4(d). *See id.*

13 On March 3, 2020, Niantic received confirmation from UPS that its mailing had been
14 delivered. *See* Chapman Decl. ¶ 14, Ex. H. That same day, Niantic sent another email message to
15 rajeshwar.ghoderao@gmail.com, rajeshwar@alturacs.in, and rajeshwar_n@hotmail.com asking
16 whether the AppHaven Defendants intended to respond. *See* Chapman Decl. ¶ 14, Ex. I. The
17 email transmission was successful, that is, the message did not "bounce back." *See* Chapman
18 Decl. ¶ 14. The AppHaven Defendants never responded to that email or the mailing. *Id.*

19 Finally, Niantic retained Crowe Foreign Services to complete service on the AppHaven
20 Defendants in India using the procedures dictated by the Hague Convention. *See* Chapman Decl.
21 ¶ 15. That process has been pending for several months and is not yet complete. *See id.*
22 According to Crowe Foreign Services, time frames for completed service in India in accordance
23 with the Hague Convention in the past 2 years have increased to an average of between 8 and 12
24 months, with some taking much longer. *See id.* ¶ 16. The Covid-19 pandemic has created further
25 significant delays from closures and restrictions, causing the Central Authority to limit the
26 services they can provide and further extending service timelines. *See id.*, Exs. J, K.

27
28

### III.  ARGUMENT

**A.  The Court Should Authorize Alternative Service**

### 1.  Alternative Service Is Authorized Under Rule 4(f)(3)

Rule 4(f)(3), governing service in foreign countries, permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). As the Ninth Circuit has explained, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014, 1016 (9th Cir. 2002) (internal citation omitted). Accordingly, courts routinely rely on Rule 4(f)(3) to authorize service via email on defendants in foreign countries, including India. *See SEC v. Nagaicevs*, No. 12-CV-00413-JST, 2013 WL 3730578, at *2 (N.D. Cal. July 12, 2013) (Tigar, J.) (recognizing that "trial courts have authorized a wide variety of alternative methods of service including . . . email" and granting default judgment against foreign defendant after district court properly authorized email service and defendant failed to respond) (alteration in original) (quoting *Rio Props., Inc.*, 284 F.3d at 1016); *see also, e.g., Goes Int'l, AB v. Dodur Ltd.*, No. 14-CV-5666 LB, 2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (authorizing service via email on defendant in China); *Wilens v. Automattic Inc.*, No. C 14-02419 LB, 2015 WL 498745, at *5 (N.D. Cal. Feb. 5, 2015) (authorizing service via email on defendant in Russia); *Shinde v. Nithyananda Found.*, No. EDCV 13-00363-JGB (SPx), 2014 WL 12597121, at *6 (C.D. Cal. Aug. 25, 2014) (authorizing service via email on defendants in India); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (same).

Alternative service under Rule 4(f)(3) is proper if the plaintiff shows that (1) alternative service is not prohibited by international agreement and (2) the proposed method of alternative service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016-17. Both requirements are met here.

### 2.     Service Via Email Is Not Prohibited by International Agreement

Niantic is not aware of any international agreement or other authority prohibiting service by email in India. (India has objected in Article 10 of the Hague Service Convention to international service via "postal channels," but not via electronic means, including email. *See* Chapman Decl. ¶¶ 17-18, Ex. L.) Several courts have reached the same conclusion and authorized service via email on defendants in India. *See, e.g.*, *Shinde*, 2014 WL 12597121, at *7 ("The Court agrees with the numerous courts that have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10 . . . Therefore, service by means of email [on defendants located in India] . . . is not prohibited by international agreement.") (citations and quotations omitted); *FTC v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, at *6 (S.D.N.Y. Mar. 7, 2013) (same); *Williams-Sonoma*, 2007 WL 1140639, at *2 ("[S]ervice via email [on defendant located in India] is not prohibited by an international agreement.").

### 3.     Service Via Email Comports with Due Process

Email service also comports with constitutional notions of due process. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Shinde*, 2014 WL 12597121, at *7 (citation omitted) (quoting *Rio Props.*, 284 F.3d at 1016-17).

Here, Niantic proposes to serve the AppHaven Defendants by sending email messages to the AppHaven Email Addresses. That method of service is reasonably calculated to give the AppHaven Defendants fair notice of the suit. As explained above, documents produced by third parties make clear that the AppHaven Defendants use the AppHaven Email Addresses to conduct their business activities and otherwise communicate, including about issues relevant to this case. Thus, the AppHaven Defendants are likely to receive messages sent to those addresses. *See Liberty Media Holdings, LLC v. March*, No. 10-cv-1809 WQH (BLM), 2011 WL 197838, at *2 (S.D. Cal. Jan. 20, 2011) (serving defendants via their last known valid email address comported with due process). In addition, Niantic has already successfully sent email messages to three of

the AppHaven Email Addresses, further suggesting that service via those addresses would be effective. *See Assef v. Does 1-10*, No. 15-cv-01960-MEJ, 2016 WL 1191683, at *3-4 (N.D. Cal. Mar. 28, 2016) (email service appropriate when prior messages did not "bounce back"). Indeed, because Niantic has already successfully sent messages to the AppHaven Defendants, the AppHaven Defendants are likely already aware of this case. And "[s]ervice by alternative means is all the more reasonable" when defendants "already have knowledge of the lawsuit." *FTC*, 2013 WL 841037, at *5.

In short, the record shows that sending email messages to the AppHaven Defendants via the AppHaven Email Addresses is likely to be an effective means of providing notice of this suit. The Court should therefore authorize Niantic to serve the AppHaven Defendants in that manner. *See Bank Julius Baer & Co. v. Wikileaks*, No. C 08-00824 JSW, 2008 WL 413737, at *2 (N.D. Cal. Feb. 13, 2008) ("Plaintiffs have . . . demonstrated that there are email accounts listed for defendants, which would serve the purposes of ensuring the defendants receive adequate notice of this action and an opportunity to be heard.").

**B.     Alternatively, the Deadline to Serve the AppHaven Defendants Should Be Extended**

If the Court is not inclined to authorize alternative service, then it should at least extend Niantic's deadline to serve the AppHaven Defendants. More specifically, the Court should extend that deadline up to and including the time required to complete service under the Hague Convention. Otherwise, Niantic's rights would be prejudiced because Niantic cannot control the timing of service under the Hague Convention.[2]

**IV.     CONCLUSION**

For the foregoing reasons, Niantic respectfully requests that the Court authorize Niantic to serve the AppHaven Defendants by sending email messages to the AppHaven Email Addresses. Alternatively, Niantic requests that the Court extend the deadline to serve the AppHaven Defendants up to and including the time required to complete service under the Hague Convention.

---

[2] Federal Rule of Civil Procedure 4(m), which imposes a 90-day deadline for serving defendants, "does not apply to service in a foreign country under Rule 4(f)[.]"

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: August 31, 2020 | **PERKINS COIE LLP** |
| 3 | | |
| 4 | | By: */s/ Ryan Spear* |
| 5 | | Ryan Spear<br>RSpear@perkinscoie.com |
| 6 | | Attorneys for Plaintiff Niantic, Inc. |