Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 19-cv-03425-JST<br><br>**DECLARATION OF ELLIE CHAPMAN IN SUPPORT OF MOTION TO SERVE DEFENDANTS APPHAVEN AND RAJESHWAR GHODERAO VIA ALTERNATIVE MEANS, OR, ALTERNATIVELY, MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE** |

## DECLARATION OF ELLIE CHAPMAN

I, Ellie Chapman, declare as follows:

1. I am an attorney licensed to practice in the State of California. I am an associate at the law firm Perkins Coie LLP and am counsel for plaintiff Niantic, Inc. ("Niantic") in this matter.

2. I submit this declaration in support of Niantic's Motion to Serve Defendants AppHaven and Rajeshwar Ghoderao Via Alternative Means, or, Alternatively, Motion for Extension of Time to Complete Service (the "Motion for Alternative Service").

3. I have personal knowledge of the facts stated in this declaration and, if called to testify, could and would testify competently to those facts.

4. All documents attached as exhibits to this declaration are true and correct copies of the original documents.

5. On October 25, 2019, counsel for Niantic issued a third-party subpoena to GoDaddy (a domain name registrar) seeking documents related to the domain names AppHaven.org and AppHaven.me (both of which were used by AppHaven to distribute the Cheating Programs). *See* Ex. A.

6. Documents produced by GoDaddy in response to Niantic's subpoena show that Ghoderao is the registered "shopper" (or registrant) for AppHaven.org and AppHaven.me, and that Ghoderao resides at A 14 Bhelke Residency, Pune, in India. Documents produced by GoDaddy also show that Ghoderao uses the email addresses rajeshwar.ghoderao@gmail.com and rajeshwar@alturacs.in.

7. On January 8, 2019 and June 2, 2020, counsel for Niantic issued third-party subpoenas to Google, seeking information related to Ghoderao's use of Google's email service, Gmail. *See* Exs. B, C.

8. Documents produced by Google show that Ghoderao uses the email addresses rajeshwar_n@hotmail.com, toonsnow.io@gmail.com, sales@alturaapps.com, and maddy.m0101@yahoo.com.

9. On June 16, 2020, counsel for Niantic issued a third-party subpoena to PayPal, seeking information related to certain PayPal accounts receiving payments for use of the Cheating Programs. *See* Ex. D.

10. Documents produced by PayPal show that Ghoderao used a PayPal account associated with the email address aspiresoftware130418@gmail.com.

11. Shortly after naming AppHaven and Ghoderao as defendants, counsel for Niantic sent an email message to rajeshwar.ghoderao@gmail.com, rajeshwar@alturacs.in, and rajeshwar_n@hotmail.com informing Ghoderao and AppHaven of this lawsuit and attached a copy of the first amended complaint, the summons issued to Ghoderao and AppHaven, and other papers relevant to this action. Niantic's email message also attached copies of the Waiver of Service of Summons form and requested that the AppHaven Defendants waive formal service under Federal Rule of Civil Procedure 4(d). *See* Exs. E, F, G.

12. The email transmission was successful, that is, the message did not "bounce back." The AppHaven Defendants never responded to that email message.

13. On February 21, 2020, Niantic sent the same documents to the AppHaven Defendants via postal mail (specifically, via Worldwide Expedited UPS). Niantic mailed the documents to the AppHaven Defendants using the physical address obtained from the GoDaddy production. A cover letter included with Niantic's mailing informed Ghoderao and AppHaven of this lawsuit and attached a copy of the first amended complaint, the summons issued to Ghoderao and AppHaven, and other papers relevant to this action. It also asked the AppHaven Defendants to waive formal service under Rule 4(d).

14. On March 3, 2020, Niantic received confirmation from UPS that its mailing had been delivered. *See* Ex. H. That same day, Niantic sent another email message to rajeshwar.ghoderao@gmail.com, rajeshwar@alturacs.in, and rajeshwar_n@hotmail.com stating that Niantic had received notice that the AppHaven Defendants had accepted delivery of the mailing, and inquiring whether the AppHaven Defendants intended to respond. *See* Ex. I. The email transmission was successful, that is, the message did not "bounce back." The AppHaven Defendants never responded to that email or the mailing.

15. On April 20, 2020, Niantic retained Crowe Foreign Services to effect service on the AppHaven Defendants under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"). That process has been pending for several months and is not yet complete. *See* Exs. J, K.

16. According to Crowe Foreign Services, time frames for completed service in India in accordance with the Hague Convention in the past 2 years have increased to an average of between 8 and 12 months, with some taking much longer. The Covid-19 pandemic has created further significant delays from closures and restrictions, causing the Central Authority to limit the services they can provide and further extending service timelines. *See* Exs. J, K.

**D.  Service Via Email on Defendants Residing in India**

17. India has objected in Article 10 of the Hague Service Convention to international service via "postal channels," but not via electronic means, including email. *See* Ex. L.

18. Counsel for Niantic is not aware of any international agreement or other authority prohibiting service by email in India.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on August 31, 2020, in Seattle, Washington.

*/s/ Ellie Chapman*
Ellie Chapman

- 3 -

CHAPMAN DECLARATION
Case No. 19-cv-03425-JST