# Exhibit K

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

NIANTIC, INC.,

    Plaintiffs,

v.

GLOBAL++, et al,

    Defendants.

Case No. 19-cv-03425-JST

**AFFIDAVIT OF CELESTE INGALLS**

I declare that I, Celeste Ingalls, am a citizen of the United States, over the age of twenty-one, not a party nor an attorney for any party in this action, and state the following:

1. I am employed by Alan H. Crowe & Associates, Inc. dba Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, and I specialize in the service of civil process in foreign countries.

2. The United States and India are both signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Done at the Hague, November 15, 1965, (Hague Service Convention).

3. I have successfully, on a frequent and regular basis for more than 24 years, prepared, signed and forwarded requests for service of process in accordance the Hague Service Convention in India from various United States Federal and State Courts, as well as from courts in Canada and other territories.

4. Since 2003, I have attended all Special Administrative Sessions of the Hague Conference in The Hague, Netherlands, as a private expert. At these sessions, signatory countries are represented by their respective Judicial Authorities to discuss the practical mechanics of, and problems

encountered in dealing with, the Hague Service Convention and the Hague Evidence Convention as they apply to each country's laws and interpretations of the Convention and its obligations.

5. I have participated (at invitation) with the Hague Administration in a "training" session, presided over by the Hague Administration, to provide guidance to a foreign Central Authority and its courts on their practical obligations with respect to service under the provisions of the Hague Service Convention. At this session, it was agreed by the Hague Administration that each signatory country has the discretion to interpret the Convention articles in a way that conforms to their internal law.

6. In accordance with Rule 4 (f)(1), of the Federal Rules of Civil Procedure, service outside the United States shall be subject to the provisions of the Hague Service Convention.

7. India declared at its accession to the Hague Service Convention, that it formally objects to the alternative methods of service outlined in Article 10 of the Hague Service Convention and mandates all service go through the designated Central Authority for India.

8. The Ministry of Law and Justice of India (Central Authority) has been designated as the entity authorized to receive and effect service of civil process in India in accordance with the Hague Service Convention.

9. April 23, 2020, I forwarded the Summons in a Civil Action, Complaint for Damages, with Exhibits A-F, Joint Case Management Statement (Hearing Date Sept. 30, 2019), Scheduling Order, Notice of Appointment of Evaluator, Stipulated Protective Order, with Exhibit A, Joint Case Management Statement (Hearing Date February 4, 2020), Civil Minutes, Order Extending Early Neutral Evaluation Deadline, Order Granting Joint Proposed Scheduling Order, Joint Stipulation Regarding Niantic, Inc.'s Attorneys' Fees, Joint Stipulation Regarding Defendant Global, Stipulation to Extend Briefing Deadlines, Order Vacating Hearing, Standing Order for All Civil Cases, Contents of Joint Case Management Statement, ECF Registration Information, Notice, Consent, and Reference or a Civil Action, Notice of Appearance by Counsel (4), Application for Admission of Attorney (3),, to the Central Authority, to be served upon defendant **AppHaven** in accordance with the Hague Service Convention.

10. No signatory nation is obligated under the Hague Service Convention to provide status on a request for service in its possession and India's Central Authority does not.

1    11.    The Hague Service Convention does not impose an obligatory time frame.

2    12.    My recent experience is that the time frames for completed service in India in accordance with the Hague Service Convention have varied greatly and in the past 2 years have increased to an average of between 8 and 12 months, with some occurring in less time and some taking much longer.  However, it should be noted that the Covid-19 pandemic has created significant delays from closures and restrictions, causing the Central Authority to limit the services they can provide and further extending service timelines. Therefore, at this time an estimate of how long the above service will actually take cannot currently be calculated.

_Celeste Ingalls_ (signature)

SUBSCRIBED AND SWORN to before me this 26th day of August 2020.



OFFICIAL STAMP
KAY LORELLE MARTINEZ
NOTARY PUBLIC-OREGON
COMMISSION NO. 984485
MY COMMISSION EXPIRES FEBRUARY 25, 2023

Notary Public for Oregon