UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIANTIC, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL++, et al.,<br><br>    Defendants. | Case No. 19-cv-03425-JST<br><br>**ORDER DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>Re: ECF No. 106 |

Before the Court is Ryan Hunt's; Alen Hundur's; Matthew Johnson's; HLP Tech LLC's; IT Haven, Inc.'s; and Global++'s ("Moving Defendants") partial motion to dismiss Plaintiff's first amended complaint. ECF No. 106. The Court will deny the motion.

# I.   BACKGROUND

## A.   Factual Background[1]

Plaintiff Niantic, Inc. publishes location-based augmented reality games, including *Harry Potter: Wizards Unite*, *Pokemon GO*, and *Ingress*. ECF No. 101 ¶ 2. "To play Niantic's games, players download and install Niantic's mobile applications ("apps") on their mobile devices. Those apps connect to the Internet and, through the Internet, obtain game-related information from Niantic's servers (e.g., names and locations of nearby characters or features), which is then rendered on the screens of players' mobile devices." *Id.*

Niantic alleges that several "defendants have created, distributed, advertised, and profited from unauthorized derivative versions of Niantic's mobile apps (the "Cheating Programs"), which

---

[1] When ruling on a motion to dismiss, the Court accepts all factual allegations in the complaint as true. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

incorporate substantial portions of Niantic's copyrighted computer code (the "Client Code")."[2] *Id.* ¶ 3. "When defendants' customers download and install the Cheating Programs on their mobile devices, the Cheating Programs allow those customers to access Niantic's computer servers, play Niantic's games, and perform unauthorized actions while playing Niantic's games." *Id.* ¶ 73.

Defendant Global++ is an "unincorporated association of hackers" that allegedly "created, advertised, and profited from the Cheating Programs." *Id.* ¶ 16. Defendant Alen Hundur helps develop, market, and distribute Global++ products. *Id.* ¶¶ 35, 36. Defendant Ryan Hunt is "the primary software designer and engineer responsible for developing and maintaining Global++ code, software, and products, including the Cheating Programs." *Id.* ¶ 20. Hunt is also the chief executive officer and director of Defendant IT Haven, an alleged "instrumentality for Hunt's business and/or other conduct." *Id.* ¶¶ 19, 24.

"Defendant Matthew Johnson is a principal and leader of Global++" and "financed the activities of Global++." *Id.* ¶¶ 25, 27. He "also serves as the chief executive officer, member, organizer, and sole director of defendant HLP Tech, LLC." *Id.* ¶ 26. Defendants Matthew Ragnarson, Mandy Johnson, and Mandy Lombardo are either "agents and/or members of Global++" or "pseudonyms for defendant Matthew Johnson." *Id.* ¶¶ 32, 33.

Defendant AppHaven is another "unincorporated association of hackers that has created, distributed, advertised, and profited from the Cheating Programs." *Id.* ¶ 39. Defendant Rajeshwar Ghoderao is the "principal and leader of AppHaven." *Id.* ¶ 40.

**B.    Procedural Background**

On June 14, 2019, Niantic filed a complaint seeking injunctive and monetary relief against Global++, Ryan Hunt, and Alen Hundur. ECF No. 1. On the same day, Niantic filed a motion for preliminary injunction. ECF No. 7. On July 17, 2020, Hunt and Hundur filed a motion to dismiss the complaint as to defendants Global++, Hunt, and Hundur. ECF No. 26. The Court granted the

---

[2] "[T]he term 'client code' refers to code that users install on their mobile devices when they install apps. Client code is distinguished from 'server code,' which exists on a remote computer server. Niantic's games utilize client code and server code. When players use Niantic's mobile apps on their mobile devices, the client code in Niantic's mobile apps interacts with the server code on Niantic's servers to create the game-playing experience." ECF No. 101 at 2 n.1.

motion for preliminary injunction and denied the motion to dismiss. ECF No. 55. On October 24, 2019, Hunt and Hundur filed a motion to lift the preliminary injunction, which the Court denied. ECF Nos. 63, 89.

Niantic filed its operative first amended complaint ("FAC") on February 7, 2020. ECF No. 101. The FAC adds the following defendants: IT Haven, Matthew Johnson, Matthew Ragnarson, Mandy Johnson, Mandy Lombardo, HLP Tech, AppHaven, and Rajeshwar Ghoderao. *Compare id.* ¶¶ 16-41 *with* ECF No. 1 ¶¶ 18-20. It asserts causes of action for: (1) copyright infringement, 17 U.S.C. § 101, *et seq.*; (2) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (3) violation of the California Comprehensive Computer Access and Fraud Act, Cal. Penal Code § 502; (4) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (5) breach of contract, and (6) intentional interference with contractual relations. ECF No. 101 ¶¶ 94-245. As relevant to this motion, the FAC asserts claims of direct, contributory, and vicarious copyright infringement against Global++, Ryan Hunt, and IT Haven. ECF No. 101 ¶¶ 94-137. It brings claims of contributory and vicarious copyright infringement against HLP Tech, Matthew Johnson, Matthew Ragnarson, Mandy Johnson, and Mandy Lombardo. *Id.* ¶¶ 138-160. Finally, it brings a claim of contributory copyright infringement against Alen Hundur. *Id.* ¶¶ 161-169.

