Counsel listed on signature page

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>    Defendants. | Case No. 4:19-cv-03425 JST<br><br>**NOTICE OF SETTLEMENT-IN-PRINCIPLE AND JOINT STIPULATION TO STAY THE CASE FOR PURPOSES OF FINALIZING SETTLEMENT**<br><br>Judge: Honorable Jon S. Tigar |

1

Plaintiff Niantic, Inc. ("Niantic") and defendants Ryan Hunt, Matthew Johnson, Alen Hundur, IT Haven Inc., HLP Tech LLC, and Global++ ("Defendants") (collectively, the "Parties") submit this notice to inform the Court that the Parties have agreed upon all terms of a comprehensive settlement of this case. The terms of that agreement are set forth in a formal Settlement Agreement negotiated between the Parties with the assistance of the court-appointed Early Neutral Evaluator, Daralyn Durie. Upon execution of the Settlement Agreement, Niantic will voluntarily dismiss all claims against all defendants in this case.

The terms of the Settlement Agreement require the Defendants to collect and produce to Niantic certain information before the Settlement Agreement is executed. Accordingly, the Parties have entered into a further written agreement providing that the Parties covenant and agree to execute the comprehensive Settlement Agreement after the Defendants collect and produce that information.

Because Defendants require a reasonable amount of time to collect and produce the information called for by the Settlement Agreement, and taking into account a Defendant's recent Covid-19 diagnosis and time necessary for recovery, the Parties respectfully request that the Court stay all deadlines in this case for a period of 75 days. A 75-day stay will enable Defendants to collect and produce the required information, not all of which is currently in their possession, and allow the Parties to thereafter finalize and execute the Settlement Agreement. Evaluator Daralyn Durie has authorized the Parties to inform the Court that she supports the requested stay.

For the foregoing reasons, and pursuant to Civil Local Rules 6-2 and 7-12, the Parties hereby stipulate and request that the Court stay all deadlines in this action for 75 days in order to allow Defendants the necessary time to collect and produce the information called for by the Parties' Settlement Agreement.

Pursuant to Local Rule 6-2(a)(2), the following is a list of "all previous time modifications in the case, whether by stipulation or Court order":

    a.    On July 11, 2019, the August 1, 2019 hearing on Niantic's motion for preliminary

injunctive relief was vacated. *See* Dkts. 15, 20.

      b.      On July 11, 2019, the Initial Case Management conference was rescheduled from September 12, 2019 to September 30, 2019. *See* Dkts. 9, 23.

      c.      On July 12, 2019, the Parties stipulated to an extension of time, to and including July 17, 2019, for Defendants to respond to Niantic's complaint. *See* Dkt. 24.

      d.      On July 18, 2019, the hearing on Niantic's motion for preliminary injunctive relief was continued until August 8, 2019. *See* Dkt. 28.

      e.      On July 19, 2019, the hearing on Niantic's motion for preliminary injunctive relief and Defendants' motion to dismiss was rescheduled from August 22, 2019 to September 4, 2019. *See* Dkts. 26, 30. At that time, the Court also ordered Defendants to file an opposition to Niantic's motion for preliminary injunctive relief by July 31, 2019 and ordered Niantic to file a reply in support of its motion for preliminary injunctive relief by August 7, 2019. *See* Dkts. 7, 30.

      f.      On August 2, 2019, the Parties stipulated to an extension of time, to and including August 14, 2019, for Niantic to file its reply in support of its motion for preliminary injunctive relief. *See* Dkts. 34, 36.

      g.      On August 7, 2019, the hearing on Niantic's motion for preliminary injunctive relief and Defendants' motion to dismiss was rescheduled from August 22, 2019 to September 11, 2019. *See* Dkt. 37.

      h.      On October 10, 2019, the Parties stipulated to an extension of time, to and including October 24, 2019, for Defendants to respond to Niantic's complaint. *See* Dkt. 61.

      i.      On October 25, 2019, the hearing on Defendants' motion to lift the preliminary injunction was rescheduled from December 4, 2019 to December 18, 2019. *See* Dkts. 63, 65.

      j.      On November 5, 2019, pursuant to the Parties' stipulation, the Court extended the deadline for Niantic to file an opposition to Defendants' motion to lift the preliminary injunction from November 7, 2019 to and including November 19, 2019 and extended the deadline for Defendants to file a reply in support of their motion to lift the preliminary injunction from

