Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 19-cv-03425-JST<br><br>**STIPULATION AND [PROPOSED] ORDER ENTERING FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>Judge: Honorable Jon S. Tigar |

# STIPULATION

Plaintiff Niantic, Inc. ("Niantic"), along with defendants Global++, IT Haven Inc., HLP Tech, LLC, Ryan Hunt, Matthew Johnson, and Alen Hundur (the "Global++ Defendants" and, together with Niantic, the "Parties") have agreed to a settlement of their dispute. Accordingly, the Parties jointly stipulate and agree to be bound as follows:

1. This Court has jurisdiction over the Parties and the subject matter of this action, and venue is proper in this Court. The Global++ Defendants consent to the jurisdiction of this Court for the purpose of entry of the Final Judgment and Permanent Injunction, attached as Exhibit A.

2. Niantic publishes location-based augmented reality games that are played on users' mobile devices, including the games titled *Harry Potter: Wizards Unite* ("*Harry Potter*"), *Pokémon GO*, and *Ingress*. To play Niantic's games, players download and install Niantic's mobile applications ("apps") on their mobile devices. Those apps connect to the Internet and, through the Internet, obtain game-related information from Niantic's servers (e.g., names and locations of nearby characters or features), which is then rendered on the screens of players' mobile devices.

3. The Global++ Defendants have created a portion of, distributed, advertised, and profited from unauthorized derivative versions of Niantic's mobile apps (the "Cheating Programs"), which incorporate substantial portions of Niantic's copyrighted computer code without Niantic's permission.

4. Specifically, the Global++ Defendants have created, distributed, advertised, and profited from a program titled *Potter++* (or, in some cases, *Unite++*), which is an unauthorized derivative version of Niantic's mobile app for *Harry Potter*; a program titled *PokeGo++*, which is an unauthorized derivative version of Niantic's mobile app for *Pokémon GO*; and a program titled *Ingress++*, which is an unauthorized derivative version of Niantic's mobile app for Ingress.

5. All the Cheating Programs allow the Global++ Defendants and their customers to perform unauthorized actions while playing Niantic's games, and allowed the Global++

Defendants to scrape Niantic's valuable and proprietary map data. In other words, the Cheating Programs enable cheating.

6. Niantic's games are multiplayer games, meaning that users play in a shared online environment. Thus, the Cheating Programs give the Global++ Defendants and their customers an unfair advantage over other players and undermine the integrity of the gaming experience for other players.

7. The Global++ Defendants profited from their illegal activity by, among other things, selling "subscriptions" and collecting payments for such subscriptions through the Patreon platform (www.patreon.com) and other platforms. Defendants' customers purchased those subscriptions in order to access the unauthorized features within the Cheating Programs, which in turn enabled the Global++ Defendants' customers to cheat within Niantic's games. The Global++ Defendants have sold subscriptions to their Cheating Programs to hundreds of thousands of users.

8. The Global++ Defendants' activities, as described above, have undermined the integrity of the gaming experience for legitimate players of Niantic's games, diminished enthusiasm for Niantic's games and, in some cases, driven players away from Niantic's games altogether. The Global++ Defendants' activities have therefore damaged Niantic's reputation and goodwill and interfered with Niantic's business, and the Global++ Defendants' activities will continue to inflict those harms unless permanently enjoined.

9. The Global++ Defendants' activities, as described above, violate Niantic's rights under the federal Copyright Act, 17 U.S.C. § 101, *et seq*.

10. The Global++ Defendants' activities, as described above, violate Niantic's rights under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

11. The Global++ Defendants' activities, as described above, violate the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502.

12. The Global++ Defendants' activities, as described above, amount to unlawful, unfair, and fraudulent conduct in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

13. The Global++ Defendants' activities, as described above, violate Niantic's Terms of Service, which are available at https://nianticlabs.com/terms/en/, and which form a binding contract between Niantic and the Global++ Defendants. Accordingly, the Global++ Defendants' activities, as described above, amount to a breach of contract.

14. The Global++ Defendants' activities, as described above, amount to intentional interference with Niantic's contractual relations with its customers.

15. Niantic is therefore entitled to the relief set forth in the Final Judgment and Permanent Injunction as a final judgment in this matter.

16. In light of the foregoing, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), Niantic is simultaneously filing a notice of voluntary dismissal of its claims against defendants AppHaven and Rajeshwar Ghoderao.

IT IS SO STIPULATED AND AGREED.

DATED: January 7, 2021                                **PERKINS COIE LLP**

By: */s/ Ryan Spear*
    Ryan Spear

Attorneys for Plaintiff Niantic, Inc.

DATED:  January 7, 2021                              **POLSINELLI LLP**

By: */s/ Fabio E. Marino*
    Fabio E. Marino

Attorneys for Defendants Ryan Hunt,
Matthew Johnson, Alen Hundur,
IT Haven Inc., HLP Tech, LLC, and Global++

I, Ryan Spear, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED:  January 7, 2021                              By: */s/ Ryan Spear*
                                                          Ryan Spear

Attorney for Plaintiff Niantic, Inc.

**[PROPOSED] ORDER ENTERING**
**FINAL JUDGMENT AND PERMANENT INJUNCTION**

Based on the parties' stipulation, and good cause being shown, IT IS SO ORDERED. The Clerk of the Court is directed to enter the Final Judgment and Permanent Injunction, attached as Exhibit A, as the Court's final judgment in this matter. All other existing dates and deadlines in this matter are hereby vacated.

Dated: _____           _____
                                          Hon. Jon S. Tigar
                                          United States District Judge