# EXHIBIT A

Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen (admitted *pro hac vice*)
THinnen@perkinscoie.com
Ryan Spear (admitted *pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff Niantic, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| NIANTIC, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GLOBAL++, an unincorporated association; RYAN HUNT, a.k.a. "ELLIOTROBOT," an individual; IT HAVEN INC., a foreign corporation; MATTHEW JOHNSON, an individual; HLP TECH, LLC, a Missouri limited liability company; MATTHEW RAGNARSON, an individual; MANDY JOHNSON, an individual; MANDY LOMBARDO, an individual; ALEN HUNDUR, a.k.a. "IOS N00B," an individual; APPHAVEN, an unincorporated association; RAJESHWAR GHODERAO, an individual; and DOES 1-20,<br><br>　　　　　Defendants. | Case No. 19-cv-03425-JST<br><br>**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION** |

- 1 -

Based on the parties' stipulation, and good cause being shown, IT IS HEREBY ORDERED AND ADJUDGED:

1. For purposes of this Final Judgment and Permanent Injunction, the following definitions apply:

   a. "Global++ Defendants" means Global++, IT Haven Inc., HLP Tech, LLC, Ryan Hunt, Matthew Johnson, and Alen Hundur.

   b. "Cheating Programs" means all versions of all programs that have been marketed under the names *PokeGo++*, *Ingress++*, and *Unite++* or *Potter++* (or substantially similar names), as well as any other programs developed or maintained by the Global++ Defendants that are intended to be used in conjunction with Niantic's games or Niantic's platform.

   c. "Niantic POI and Spawn Data" means all data about points of interest or spawning locations within Niantic's games, including names, descriptions, photographs, game states, and precise coordinates for those points of interest.

   d. "Niantic Intellectual Property" means any portion of (i) Niantic's mobile games; (ii) Niantic's mobile applications; or (iii) Niantic's source code and object code, including any derivative, decompiled, reverse engineered, adulterated, altered, modified, or revised form or expression of Niantic's source code and object code.

2. FINAL JUDGMENT is entered as follows:

   a. On Count One of Niantic, Inc.'s first amended complaint (Dkt. 101), "Direct Copyright Infringement (17 U.S.C. § 101, *et seq.*)," FINAL JUDGMENT is entered against Global++, Ryan Hunt, and IT Haven Inc.

   b. On Count Two of Niantic, Inc.'s first amended complaint (Dkt. 101), "Contributory Copyright Infringement (17 U.S.C. § 101, *et seq.*)," FINAL JUDGMENT is entered against Global++, Ryan Hunt, and IT Haven Inc.

   c. On Count Three of Niantic, Inc.'s first amended complaint (Dkt. 101), "Vicarious Copyright Infringement (17 U.S.C. § 101, *et seq.*)," FINAL JUDGMENT is entered against Global++, Ryan Hunt, and IT Haven Inc.

   d. On Count Four of Niantic, Inc.'s first amended complaint (Dkt. 101), "Contributory Copyright Infringement (17 U.S.C. § 101, *et seq.*)," FINAL JUDGMENT is entered against Matthew Johnson (a.k.a. Mandy Lombardo, Mandy Johnson, and Matthew Ragnarson) and HLP Tech, LLC.

  e. On Count Five of Niantic, Inc.'s first amended complaint (Dkt. 101), "Vicarious Copyright Infringement (17 U.S.C. § 101, *et seq.*)," FINAL JUDGMENT is entered against Matthew Johnson (a.k.a. Mandy Lombardo, Mandy Johnson, and Matthew Ragnarson) and HLP Tech, LLC.

  f. On Count Six of Niantic, Inc.'s first amended complaint (Dkt. 101), "Contributory Copyright Infringement (17 U.S.C. § 101, *et seq.*)," FINAL JUDGMENT is entered against Alen Hundur.

  g. On Count Ten of Niantic, Inc.'s first amended complaint (Dkt. 101), "Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030)," FINAL JUDGMENT is entered against all the Global++ Defendants.

  h. On Count Eleven of Niantic, Inc.'s first amended complaint (Dkt. 101), "Violation of the California Comprehensive Computer Data Access and Fraud Act (Cal. Penal Code § 502)," FINAL JUDGMENT is entered against all the Global++ Defendants.