On February 28, 2020, defendants Hunt, Hundur, Johnson, IT Haven, and HLP Tech filed a partial motion to dismiss Niantic's FAC. ECF No. 106. Niantic filed an opposition to the motion on March 26, 2020. ECF No. 117. On April 9, 2020, defendant Global++ filed a notice of joinder in the motion to dismiss,[3] ECF No. 119, and Moving Defendants filed a reply, ECF No. 118.

## II. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[3] At least one court in this district has permitted a co-defendant to file of a notice of joinder in a motion to dismiss after the plaintiff filed its opposition. *See Pasillas v. Deutsche Bank Nat'l Trust Co., et al.*, No. 12-CV-04123-LHK, 2013 WL 5225982, at *2 & n.5 (N.D. Cal. Sept. 17, 2013).

## III. LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy Rule 8 and survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a plaintiff has met this plausibility standard, the court "accept[s] all factual allegations as true and construes the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. DISCUSSION

Moving Defendants argue that "Niantic may not recover statutory damages or attorneys' fees for *Pokemon Go* or for *Ingress* because those works were registered neither before the alleged infringement commenced, nor within three months after the works were first published." ECF No. 106 at 3.; *see Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008) (Section 412(2) of the Copyright Act "mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work."). Niantic responds that Moving Defendants' motion is barred under Federal Rule of Civil Procedure 12(g) "because Defendants could have and should have raised their argument under § 412 of the Copyright Act in their first motion to dismiss." ECF No. 117 at 3. Niantic also asserts that it "may seek statutory damages and fees for Defendants' *post*-registration infringement" because the FAC "sufficiently alleges that Defendants engaged in *post*-registration infringement that was materially different and legally distinct from Defendants' *pre*-registration infringement." *Id.* at 2, 3-7 (emphasis in original). The Court will find that Global++ and Hunt are barred from challenging Niantic's claim of direct copyright infringement and that Niantic has alleged sufficient

4

facts to survive a motion to dismiss.

### A.   Waiver

As a threshold matter, the Court addresses Niantic's argument that the motion to dismiss is barred by Rule 12(g)(2) because Moving Defendants "could have and should have raised their argument under § 412 when they filed their first motion to dismiss about eight months ago." ECF No. 117 at 7. "Rule 12(g)(2) provides that a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6)." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017).

"Under the law of the Ninth Circuit an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Townsend Farms v. Goknur Gida Madderleri Enerji Imalat Ithalat Ihracat Ticaret Ve Sanayi A.S.*, No. SA CV 15-0837-DOC (JCGx), 2016 WL 10570248, at *5 (C.D. Cal. Aug. 17, 2016) (quoting *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)). However, "[t]his statement explains only the status of prior complaints after an amended complaint is filed. The Ninth Circuit has not squarely addressed the issue of whether amending or consolidating a complaint allows an opposing party a second opportunity to file a 12(b)(6) motion, after the objection has initially been waived." *Id.*

This Court follows several others within the Ninth Circuit which have found that "amending or consolidating a complaint does not give defendants a second opportunity to raise waived objections." *Id.* at *6; *Appel v. Boston Nat'l Title Agency, LLC*, No. 18-cv-873-BAS-MDD, 2019 WL 3858888, at *7 (S.D. Cal. Aug. 15, 2019); *see also* 5C Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1388 (3d ed. 2019) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading."). A defendant cannot bring a second motion to dismiss challenging a claim that is "based on substantially the same allegations in the amended complaint and the original complaint." *Appel*, 2019 WL 3858888, at *7. However, "a party is not precluded from making a second motion based on a defense that he or she did not have reasonable notice of at the time that party first filed a motion to dismiss." *See Appel*, 2019 WL 3858888, at *3 (quoting Wright & Miller, at § 1388). Where "changed events"

5

give rise to new "available defenses," a party may move to dismiss a claim based on these new defenses, even if the claim was presented in both the original and amended complaints. *Id.*

Niantic argues that, since Defendants failed to raise their Section 412 argument when moving to dismiss the original complaint, they are now barred from making such an argument in the current motion to dismiss. ECF No. 117 at 7. The Court finds Niantic's waiver argument unpersuasive as to defendants Johnson, IT Haven, and HLP Tech. These defendants were not named in the original complaint. *See* ECF No. 1. Therefore, the Court's consideration of their Section 412 arguments will not give these defendants "a second opportunity to raise waived objections." *See Townsend*, 2016 WL 10570248, at *6.