November 14, 2019 to and including December 4, 2019. *See* Dkt. 68. At that time, the Court also rescheduled the hearing date on Defendants' motion to lift the preliminary injunction from December 4, 2019 to January 29, 2020. *See id.*

      k.      On November 18, 2019, the Court rescheduled the hearing on Niantic's combined motion to dismiss and motion to strike from January 22, 2020 to January 29, 2020. *See* Dkts. 69, 70.

      l.      On November 27, 2019, pursuant to the Parties' stipulation, the Court extended the Early Neutral Evaluation ("ENE") deadline to February 6, 2020. *See* Dkt. 76.

      m.      On December 4, 2019, pursuant to the Parties' stipulation, the Court extended the deadline for Defendants to respond to Niantic's combined motion to dismiss and motion to strike to December 30, 2019. *See* Dkt. 77.

      n.      On January 21, 2020, the Court vacated the hearing on Defendants' motion to lift the preliminary injunction. *See* Dkt. 82.

      o.      On January 29, 2020, the Court extended the ENE deadline to February 14, 2020 and vacated the case management conference that was previously scheduled for February 4, 2020. *See* Dkt. 90.

      p.      On February 6, 2020, pursuant to the Parties' stipulation, the Court extended the ENE deadline to March 12, 2020. *See* Dkt. 97.

      q.      On February 7, 2020, the Court granted the Parties' joint proposed scheduling order setting deadlines for Niantic to file a stipulation to file the amended complaint by February 7, 2020, for Defendants to respond to the amended complaint by February 28, 2020, and for Defendants to file a motion to compel arbitration by March 13, 2020. *See* Dkts. 99, 100.

      r.      On March 10, 2020, the Court granted the Parties' stipulation extending the deadline for Niantic to file an opposition to Defendants' partial motion to dismiss Niantic's amended complaint. *See* Dkt. 114.

      s.      On March 17, 2020, the Court vacated the hearing on Defendants' partial motion to dismiss Niantic's amended complaint. *See* Dkt. 116.

  t. On April 28, 2020, the Court granted the Parties' stipulation to stay the case and extended certain case deadlines. *See* Dkt. 122.

  u. On May 18, 2020, the Court granted the Parties' stipulation to extend the expert disclosure deadline. *See* Dkt. 124.

  v. On July 14, 2020, the Court granted the Parties' stipulation to extend case deadlines. *See* Dkt. 127.

  w. On September 15, 2020, the Court granted the Parties' stipulation to extend case deadlines. *See* Dkt. 131.

**NOW, THEREFORE**, the Parties respectfully request that the Court grant this joint stipulation and order that the case shall be stayed for 75 days to enable the Parties to finalize and execute the Settlement Agreement, beginning on and including the date that the Court grants the joint stipulation.

**IT IS SO STIPULATED.**

Dated: October 16, 2020

Respectfully Submitted,

POLSINELLI LLP

By: */s/ Fabio E. Marino*
  Fabio E. Marino

FABIO E. MARINO (SBN 183825)
fmarino@polsinelli.com
REBECCA B. HORTON (SBN 308052)
rhorton@polsinelli.com
JOSHUA L. RAYES (SBN 316208)
jrayes@polsinelli.com
PHILLIP J.R. ZEECK (*Admitted PHV*)
pzeeck@polsinelli.com
POLSINELLI LLP
Three Embarcadero Road, Ste. 2400
San Francisco, CA 94111
T: 650-461-7700
F: 650-461-7701

Attorneys for Defendants
RYAN HUNT, ALEN HUNDUR,
MATTHEW JOHNSON, HLP TECH,
LLC, IT HAVEN INC., and GLOBAL++

Dated: October 16, 2020

Respectfully Submitted,

PERKINS COIE LLP

By: */s/ Ryan Spear*
Ryan Spear

TODD M. HINNEN (*Admitted PHV*)
thinnen@perkinscoie.com
RYAN SPEAR (*Admitted PHV*)
rspear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Ste. 4900
Seattle, WA 98101
T: 206-359-8000
F: 206-359-9000

JULIE E. SCHWARTZ (SBN 260624)
jschwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-838-4300
Fax: 650-838-4350

Attorneys for Plaintiff
NIANTIC, INC.

## [PROPOSED] ORDER

## PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:

_____
HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5.1 and General Order 45, I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request.

Dated:   October 16, 2020

*/s/ Fabio E. Marino*
Fabio E. Marino