  i. On Count Twelve of Niantic, Inc.'s first amended complaint (Dkt. 101), "Violation of California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*)," FINAL JUDGMENT is entered against all the Global++ Defendants.

  j. On Count Thirteen of Niantic, Inc.'s first amended complaint (Dkt. 101), "Breach of Contract," FINAL JUDGMENT is entered against all the Global++ Defendants.

  k. On Count Fourteen of Niantic, Inc.'s first amended complaint (Dkt. 101), "Intentional Interference with Contractual Relations," FINAL JUDGMENT is entered against all the Global++ Defendants.

3. Based on the foregoing, Niantic, Inc. is entitled to recover USD $5,000,000 in monetary damages from the Global++ Defendants.

4. Further, the Global++ Defendants and their officers, agents, servants, employees, attorneys, receivers, trustees, successors, and assigns, along with any other persons involved in the development, distribution, and monetization of the Niantic Cheating Programs, and any other persons or entities acting in active concert or participation with any of the foregoing persons or entities who receive actual notice of this Final Judgment and Permanent Injunction, shall be, and hereby are, immediately and permanently enjoined and restrained from:

    a.    Developing, marketing, distributing, or receiving payment for the Cheating Programs or any substantially similar programs, products, or services, including any programs, products, or services that enable cheating in Niantic's games;

    b.    Developing, marketing, distributing, or receiving payment for programs, products, or services based on or incorporating Niantic POI and Spawn Data or Niantic Intellectual Property;

    c.    Acquiring, copying, or obtaining Niantic Intellectual Property, including through authorized channels (e.g., the Apple Store) and unauthorized channels (e.g., online locations purporting to offer copies of Niantic Intellectual Property without Niantic's express authorization);

    d.    Reverse engineering, decompiling, or disassembling Niantic Intellectual Property;

    e.    Cracking, tweaking, or designing programs that are interoperable with Niantic's games or that are designed or able to interfere in or emulate Niantic's client-server communication protocols;

    f.    Cheating or enabling cheating within Niantic's mobile games in any manner;

    g.    Accessing Niantic's network, computers, and servers, including the computers and servers that enable users to play Niantic's games via Niantic's mobile applications, by any direct or indirect means or method, including but not limited to automatic methods (e.g., "bots," robots, or similar mechanisms) and for any purpose;

    h.    Scraping, indexing, copying, exfiltrating, or otherwise obtaining Niantic POI and Spawn Data from any source and in any manner;

    i.    Selling, leasing, transferring, disclosing, or otherwise using Niantic POI and Spawn Data for any purpose, including but not limited to any personal or commercial purpose;

    j.    Using Niantic Intellectual Property, or other programs, products, services or content provided by Niantic, for any purpose, including but not limited to any personal or commercial purpose;

    k.    Violating Niantic's Terms of Service; and

    l.    Inducing, enabling, supporting, or otherwise assisting any other party in engaging in any such activity.

5.    The Global++ Defendants shall provide notice of this Final Judgment and Permanent Injunction to their officers, agents, servants, and employees, and to all persons who have ever been in active concert or participation with them.

6. Nothing in this Final Judgment and Permanent Injunction precludes Niantic, Inc. from asserting any claims or rights against the Global++ Defendants that arise after the Global++ Defendants' stipulation to this Final Judgment and Permanent Injunction or that are based upon any violation of the Final Judgment and Permanent Injunction or any breach of a provision, representation, or warranty of the parties' settlement agreement.

7. Nothing in this Final Judgment and Permanent Injunction precludes Niantic, Inc. from asserting any claims or rights against any non-party to this lawsuit.

8. The Global++ Defendants waive all objections under Federal Rule of Civil Procedure 65(d) (pertaining to injunctions) with respect to this Final Judgment and Permanent Injunction.

9. This Court shall retain jurisdiction to enforce this Final Judgment and Permanent Injunction and the parties' settlement agreement.

10. The parties shall bear their own attorneys' fees and costs.

IT IS SO ORDERED.

Dated: _____            _____
                                            Hon. Jon S. Tigar
                                            United States District Judge