To asses Niantic's waiver argument with respect to Global++, Hunt, and Hundur, the Court must compare the contents of the original complaint to the FAC and determine whether the copyright claims these parties seek to dismiss are "based on substantially the same allegations in the amended complaint and the original complaint." *Appel*, 2019 WL 3858888, at *7. The original complaint brought a single copyright cause of action against Global++, Hunt, and Hundur, which alleged that these defendants infringed Niantic's copyrights by: (1) "copying all or substantially all" of the client code for *Pokemon Go*, Version 0.1330.0 and *Ingress*, Version 2.11.2, (2) incorporating Niantic's games into their Cheating Programs, and (3) distributing copies of these unauthorized derivative versions of Niantic's games. *Id.* ¶¶ 58-75. The FAC brings separate causes of action for direct, contributory, and vicarious copyright infringement. ECF No. 101 ¶¶ 94-169.

The FAC's first claim for direct infringement, Count One, alleges that Global++ and Hunt have: (1) copied substantial portions of *Pokemon Go*, Version 0.1330.0 and *Ingress*, Version 2.11.2, (2) modified these games to ensure they function in the context of their Cheating Programs, and (3) distributed these Cheating Programs. *See id.* ¶¶ 94-114. Count One also contains substantially similar factual allegations to those asserted in support of the copyright infringement claim in the original complaint. *Compare* ECF No. 101 ¶¶ 94-114 *with* ECF No. 1 ¶¶ 58-75. Because this cause of action is "based on substantially the same allegations in the amended complaint and the original complaint," Global++ and Hunt have waived their

6

opportunity to raise their previously unasserted Section 412 argument in their current motion to dismiss.[4] *See Townsend*, 2016 WL 10570248, at *6 ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in a timely fashion prior to the amendment of the pleading." (citation omitted)).

Counts Two and Six of the FAC assert claims of contributory copyright infringement against Global++, Hunt, and Hundur. ECF No. 101 ¶¶ 115-124, 161-169. The contributory infringement claims rely on several new factual allegations, including allegations that Global++ and Hunt "developed, distributed, and advertised [a] Global++ 'dynamic library,' knowing and specifically intending that the Global++ 'dynamic library' would be used by others (e.g., AppHaven) to infringe Niantic's copyrights." *See id.* ¶¶ 116-120, 162-166. Because Counts Two and Six are new causes of action based on factual allegations absent from the original complaint, Global++, Hunt, and Hundur may bring a second Rule 12(b)(6) motion to object to these claims. *Townsend*, 2016 WL 10570248, at *6 ("[I]f the amended complaint [] contains new matter, the defendant may bring a second motion under Rule 12 to object to the new allegations.") (quoting *Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y. 2003)).

Count Three of the FAC brings a claim of vicarious copyright infringement against Global++ and Hunt. ECF No. 101 ¶¶ 125-137. This claim asserts that Global++ and Hunt "are or have been the owners and operators of websites" which "have been used to distribute the Cheating Programs and enable access to and use of the Cheating Programs by others, including AppHaven." *Id.* ¶ 126. It also alleges that Global++ and Hunt retained the "ability to block access to the Cheating Programs" but "failed to block access . . . and stop the direct infringement of Niantic's copyrights." *Id.* ¶¶ 129, 130. As discussed above, the filing of a prior Rule 12(b)(6) motion does not waive a defendant's opportunity to move to dismiss a new cause of action in an amended complaint. As such, Global++ and Hunt are not barred from moving to dismiss Count Three of the FAC.

---

[4] To be clear, the Court is not taking the position that Global++ and Hunt have waived their Section 412 argument altogether. *See* Fed. R. Civ. P. 12(h)(2); *Brain Life*, 2012 WL 48024, at *2. They have "simply waived the opportunity to make that argument in a Rule 12(b)(6) motion to dismiss." *Id.*

7

In sum, defendants Global++ and Hunt have waived their opportunity to move to dismiss the FAC's claim for direct infringement, but not the newly-added claims for contributory and vicarious infringement. The remaining Moving Defendants may move to dismiss all causes of action asserted against them in the FAC.

### B.   Statutory Damages and Attorney's Fees

Section 412 of the Copyright Act mandates that "no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. The "*first act of infringement* in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008) (emphasis in original). When registration occurs more than three months after publication, courts assess the availability of statutory damages and attorney's fees under the Copyright Act by determining whether there is a "legally significant difference" between the pre- and post-registration infringement. *Id.* (citing *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 144 (5th Cir. 1992) (holding that a plaintiff may not recover statutory damages or fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration); *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (rejecting argument that each sale of an infringing ticket that commenced after the copyright registration date was a separate act of infringement); *Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.*, 832 F. Supp. 1378, 1393-95 (C.D. Cal. 1993) (rejecting argument that each act of importing and distributing infringing product constituted a distinct act of infringement); *Johnson v. Univ. of Va.*, 606 F. Supp. 321, 325 (W.D. Va. 1985) (rejecting argument that each time a photograph was copied, a separate copyright infringement was commenced)).

The parties agree that "the copyrights for *Pokemon GO*, Version 0.133.0 and *Ingress*,

Version 2.11.2 were . . . registered more than three months after they were first published."[5]  ECF No. 106 at 3; ECF No. 117 at 3-4.  Accordingly, Niantic concedes that "it is not entitled to statutory damages for Defendants' pre-registration infringement" of its copyrights for *Pokemon GO*, Version 0.133.0 and *Ingress*, Version 2.11.2.  ECF No. 117 at 4.  Niantic argues, however, that it may seek statutory damages and fees for Moving Defendants' post-registration infringement because "Defendants engaged in a series of distinct and different acts of infringement targeting multiple versions of Niantic's code, at least some of which occurred post-registration."  *Id.*

At the motion to dismiss stage, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).  The FAC alleges that "Defendants are serial infringers" who "have circumvented the security measures protecting Niantic's Client Code and released new versions of their cheating programs" when "Niantic has released new versions of its mobile apps."  ECF No. 101 ¶ 80; *id.* ¶ 13 ("On many occasions when Niantic has released new versions of its mobile apps, defendants have created and distributed unauthorized derivative versions of Niantic's updated mobile apps.").  It also alleges that "Niantic frequently releases updated versions of its mobile apps, in some cases every few weeks."  *Id.* ¶ 13.  Thus, Plaintiffs have alleged a series of infringements.  The FAC does not explicitly allege that this series of infringements stretched past the registration date or that the pre- and post-registration infringements are anything other than a series of ongoing infringements.

"Nonetheless, the Court is not prepared to preclude recovery of statutory damages as a matter of law before the parties engage in discovery on [Niantic's] copyright infringement allegations."  *Cheever v. Huawei USA, Inc., et al.,* No. 18-cv-06715-JST (N.D. Cal. May 21, 2019), ECF No. 24 at 6 (citations omitted); *see Crytek GmbH v. Cloud Imperium Games Corp.*, No. CV 17-8937-DMG (FFMx), 2018 WL 4854652, at *13-14 (holding that although there were no post-registration acts of infringement explicitly alleged in the operative complaint, making it

---

[5] *Pokemon GO*, Version 0.133.0 was released on January 28, 2019 but was not registered until June 3, 2019.  *Id.* at 43.  *Ingress*, Version 2.11.2 was released on November 5, 2018 but was not registered until June 11, 2019.  ECF 101-1 at 46.

unlikely that the plaintiff would ultimately recover statutory damages, the court was reluctant to foreclose that possibility at the pleading stage); *see also Guillot-Vogt Assocs., Inc. v. Holly & Smith*, 848 F. Supp. 682, 690-91 (E.D. La. 1994) (denying motion to dismiss because unresolved issues must be viewed in the light most favorable to the nonmovant at the 12(b)(6) stage, and the plaintiff argued in its opposition that some post-registration infringements were independent). "Whether Defendants' post-registration activities amount to a continuous and ongoing act of the initial infringement is a factual dispute not appropriate for adjudication before the parties have had an opportunity to develop the record." *Lixenberg v. Bioworld Merch., Inc., et al.*, No. CV-15-7242-MWF (MRWx), 2016 WL 7469666, at *4 (C.D. Cal. Feb. 1, 2016) (citing *ATPAC, Inc. v. Aptitude Sols., Inc.*, No. CIV. 2:10294WBSKJM, 2010 WL 1779901, at *7 (E.D. Cal. Apr. 29, 2010)).

At this juncture, the FAC alleges sufficient facts to support a cognizable legal theory for statutory damages and attorney's fees under the Copyright Act. Therefore, the Court denies Moving Defendants' motion to dismiss Niantic's claims for statutory damages and attorney's fees as to its copyrights for *Pokemon GO*, Version 0.133.0 and *Ingress*, Version 2.11.2.

## CONCLUSION

For the foregoing reasons, the Court denies Moving Defendants' partial motion to dismiss Niantic's claims for statutory damages and attorney's fees stemming from the infringement of its copyrights for *Pokemon GO*, Version 0.133.0 and *Ingress*, Version 2.11.2.

**IT IS SO ORDERED.**

Dated: September 2, 2020



JON S. TIGAR
United States District Judge